Jose DeCastro

1258 Franklin Ave.

Santa Monica, CA 90404

2:25-cv-00899-APG-BNW

deletelawz@gmail.com

DATE:



Clerk of the Court

United States District Court

District of Nevada

333 Las Vegas Blvd. South

Las Vegas, NV 89101

Re: DeCastro v. Clark County, et al.

Case No. [To be assigned]

To the Honorable Judge of the Court:

I am filing this federal civil rights lawsuit because every level of the justice system in Clark County failed. What happened to me was not an isolated incident; it was a pattern of coordinated constitutional violations carried out by law enforcement, courtroom personnel, prosecutors, and judges. This letter outlines, step by step, why I had no choice but to bring this federal action.

1. I was arrested in retaliation for filming the police.

As a First Amendment journalist and educator, I document police conduct in public spaces. My channel had over 40 million views per month, and much of that content exposed unlawful or aggressive behavior by LVMPD officers. The officer who arrested me, Branden Bourque, did so not because of a legitimate legal violation, but because he didn't like being filmed. I was arrested for protected activity.

2. Judge Zimmerman revealed bias at the pretrial stage.

During a pretrial scheduling hearing, Officer Bourque requested the trial be set for Mondays and Fridays. I replied that Tuesdays, Wednesdays, or Thursdays would be better due to regular interstate travel. Before I could explain further, Judge Zimmerman cut me off with, "Too bad." That immediate dismissal of a valid logistical request showed early hostility.

3. She refused to recuse herself after a personal conflict and a prejudicial incident.

Before trial began, I was seated in the courtroom conversing quietly with three supporters. We were assembling in a public courtroom for a lawful purpose: to prepare for trial. A bailiff interrupted us, claimed I was not "sitting properly," and ordered me to face forward. I asked what law I was violating; he could not answer. He then left the courtroom and reported the encounter to Judge Zimmerman before any evidence had been heard. That ex parte communication prejudiced her before trial even began. In response to the bailiff's violation of my right to assemble and his role in shaping judicial perception behind closed doors, I called him a "pig." That comment wasn't name-calling — it was a reaction to his abuse of power. Zimmerman knew the context, and still refused to recuse herself.

4. The judge then ordered my phones confiscated without justification.

Following the argument with the bailiff, and after the ex parte communication, Judge Zimmerman ordered that my phones be confiscated. I had passed through court security. There was no credible justification, no exigent circumstance, and no legal basis.

5. Officer Bourque lied on the stand, and the court accepted the lie.

During trial, Officer Bourque falsely claimed I did not comply with commands. Video and photographic evidence shows that I did. Still, Judge Zimmerman accepted the false narrative, citing an imaginary "21-foot rule" to justify the arrest. That rule has no legal basis. The failed HOLO law in Florida made national news for attempting to impose a similar unconstitutional buffer zone. Any judge following constitutional developments would know this. Zimmerman either lacked basic legal competency, or she acted with malicious intent.

6. I received the harshest sentence Zimmerman had ever issued for obstruction.

Despite obstruction of a public officer under NRS 197.190 rarely resulting in jail time, Zimmerman sentenced me to six months — the maximum. Public court records confirm she had never sentenced anyone else to jail for this offense.

7. The prosecutor reversed her position under pressure.

Initially, Deputy District Attorney Agnes Botelho recommended a suspended sentence with a fine. At the appeal bond hearing, she reversed course and argued that I should remain incarcerated. No new facts justified the change.

8. Zimmerman denied a fair appeal bond hearing.

When I returned to court one week after sentencing, I was entitled to a full hearing on whether I could be released pending appeal. Instead, Zimmerman ignored the legal standard. She said I wasn't sorry. She pointed to my videos. She said I was disrespectful. She never evaluated the legal merits of granting bond.

9. Judge Leavitt denied me due process entirely.

Two weeks later, the case went to Judge Michelle Leavitt. She did not schedule or hold an appeal bond hearing. There was no record, no explanation, and no ruling. I remained incarcerated for weeks without a hearing. I respect that she eventually reversed my conviction, but that does not undo the fact that she skipped the most critical safeguard of all: the right to be heard when I was jailed.

10. My Sixth Amendment right was violated.

My supporters arrived at court 15 minutes before my appeal bond hearing. A bailiff told them it had already happened. That was false. I have sworn declarations from those witnesses. If the court wishes to justify this by citing threats, let them present evidence. No threat was ever documented. And even if there were concerns, due process is not optional. Even Guantánamo detainees receive due process. See Boumediene v. Bush, 553 U.S. 723 (2008).

This case is about what happens when the government acts as a shield for itself instead of the law. The facts are not speculative. They are documented. Each actor had the opportunity to uphold the Constitution — and chose not to.

Respectfully,

/s/ Jose DeCastro

Jose DeCastro

Plaintiff, Pro Se