Motion for Extension of Time to Serve

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jose DeCastro,
Plaintiff,

v.
Clark County, et al.,
Defendants.



Case No. 2:25-cv-00899

## Motion for Extension of Time to Complete Service of Process

### Introduction and Relief Requested

Plaintiff, Jose DeCastro, respectfully moves this Court for a sixty (60) day extension of time to complete service of process on all defendants pursuant to Federal Rule of Civil Procedure 4(m). This motion is made in good faith and for good cause, as Plaintiff has faced extraordinary medical, financial, and procedural hardships directly resulting from wrongful incarceration. Plaintiff seeks this extension to ensure that all defendants are properly served and that the interests of justice are preserved.

### Statement of Facts

This civil rights action was filed on May 21, 2025 under 42 U.S.C. § 1983. Plaintiff alleges constitutional violations arising from retaliatory prosecution and misconduct by Clark County officials, judges, prosecutors, and law enforcement officers. The case involves eight defendants: Clark County and seven individual officials across multiple agencies and capacities.

Plaintiff was wrongfully incarcerated for four months, as detailed in the Complaint. As a direct result of this unlawful detention, Plaintiff suffered severe PTSD and persistent brain fog, which rendered him unable to function normally or organize complex legal tasks. These debilitating symptoms only began to subside around the time this lawsuit was filed, meaning Plaintiff's cognitive capacity was severely impaired throughout most of the period when service should have been completed.

The wrongful incarceration also decimated Plaintiff's online business, reducing YouTube viewership from over 40 million monthly views to under 2 million, and causing a revenue decline of over 90%. This financial devastation left Plaintiff with extremely limited resources to pursue this litigation and effect proper service.

Only recently has Plaintiff's medical condition improved sufficiently to allow him to function normally and take the necessary legal steps. Since regaining this capacity, Plaintiff has filed this

lawsuit and is now prepared to diligently pursue all required actions, including service of process.

Service in this case is procedurally complex, as it involves multiple defendants requiring different service procedures: Clark County (service through designated county agents), individual judges (potentially through judicial administration), law enforcement officers and prosecutors (personal service), and John Doe defendants (requiring FOIA/public records requests to identify). The delay in completing service was due to circumstances beyond Plaintiff's control, not willful neglect or dilatory tactics, and Plaintiff is now able to proceed diligently.

**Legal Argument**

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court must either dismiss the action without prejudice or order that service be made within a specified time. However, the rule further requires that the court extend the time for service if the plaintiff shows good cause for the failure. Under Rule 4(m), service was due by approximately August 19, 2025, but Plaintiff's medical condition prevented compliance with this deadline.

Courts have consistently recognized that good cause under Rule 4(m) includes circumstances beyond the plaintiff's control, such as medical incapacity, financial hardship, and procedural complexity. In Henderson v. United States, 517 U.S. 654, 662 (1996), the Supreme Court acknowledged the excusable neglect standard and the broad discretion of district courts to extend time for service. Similarly, in Habib v. General Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994), the court held that medical incapacity constitutes good cause for extension under Rule 4(m).

Courts have consistently held that medical incapacity constitutes good cause, particularly when the condition directly results from the defendants' alleged wrongdoing.

Here, Plaintiff's delay in completing service was directly caused by severe PTSD and persistent brain fog resulting from wrongful incarceration, as well as financial devastation that left Plaintiff without adequate resources to pursue complex service requirements. These hardships were not the result of willful neglect or dilatory tactics, but rather circumstances directly attributable to the defendants' alleged misconduct. Plaintiff's medical condition only recently improved, enabling him to function normally and take the necessary legal steps to move this case forward.

Additionally, the complexity of serving eight defendants across multiple agencies and capacities—including Clark County, judicial officers, prosecutors, law enforcement officers, and John Doe defendants—further supports a finding of good cause. Courts routinely grant extensions to pro se litigants facing such challenges, especially when the case involves multiple parties and procedural hurdles.

No prejudice will result to the defendants from granting this extension. The case is at an early stage, no defendant has yet appeared, and Plaintiff is now prepared to act diligently to complete service. The interests of justice are best served by allowing Plaintiff the additional time necessary to effect proper service and ensure that all parties are before the Court.

**Immediate Steps and Intent**

Upon the granting of this extension, Plaintiff will immediately take the following steps:

- File the necessary FOIA and public records requests to identify proper service addresses for all defendants, including John Doe parties.
- Obtain current addresses for individual defendants and confirm service procedures for each defendant type.
- Update all contact information as required for service and court communications.
- Arrange for proper service through the appropriate channels for each defendant.
- Complete service within the extended 60-day period.

Plaintiff's recent recovery from medical incapacity now enables him to proceed diligently and fulfill all procedural requirements.

**Change of Email Address and Consent to Electronic Service**

Plaintiff respectfully notifies the Court and all parties that he is transitioning his primary email address for service and communication in this matter to chille@situationcreator.com. This change is being made for technical and administrative reasons, including improved reliability and management of legal correspondence. Plaintiff requests that all future communications and service be directed to this updated email address.

Pursuant to the Court's General Order 2023-04, Plaintiff hereby consents to receive electronic notices of filing and/or delivery of documents by email at chille@situationcreator.com. Plaintiff acknowledges that electronic service at this email address will constitute valid service for all purposes in this matter.

**Conclusion and Prayer for Relief**

For the foregoing reasons, Plaintiff respectfully requests that the Court find good cause under Rule 4(m) and grant a sixty (60) day extension of time to complete service of process on all defendants. Plaintiff further requests that the Court enter the proposed order submitted herewith, setting a new deadline for service and recognizing the updated email address for service and communication.

Dated: August 17, 2025

Respectfully submitted,

Jose DeCastro/s
1258 Franklin
Santa Monica, CA 90404
chille@situationcreator.com
Plaintiff, Pro Se

**Proposed Order**

IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Time to Complete Service of Process is GRANTED. Plaintiff shall have until October 18, 2025 to serve all defendants in this action.

DATED: _____
Andrew P. Gordon
Chief United States District Judge