1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

\* \* \*

7

Jose DeCastro,                                    Case No. 2:25-cv-00899-APG-BNW

8
                    Plaintiff,
                                                      **ORDER**
9
          v.

10

Clark County, NV et. al
                              Defendants.

11
12
13

     Before the Court is plaintiff Jose DeCastro's motion to extend the time for service. ECF
No. 9. Because DeCastro has shown that his failure to serve Defendants by the deadline was due
to excusable neglect, the Court exercises its discretion to grant DeCastro's motion and extend the
service deadline by 60 days. *See* Fed. R. Civ. P 4(m).

14
15
16

**I.      Background.**

17

     DeCastro filed his complaint in May 2025.  ECF No. 1.  In June 2025, DeCastro submitted
a First Amended Complaint, with proof of service due by September 25, 2025. ECF No. 7.
DeCastro filed the instant motion on August 19, 2025. ECF No. 9.

18
19
20

**II.     Discussion.**

21

     Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is
filed." FED. R. CIV. P. 4(m).  Rule 4(m) requires a two-step analysis to determine whether to
extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  At the first step,
the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United
States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  At the second step, the Court "may" extend the time
for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

22
23
24
25
26
27
28

Courts must determine good cause on a case-by-case basis. *Id.* Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted). To determine whether excusable neglect rises to the level of good cause, the Court must analyze whether: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512.

Here, at step one, this Court first considers Plaintiff's diligence. DeCastro does not indicate that he had taken any steps prior to his request for extension of service, but only offers steps he will take to effectuate service if this motion is granted. ECF No. 9 at 3. Although DeCastro has not shown diligence, this Court must also consider the *Sheehan* factors.

The first *Sheehan* factor weighs against good cause because the record does not show that Defendants received actual notice of the lawsuit. Still, the lawsuit has not advanced past the pleading stage, so this Court finds that the second factor weighs in favor of good cause because Defendants will not be prejudiced by the extension. The third *Sheehan* factor, however, weighs against DeCastro because he does not address the prejudice he would suffer if this Court declined to enlarge the time for service. Given that DeCastro has not shown diligence and two of the three *Sheehan* factors weigh against DeCastro, this Court declines to find that DeCastro has established good cause for an extension. Thus, this Court turns to step two.

At step two, the Court considers whether Plaintiff's failure to timely serve defendants was due to excusable neglect. The Ninth Circuit has declined to articulate a specific test that a court must apply under the discretionary component of Rule 4(m). *In re Sheehan*, 253 F.3d at 513. Instead, the Ninth Circuit has emphasized that the Court's discretion at the second step is broad. *Id.* However, other courts have allowed the following factors to guide their discretion under Rule 4(m): (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Trueman v. Johnson*, 2011 WL 6721327, at *5 (D. Ariz. 2011).

1    First, as discussed above, there is negligible prejudice to Defendants, so this factor weighs

2 in favor of an extension. Second, there will be little delay because DeCastro requests an extension

3 of 60 days, which is unlikely to have substantial impact given that he filed his complaint three

4 months ago. ECF No. 1. Third, DeCastro explained that the delay was due to his medical

5 condition following his four-month incarceration, financial constraints, and the complexity of

6 serving the numerous defendants in the case. ECF No. 9 at 2. Finally, DeCastro moved quickly to

7 extend the time for service, over a month before the September 25 deadline for proof of service.

8 ECF Nos. 7 and 9. Because all four factors weigh in favor of DeCastro, this Court will exercise its

9 broad discretion and extend the time for service for an additional 60 days from the time of

10 DeCastro's motion to because he has established excusable neglect.

11 **III.    Conclusion.**

12    IT IS THEREFORE ORDERED that DeCastro's motion to extend the time for service (ECF

13 No. 9) is GRANTED.  Service upon defendants must be complete by October 20, 2025.

14    DATED: August 22, 2025.

15

16 _____

17 BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28