UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA



Jose DeCastro,

      Plaintiff,


v.             Case No. 2:25-cv-00899-APG-BNW


Clark County, et al.,

      Defendants.


EMERGENCY MOTION FOR SECOND EXTENSION OF TIME TO COMPLETE SERVICE
OF PROCESS AND TO COMPEL DISCLOSURE OF BAILIFF IDENTITIES


COMES NOW Plaintiff Jose DeCastro, pro se, and respectfully moves this Court
pursuant to Federal Rule of Civil Procedure 4(m) for a second extension of time
to complete service of process, and pursuant to this Court's inherent authority
and the Nevada Public Records Act (NRS 239.010 et seq.) to compel Clark County
and the Eighth Judicial District Court to disclose the identities of the John
Doe bailiff defendants. This motion is made and based upon the following
memorandum of points and authorities, the declarations and exhibits attached
hereto, and the records and files in this case.

1

I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff seeks a 60-day extension of the service deadline and an order compelling Clark County and the Eighth Judicial District Court Administration to immediately disclose the names, badge numbers, and identifying information of the bailiffs assigned to Judge Ann Zimmerman's courtroom on March 19, 2024 and April 1, 2024.

This motion is made in good faith and with good cause. Plaintiff timely filed public records requests on October 1, 2025—seventeen (17) days before the Court-ordered service deadline of October 18, 2025—to identify the John Doe bailiff defendants. Despite Nevada law requiring a response within five business days, Clark County has failed and refused to respond to these legally mandated requests for nearly thirty (30) days. Plaintiff cannot serve defendants he cannot identify, and this failure is entirely beyond Plaintiff's control.

Additionally, Plaintiff has been unable to access the Court's CM/ECF electronic filing system despite multiple attempts to obtain access. Plaintiff is working to resolve this technical issue and expects to have ECF access restored by next week. This additional procedural obstacle, combined with the government's refusal to respond to public records requests, has prevented timely completion of service through no fault of Plaintiff's own.

II. PROCEDURAL HISTORY AND TIMELINE

1. May 21, 2025: Original Complaint filed against eight defendants, including two John Doe bailiffs.

2. May 22, 2025: Consent for Electronic Service filed.

3. August 17, 2025: First Motion for Extension of Time filed, citing medical incapacity and financial hardship resulting from wrongful incarceration.

4. [Date]: Court granted first extension, setting service deadline of October 18, 2025.

5. October 1, 2025: Plaintiff filed two Nevada Public Records Act requests with the Eighth Judicial District Court seeking:
  a. Full names, titles, and badge/ID numbers of bailiffs assigned to Judge Zimmerman's courtroom on March 19, 2024 (the bailiff who physically removed Plaintiff's phone during trial); and
  b. Full names, titles, and badge/ID numbers of bailiffs assigned to Judge Zimmerman's courtroom on April 1, 2024 (the bailiff who denied public entrance to Plaintiff's appeal bond hearing).

6. October 1, 2025 - October 30, 2025: No response received from Clark County or Eighth Judicial District Court Administration despite multiple follow-up attempts.

3

7. October 18, 2025: Service deadline passed. Plaintiff unable to serve John Doe bailiff defendants due to non-response to public records requests.

8. October 30, 2025: This motion filed by mail due to ongoing ECF access issues.

III. STATEMENT OF FACTS

A. Background of This Action

This civil rights action arises from retaliatory prosecution and constitutional violations by Clark County officials, including two unidentified bailiffs who engaged in the following conduct:

1. Bailiff John Doe #1 (March 19, 2024): During Plaintiff's criminal trial in State of Nevada v. Jose De Castro, Case No. 23CR-013015, this bailiff physically removed Plaintiff's phone from his possession during the proceeding, allegedly at Judge Zimmerman's direction, thereby interfering with Plaintiff's ability to document the proceedings and potentially violating his First Amendment rights.

2. Bailiff John Doe #2 (April 1, 2024): During Plaintiff's appeal bond hearing, this bailiff stood at the courtroom door and falsely told members of the public that the hearing had already concluded, thereby denying them entrance and preventing public observation of the proceedings, in violation of the public trial right and First Amendment.

B. Plaintiff's Diligent Efforts to Identify Defendants

Plaintiff has acted with diligence throughout this matter:

1. Upon regaining cognitive capacity after the medical issues described in the first extension motion, Plaintiff immediately began working to identify the John Doe defendants.

