UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSE DECASTRO,

    Plaintiff,

v.

CLARK COUNTY, NEVADA;

JUDGE ANN E. ZIMMERMAN, in her individual capacity;

JUDGE MICHELLE LEAVITT, in her individual capacity;

AGNES BOTELHO, Deputy District Attorney, in her individual capacity;

BRANDEN BOURQUE, Officer, LVMPD, in his individual capacity;

JOHN DOE BAILIFF; JOHN DOES 1–10,

    Defendants.

Case No. 2:25-cv-00899-APG-BNW

EMERGENCY MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANTS ZIMMERMAN, LEAVITT, AND BOTELHO

COMES NOW Plaintiff Jose DeCastro, pro se, and respectfully moves this Court for an order permitting alternative service of process on Defendants Judge Ann E. Zimmerman, Judge Michelle Leavitt, and Deputy District Attorney Agnes Botelho pursuant to Federal Rule of Civil Procedure 4(e)(1) and Nevada Rule of Civil Procedure 4.4(c).

This motion is brought on an emergency basis because Plaintiff's service deadline of January 6, 2026 is approaching, and despite numerous service attempts by licensed professional process servers, Defendants have not been reachable due to courthouse staff refusing access and refusing to accept service.

Plaintiff further notifies the Court that he does not currently have access to the CM/ECF electronic filing system and has requested access. Until such access is granted, Plaintiff is submitting filings via U.S. Mail to the Clerk of Court.

## I. INTRODUCTION

Defendants Zimmerman, Leavitt, and Botelho all work within the Regional Justice Center at 200 Lewis Ave., Las Vegas, Nevada. Plaintiff retained ABC Legal Services to serve them at that publicly known duty station.

Multiple attempts were made on different dates and at different times. Each attempt failed because courthouse staff refused access, refused to contact the defendants, and refused to accept service. ABC Legal issued signed non-service reports documenting these events.

Meanwhile, Clark County itself was served successfully, demonstrating that Plaintiff has acted diligently and that the obstruction is specific to these individual defendants.

## II. PROCEDURAL BACKGROUND

On November 5, 2025, this Court granted Plaintiff an additional 60 days to complete service, expressly finding that Plaintiff "has shown good cause" and "has been diligent in attempting to serve all defendants."

Plaintiff retained ABC Legal Services for all service attempts.

Clark County was successfully served on November 25, 2025.

Defendants Leavitt and Botelho have repeatedly evaded service, and Zimmerman works in the same restricted-access courthouse environment where all previous attempts have been blocked.

## III. DOCUMENTED SERVICE ATTEMPTS

A. Judge Michelle Leavitt

ABC Legal attempted service on Judge Leavitt at least five times at 200 Lewis Ave.:

- November 21, 2025 at 10:21 AM

- November 24, 2025 at 4:02 PM

- November 26, 2025 at 12:15 PM

- November 27, 2025 – Non-Service Confirmed

- November 28, 2025 – Signed Proof of Non-Service (per ABC Legal tracking)

All attempts occurred during normal business hours, and all were refused by courthouse personnel.

B. Deputy District Attorney Agnes Botelho

ABC Legal attempted service at:

- November 21, 2025 at 10:21 AM

- November 24, 2025 at 4:04 PM

- November 24, 2025 – Non-Service Confirmed

Courthouse staff again refused access or acceptance.

C. Judge Ann E. Zimmerman

Judge Zimmerman works in the same courthouse, behind the same access restrictions. Given the repeated denials for Leavitt and Botelho, further attempts on Zimmerman would be futile and would only duplicate the obstruction already documented.

IV. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), service may be made using any method available under the law of the state where service is attempted.

Nevada Rule of Civil Procedure 4.4(c) authorizes alternative service when:

- the plaintiff has used due diligence; and

- traditional service is impracticable.

Due process requires only that the method selected be reasonably calculated to provide notice. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

V. ARGUMENT

A. Plaintiff Has Exercised Due Diligence

Plaintiff:

- hired a licensed process service company;

- provided accurate workplace addresses;

- ensured multiple attempts on multiple days and at multiple times;

- obtained written non-service reports.

This exceeds the diligence required under Rule 4.4(c).

B. Personal Service Is Impracticable

Courthouse staff repeatedly refused access to the defendants and refused to accept service. Nevada courts consider such barriers—particularly in government buildings with restricted access—sufficient to establish impracticability.

C. Public Officials Cannot Evade Service Through Staff

Federal courts have made clear that government officials cannot avoid service simply by directing courthouse staff to block process servers. Such evasion cannot defeat federal jurisdiction.

D. Certified Mail Is Reasonably Calculated to Provide Notice

Certified mail sent to chambers or the District Attorney's Office at 200 Lewis Ave. is logged and processed by staff. Return receipt provides a trackable and verifiable service method that satisfies due process.

E. Denying Alternative Service Would Result in Manifest Injustice

Personal service has become impossible solely because courthouse personnel refuse to permit it. Without alternative service, Plaintiff's claims could be jeopardized despite his diligence. The Court should not allow defendants to weaponize courthouse access controls to obstruct federal litigation.

VI. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. Authorize service by certified mail, return receipt requested, to:

  Judge Ann E. Zimmerman

  Judge Michelle Leavitt

  Deputy District Attorney Agnes Botelho

Regional Justice Center
200 Lewis Ave.
Las Vegas, NV 89101

2. Declare that service shall be deemed complete upon mailing.

3. If certified mail is refused or returned unclaimed, authorize service by:

- publication in a newspaper of general circulation in Clark County; and/or
- posting at the Regional Justice Center.

## VII. CONCLUSION

Plaintiff has shown due diligence, and personal service has become impracticable due to courthouse obstruction. Alternative service is necessary to protect Plaintiff's right of access to the courts.

DATED: December 7, 2024

Respectfully submitted,

/s/ Jose DeCastro

Plaintiff, Pro Se

5350 Wilshire Blvd., PO Box 36143

Los Angeles, CA 90036

Email: chille@situationcreator.com

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2024, I caused true and correct copies of the foregoing to be served by first-class U.S. Mail on all parties for whom addresses are known.

Plaintiff does not currently have access to the Court's CM/ECF electronic filing system and has requested access. This filing is submitted by U.S. Mail to:

Clerk of Court

United States District Court, District of Nevada

Lloyd D. George U.S. Courthouse

333 Las Vegas Boulevard South

Las Vegas, NV 89101

/s/ Jose DeCastro

Jose DeCastro