2. On October 1, 2025—seventeen days before the October 18, 2025 service deadline—Plaintiff submitted comprehensive Nevada Public Records Act requests to the Eighth Judicial District Court Administration (Exhibits A and B attached hereto).

3. These requests specifically identified:
   - The relevant dates (March 19, 2024 and April 1, 2024)
   - The specific courtroom (Judge Zimmerman's courtroom)
   - The case number (23CR-013015)
   - The specific bailiffs' conduct being investigated
   - The specific records sought (names, titles, badge/ID numbers, daily assignment sheets, duty rosters)

4. Plaintiff requested electronic delivery to expedite the process.

5. Plaintiff made multiple follow-up attempts via email and telephone to obtain responses.

6. As of October 30, 2025—nearly 30 days after the requests were submitted—Plaintiff has received no response, no acknowledgment, and no records from Clark County or the Eighth Judicial District Court.

## C. Nevada Public Records Act Violation

Nevada Revised Statutes Section 239.0107 requires governmental entities to respond to public records requests within five (5) business days of receiving the request. The response must either:

1. Provide the requested records;

2. Notify the requester when the records will be available; or

3. Deny the request with specific legal justification.

Clark County and the Eighth Judicial District Court have done none of these things. They have simply ignored Plaintiff's legally proper requests, in direct violation of state law.

The information requested—bailiff names and assignment rosters—is clearly a public record under Nevada law. NRS 239.010(1) provides that "public book, record, or document" includes any record prepared, owned, used or retained by a governmental entity. Bailiff assignment sheets and duty rosters maintained by the court are indisputably public records, with no statutory exemption applicable.

## D. Impossibility of Service Without Identification

Plaintiff cannot serve defendants he cannot identify. While Federal Rule of

Civil Procedure 10(a) permits designation of "John Doe" defendants when true

names are unknown, service of process still requires actual identification of

the individual to be served. See Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir.

1985) ("Generally, the use of 'John Doe' to identify a defendant is not

favored. However, this practice is permitted in limited circumstances where the

identity of the alleged defendant is not known at the time the complaint is

filed and plaintiff could identify defendant through discovery.").

Here, Plaintiff has attempted to "identify defendant through discovery" via

public records requests—the most direct and appropriate method available—but has

been thwarted by the government's unlawful refusal to respond.

E. ECF Access Issues as Additional Procedural Obstacle

Plaintiff has also encountered technical difficulties with the Court's CM/ECF

electronic filing system. Despite being a registered pro se litigant who

previously had ECF access, Plaintiff has been locked out of the system and has

been unable to electronically file documents. Plaintiff has contacted the

Clerk's office and is working to resolve this issue, with anticipated resolution

by next week.

This ECF access problem has compounded the difficulties in timely completing

service, as it has prevented Plaintiff from efficiently filing necessary

documents and monitoring the case docket. Plaintiff is therefore filing this

motion by mail, which necessarily involves additional delay compared to electronic filing.

IV. LEGAL ARGUMENT

A. Good Cause Exists for Extension of Time Under Rule 4(m)

Federal Rule of Civil Procedure 4(m) provides:

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

The "good cause" standard under Rule 4(m) is met when circumstances beyond the plaintiff's control prevent timely service. Courts routinely find good cause when:

1. The plaintiff has acted diligently;

2. The delay is caused by factors outside the plaintiff's control; and

3. No prejudice results to the defendants.

See Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009); Henderson v. United States, 517 U.S. 654, 662 (1996).

All three factors are satisfied here.

1. Plaintiff Has Acted Diligently

Plaintiff filed his public records requests on October 1, 2025—seventeen days before the service deadline. This demonstrates proactive effort to identify and serve the defendants well within the time permitted. Plaintiff did not wait until the last moment but instead gave himself a reasonable cushion to complete service once the identities were disclosed.

Plaintiff has also made multiple follow-up attempts to obtain responses and has explored alternative methods of identification, all to no avail.

This level of diligence stands in stark contrast to cases where plaintiffs are denied extensions due to inaction or delay. See, e.g., Gesualdi v. Malone, 995 F. Supp. 2d 1077, 1083 (D. Nev. 2014) (denying extension where plaintiff "made no effort" to effect service).

2. The Delay Is Caused by Factors Beyond Plaintiff's Control

The sole reason Plaintiff has not served the John Doe bailiff defendants is that the government entity possessing their identifying information has refused to disclose it, in direct violation of Nevada law.

This is precisely the type of circumstance beyond a plaintiff's control that

justifies extension. See Gesualdi, 995 F. Supp. 2d at 1083 (noting good cause exists when plaintiff encounters obstacles in effecting service that are beyond his control); see also Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995) (holding good cause existed where process server encountered difficulties locating defendant).

Here, Plaintiff has done everything within his power: filed timely and proper public records requests, followed up repeatedly, and actively sought the information. The government's unlawful stonewalling is not attributable to Plaintiff in any way.

Additionally, Plaintiff's inability to access the CM/ECF system—a technical issue with the Court's own electronic filing platform—has created additional procedural obstacles beyond Plaintiff's control. While Plaintiff is working diligently to resolve this access issue, it has prevented the efficient electronic filing and case management that would otherwise be available.

Moreover, the irony of this situation should not escape the Court's attention: the very government entities that Plaintiff alleges violated his constitutional rights are now obstructing his ability to pursue those claims by refusing to identify their own employees. This conduct, if allowed to stand, would effectively immunize governmental wrongdoers by preventing plaintiffs from ever learning who violated their rights.

3. No Prejudice to Defendants

No prejudice will result from granting this extension. The John Doe defendants have not been served and have not appeared. They have no knowledge of this lawsuit. The case is at an early stage. No discovery has occurred. No scheduling order has been entered.

Furthermore, the defendants cannot credibly claim prejudice from a delay that their own employer caused by refusing to identify them. The equities strongly favor Plaintiff.

B. The Court Should Compel Disclosure Under Its Inherent Authority and Nevada Law

This Court has inherent authority to manage its cases and ensure that parties can pursue legitimate claims. Part of that authority includes the power to compel disclosure of information necessary for plaintiffs to identify and serve defendants.

Additionally, while this is a federal court, Nevada substantive law governs the disclosure of public records maintained by Nevada governmental entities. The Nevada Public Records Act, NRS 239.010 et seq., provides:

1. All public books and public records of a governmental entity "must be open at all times during office hours to inspection by any person." NRS 239.010(1).

2. The governmental entity must respond to a request within five business days. NRS 239.0107(1).

3. If the request is denied, the requester "may apply to the district court of the county in which the book, record or document is located for an order permitting him or her to inspect or copy it or for other appropriate relief." NRS 239.011(1).

4. "If the requester prevails, the requester is entitled to recover his or her costs and reasonable attorney fees in the proceeding from the governmental entity whose officer has custody of the book, record or document." NRS 239.011(2).

Here, Clark County and the Eighth Judicial District Court have violated Nevada law by failing to respond to Plaintiff's requests. The information sought—bailiff names and assignment records—is clearly public and subject to no exemption.

This Court should exercise its authority to compel immediate disclosure. While Plaintiff could file a separate state court mandamus action under NRS 239.011, judicial economy and fairness favor resolution of this issue in the present federal case, where it directly impacts Plaintiff's ability to prosecute his claims.

C. Alternative Legal Theories Supporting Relief

Even if the Court were to find that "good cause" under the strict Rule 4(m) standard is not met, the Court retains discretion to extend time for service in

the interests of justice. See Henderson, 517 U.S. at 662 (noting district courts have discretion to grant extensions even without good cause).

Factors supporting such discretion include:

1. Merits of Underlying Claims: Plaintiff's complaint alleges serious constitutional violations, including interference with his right to document public proceedings, denial of public access to court proceedings, and retaliatory prosecution. These are substantial claims of governmental misconduct that deserve adjudication on the merits.

2. Government Misconduct: The very conduct at issue—government officials allegedly violating constitutional rights—is being compounded by the government's refusal to identify those officials. Allowing this obstruction to result in dismissal would reward governmental wrongdoing.

3. Pro Se Status: While pro se status alone does not excuse procedural defects, courts give pro se litigants greater leeway when they demonstrate good faith efforts to comply with rules. Plaintiff has demonstrated such good faith here.

4. No Prejudice: As noted above, no party is prejudiced by a brief extension that will allow Plaintiff to complete service once the legally mandated disclosures are made.

5. Systemic Access Issues: Plaintiff's inability to access the Court's electronic filing system reflects a technical problem that has hindered his

ability to efficiently manage this litigation. In the interests of justice, this
court access issue should not be held against a pro se litigant who is
diligently working to resolve it.


V. ALTERNATIVE METHODS OF IDENTIFICATION

While Plaintiff believes the public records requests are the most appropriate
method of identifying the bailiff defendants, Plaintiff has also considered and
attempted alternative approaches:

1. Court Records Review: Plaintiff attempted to review court records, minutes,
and transcripts from the March 19, 2024 trial and April 1, 2024 hearing.
However, these records do not identify bailiffs by name.

2. Subpoena: Plaintiff considered issuing a subpoena to the Eighth Judicial
District Court Administration for bailiff assignment records. However, without
current ECF access for electronic filing, preparing and serving a subpoena
presents additional procedural hurdles for a pro se litigant.

3. Court Personnel Inquiry: Plaintiff made informal inquiries to court personnel
but was directed to file formal public records requests, which Plaintiff did on
October 1, 2025.

Plaintiff remains willing to pursue any reasonable alternative method the Court
deems appropriate, but believes the most direct path is an order compelling

Clark County to comply with Nevada law and disclose the requested information.

## VI. IMMEDIATE STEPS UPON GRANTING OF RELIEF

Upon the Court's granting of this motion, Plaintiff will immediately:

1. Serve all identified defendants (Clark County and the five named individual defendants) using the information and procedures confirmed through ongoing research.

2. Upon receipt of the bailiff identifications from Clark County, immediately prepare and serve summons and complaint on the two John Doe bailiff defendants.

3. File amended complaint substituting true names for John Doe designations.

4. File proofs of service for all defendants.

5. Complete all service within the extended deadline established by the Court.

6. Continue working with the Clerk's office to restore ECF access to facilitate efficient electronic filing going forward.

## VII. INTERESTS OF JUSTICE STRONGLY FAVOR GRANTING RELIEF

The interests of justice compel granting this motion. Plaintiff:

- Has alleged serious constitutional violations by government officials

- Acted diligently by filing FOIA requests 17 days before the deadline

- Has been thwarted by illegal government stonewalling for 30 days

- Cannot serve defendants he cannot identify

- Has encountered technical obstacles with court access systems

- Seeks to vindicate fundamental First Amendment rights

- Faces government entities that are obstructing his ability to pursue claims
  arising from their alleged obstruction of justice

To deny this motion would be to reward the very governmental misconduct that forms the basis of this lawsuit. The government would effectively immunize its employees from civil rights liability by the simple expedient of refusing to identify them—a perverse result that undermines the purpose of Section 1983 and access to the courts.

VIII. PROPOSED ORDER LANGUAGE

Plaintiff respectfully requests that the Court enter an order substantially in the following form:

"IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Second Extension of Time to Complete Service of

Process and to Compel Disclosure of Bailiff Identities is GRANTED.

2. Plaintiff shall have until [DATE 60 DAYS FROM ORDER] to serve all defendants in this action.

3. Within ten (10) days of this Order, the Eighth Judicial District Court Administration and Clark County shall provide to Plaintiff:

   a. The full names, titles, and badge or employee ID numbers of all bailiffs assigned to Judge Ann Zimmerman's courtroom on March 19, 2024; and

   b. The full names, titles, and badge or employee ID numbers of all bailiffs assigned to Judge Ann Zimmerman's courtroom on April 1, 2024; and

   c. Any daily bailiff assignment sheets or duty rosters for those dates.

4. The Eighth Judicial District Court Administration and Clark County shall deliver this information to Plaintiff electronically at chille@situationcreator.com and by U.S. Mail to 1258 Franklin Street, Santa Monica, CA 90404.

5. Failure to comply with this Order may result in sanctions including contempt."

IX. CONCLUSION AND PRAYER FOR RELIEF

Plaintiff has acted diligently and in good faith. He filed timely public records requests to identify defendants before the service deadline. The government's

17

unlawful refusal to respond has prevented service, creating circumstances

entirely beyond Plaintiff's control. Technical obstacles with court systems have

compounded these difficulties. No prejudice results from a brief extension. The

interests of justice strongly favor allowing Plaintiff to prosecute his

substantial constitutional claims.

For these reasons, Plaintiff respectfully requests that this Court:

1. Grant a sixty (60) day extension of the service deadline;

2. Compel Clark County and the Eighth Judicial District Court Administration to

immediately disclose the identities of the bailiffs assigned to Judge

Zimmerman's courtroom on March 19, 2024 and April 1, 2024;

3. Award such other and further relief as the Court deems just and proper.

DATED: October 30, 2025

Respectfully submitted,

/s/ Jose DeCastro

Jose DeCastro

1258 Franklin Street

Santa Monica, CA 90404

chille@situationcreator.com

Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2025, I caused a true and correct copy of

the foregoing EMERGENCY MOTION FOR SECOND EXTENSION OF TIME TO COMPLETE SERVICE

OF PROCESS AND TO COMPEL DISCLOSURE OF BAILIFF IDENTITIES to be served via U.S.

Mail, postage prepaid, to:


Eighth Judicial District Court Administration

Regional Justice Center

200 Lewis Avenue

Las Vegas, NV 89155 89101


Clark County District Attorney's Office

Regional Justice Center

200 Lewis Avenue

Las Vegas, NV 89155 89101


/s/ Jose DeCastro

Jose DeCastro

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA


Jose DeCastro,

      Plaintiff,


v.               Case No. 2:25-cv-00899-APG-BNW


Clark County, et al.,

      Defendants.


ORDER GRANTING MOTION FOR EXTENSION OF TIME AND COMPELLING DISCLOSURE

The Court having considered Plaintiff's Emergency Motion for Second Extension of Time to Complete Service of Process and to Compel Disclosure of Bailiff Identities, and good cause appearing therefor,


IT IS HEREBY ORDERED:


1. Plaintiff's Motion for Second Extension of Time to Complete Service of Process and to Compel Disclosure of Bailiff Identities is GRANTED.


2. Plaintiff shall have until December 29, 2025 to serve all defendants in this action.


3. Within ten (10) days of the date of this Order, the Eighth Judicial District Court Administration and/or Clark County Nevada shall provide to Plaintiff the

1

following information:

   a. The full names, titles, and badge or employee ID numbers of all bailiff(s) or marshal(s) assigned to Judge Ann Zimmerman's courtroom in the Eighth Judicial District Court (Clark County) on March 19, 2024;

   b. The full names, titles, and badge or employee ID numbers of all bailiff(s) or marshal(s) assigned to Judge Ann Zimmerman's courtroom in the Eighth Judicial District Court (Clark County) on April 1, 2024 (or March 31, 2024, if no court proceedings occurred on April 1, 2024);

   c. Any daily bailiff/marshal assignment sheets or duty rosters for Judge Zimmerman's courtroom for those dates, if such records are maintained.

4. The Eighth Judicial District Court Administration and/or Clark County Nevada shall deliver this information to Plaintiff:

   a. Electronically via email to: chille@situationcreator.com; AND

   b. By U.S. Mail to: Jose DeCastro, 1258 Franklin Street, Santa Monica, CA 90404

5. This information shall be provided in a format that clearly identifies which bailiff(s) or marshal(s) were on duty during the specific proceedings in State of Nevada v. Jose De Castro, Case No. 23CR-013015.

6. The Eighth Judicial District Court Administration and/or Clark County Nevada shall file with this Court, within ten (10) days of this Order, a certificate of compliance confirming that the requested information has been provided to Plaintiff, or alternatively, a written statement explaining any legal basis for non-disclosure.

7. Failure to comply with this Order may result in sanctions, including but not limited to contempt proceedings, monetary sanctions, or other relief as the Court deems appropriate.

8. This Order is issued pursuant to the Court's inherent authority to manage its cases and ensure access to justice, and is consistent with the requirements of the Nevada Public Records Act, NRS 239.010 et seq.

DATED: _____

_____

Andrew P. Gordon

Chief United States District Judge

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA


Jose DeCastro,

      Plaintiff,


v.              Case No. 2:25-cv-00899-APG-BNW


Clark County, et al.,

      Defendants.


DECLARATION OF JOSE DECASTRO IN SUPPORT OF

EMERGENCY MOTION FOR EXTENSION OF TIME AND TO COMPEL DISCLOSURE


I, Jose DeCastro, declare under penalty of perjury pursuant to 28 U.S.C. § 1746

that the following is true and correct based on my personal knowledge:


1. I am the Plaintiff in this action and make this declaration in support of my

Emergency Motion for Second Extension of Time to Complete Service of Process and

to Compel Disclosure of Bailiff Identities.


2. This civil rights action arises from events that occurred during my wrongful

criminal prosecution in State of Nevada v. Jose De Castro, Case No. 23CR-013015,

1

in the Eighth Judicial District Court, Clark County, Nevada.

3. My Complaint in this case names eight defendants, including two bailiffs designated as "John Doe" defendants because I do not know their true names.

4. On March 19, 2024, during my criminal trial before Judge Ann Zimmerman, a bailiff physically removed my phone from my possession during the court proceeding. This bailiff is designated as "Bailiff John Doe #1" in my Complaint. I do not know this bailiff's name.

5. On April 1, 2024 (or possibly March 31, 2024), during my appeal bond hearing before Judge Zimmerman, a bailiff stood at the courtroom door and told members of the public who came to support me that my hearing had already concluded and denied them entrance to the courtroom. This bailiff is designated as "Bailiff John Doe #2" in my Complaint. I do not know this bailiff's name.

6. This Court granted my first motion for extension of time and set a service deadline of October 18, 2025.

7. On October 1, 2025—seventeen (17) days before the service deadline—I prepared and submitted two formal requests for public records pursuant to the Nevada Public Records Act (NRS 239.010 et seq.) to the Eighth Judicial District Court Administration. True and correct copies of these requests are attached to my motion as Exhibits A and B.

8. In my first public records request (Exhibit A), I requested:

2

- The full name, title, and badge/ID number of the bailiff(s) or marshal(s)

assigned to Judge Zimmerman's courtroom on April 1, 2024 (or March 31, 2024);

- Any daily bailiff/marshal assignment sheet or duty roster for that date;

- The request specifically explained that I needed to identify the bailiff

who stood at the courtroom door and denied public entrance to my hearing.


9. In my second public records request (Exhibit B), I requested:

- The full name, title, and badge/ID number of the bailiff(s) or marshal(s)

assigned to Judge Zimmerman's courtroom on March 19, 2024;

- Any daily bailiff/marshal assignment sheet or duty roster for that date;

- The request specifically explained that I needed to identify the bailiff

who physically removed my phone during the proceeding.


10. In both requests, I provided my email address (Chille@SituationCreator.com)

for electronic delivery and stated I would also accept mailed responses.


11. I sent these requests via U.S. Mail, postage prepaid, to:

Public Records Officer

Eighth Judicial District Court – Administration

Regional Justice Center

200 Lewis Avenue

Las Vegas, NV 89155


12. I also sent copies of these requests via email to addresses I found for the

court administration.

13. As of today's date, October 30, 2025, I have received no response

whatsoever from the Eighth Judicial District Court, Clark County, or any

governmental entity regarding my public records requests. I have received:

   - No acknowledgment of receipt;

   - No estimate of when records will be provided;

   - No denial with legal justification;

   - No records; and

   - No communication of any kind.


14. It has now been twenty-nine (29) days since I submitted my public records

requests.

15. Nevada Revised Statutes Section 239.0107 requires governmental entities to

respond to public records requests within five (5) business days.

16. I have made multiple follow-up attempts to obtain responses, including:

   - Sending follow-up emails;

   - Attempting to call the court administration office;

   - Checking my email and mail daily for any response.

17. Despite my diligent efforts, I have been unable to obtain the identities of

the two bailiff defendants.


18. I cannot serve these defendants because I do not know their names,

addresses, or how to locate them for service of process.


19. The October 18, 2025 service deadline has passed solely because I have been

unable to obtain this information from the governmental entities that possess it.

4

20. I did not wait until the last minute to try to identify these defendants. I filed my public records requests seventeen days before the deadline, which I believed provided adequate time for the government to respond in accordance with Nevada law (5 business days) and for me to complete service.

21. The delay in serving these defendants is entirely beyond my control and resulted from the government's failure to respond to my legally proper public records requests.

22. I have acted diligently throughout this matter and am prepared to complete service immediately upon receiving the identities of the bailiff defendants.

23. For the other defendants in this case (Clark County and the five named individual defendants), I have been working to confirm proper service addresses and procedures, which has been complicated by my limited resources as a pro se litigant.

24. I am now prepared to serve all defendants as soon as I receive the bailiff identities from Clark County.

25. I filed this motion as soon as I reasonably could after realizing that Clark County was not going to respond to my public records requests and that I would be unable to meet the service deadline through no fault of my own.

26. The information I seek—bailiff names and court assignment records—is clearly public information that should be readily available from court administrative records.

27. I have no other means of identifying these bailiff defendants. They wore

uniforms and badges during the incidents in question, but I could not see their names or badge numbers clearly enough to identify them.

28. Court transcripts, minutes, and other records from my criminal case do not identify the bailiffs by name.

29. The very governmental entities I am suing for constitutional violations are now preventing me from pursuing my claims by refusing to identify their own employees who allegedly committed those violations.

30. I am not seeking this extension due to any lack of diligence on my part, but rather due to the government's unlawful stonewalling of my proper requests for public information.

31. I filed my initial Complaint in this matter on May 21, 2025, and have been actively working to move this case forward since that time, limited only by the medical and financial challenges detailed in my first motion for extension.

32. I have also encountered technical difficulties accessing the Court's CM/ECF electronic filing system. Despite being a registered user who previously had ECF access, I have been locked out of the system and have been unable to electronically file documents.

33. I have contacted the Clerk's office about my ECF access issue and am actively working to resolve it. I expect to have this technical problem resolved by next week.

34. Due to my current inability to file electronically, I am filing this motion by mail, which necessarily involves additional time compared to electronic filing.

35. The combination of the government's failure to respond to my public records requests and the technical difficulties with court system access has made it impossible for me to complete service by the October 18, 2025 deadline through no fault of my own.

36. I am prepared to complete service of all defendants within sixty (60) days of this Court's order compelling disclosure of the bailiff identities and granting additional time.

37. All statements in this declaration are true and correct to the best of my knowledge, information, and belief.
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 30, 2025, at Santa Monica, California.


_____

Jose DeCastro

[SIGN HERE IN BLUE INK]

7

*Exhibit*

**Jose DeCastro**
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036
Email: **Chille@SituationCreator.com**

Date: Oct 1st, 2025

**Public Records Officer**
Eighth Judicial District Court – Administration
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

**Subject:** Nevada Public Records Act Request – Bailiff/Marshal Assignment for March 19, 2024

Dear Public Records Officer:

Pursuant to the Nevada Public Records Act, NRS 239.010 et seq., I am requesting the following records:

- The full name, title, and badge or ID number (if maintained) of all bailiff(s) or marshal(s) assigned to the courtroom handling **State of Nevada v. Jose De Castro** on **March 19, 2024** in the Eighth Judicial District Court (Clark County).
- If available, the daily bailiff/marshal assignment sheet or duty roster for that courtroom on that date.

Case identifiers as announced on the record: **23C-013015** (also transcribed once as **23C-03015**). This request is to identify the bailiff/marshal who physically removed my phone during that proceeding.

Please provide the records electronically to **Chille@SituationCreator.com** if possible. If electronic delivery is unavailable, you may mail them to the address above.
If there are any fees for fulfilling this request, please inform me in advance.

Thank you for your time and attention.

Sincerely,

**Jose DeCastro**
**Chille@situationcreator.com**

*Exbit*

**Jose DeCastro**
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036
Email: **Chille@SituationCreator.com**

Date: Oct 1st, 2025

**Public Records Officer**
Eighth Judicial District Court – Administration
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

**Subject:** Nevada Public Records Act Request – Bailiff/Marshal Assignment at Judge
Zimmerman's Courtroom (March 31 or April 1 2024)

Dear Public Records Officer:

Under the Nevada Public Records Act (NRS 239.010 et seq.), I request the following records:

- The **full name, title, and badge/ID number** (if maintained) of the bailiff(s) or
  marshal(s) assigned to **Judge Zimmerman's courtroom** in the Eighth Judicial District
  Court (Clark County) on **April 1 2024** (or March 31 2024, if no hearing occurred April
  1).
- Any **daily bailiff/marshal assignment sheet or duty roster** for Judge Zimmerman's
  courtroom for that date.

This request is specifically to identify the bailiff/marshal who **stood at the courtroom door and
told members of the public that my hearing had already concluded and denied them
entrance**.

Case identifier as stated on the record: **23CR-013015** (State of Nevada v. Jose De Castro).

Please provide the records electronically (PDF/email to **Chille@SituationCreator.com**). If there
are fees, please advise in advance.

Thank you for your time and attention.

Sincerely,

**Jose DeCastro**



TO:

Lloyd D George Fe...
Attn: Clerk of Cour...
333 S Las Vegas Bl...
Las Vegas NV 8910...

FROM:

JOSE DECASTRO
1258 Franklin
Santa Monica, CA
90404

Utility Mailer