STEVEN B. WOLFSON
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
By: **SCOTT DAVIS**
Deputy District Attorney
State Bar No. 10019
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
(702) 455-4761
E-Mail: Scott.Davis@ClarkCountyDANV.gov
*Attorneys for Defendants*
*Clark County and Agnes Botelho*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSE DECASTRO,                                )
                                              )
                   Plaintiff,                 )        Case No:    2:25-cv-00899-APG-BNW
                                              )
        vs.                                   )
                                              )
CLARK COUNTY, NEVADA; JUDGE                   )
ANN E. ZIMMERMAN in her individual            )
capacity; JUDGE MICHELLE LEAVITT in           )
her individual capacity; AGNES BOTELHO,       )
in her individual capacity; BRANDEN           )
BORQUE, in his individual capacity,           )
                                              )
                   Defendants.                )

**DEFENDANTS AGNES BOTELHO AND CLARK COUNTY'S
MOTION TO DISMISS**

COME NOW, Defendants Agnes Botelho and Clark County, by and through counsel

of record, Deputy District Attorney Scott Davis and pursuant to Fed. R. Civ. Pro. 12(b)(6)

and the attached memorandum of points and authorities and hereby moves this Court to

dismiss the operative First Amended Complaint (ECF # 7) filed against them in this matter.

**POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

A prosecutor is protected by absolute immunity from civil suit for his or her actions

when performing the traditional functions of an advocate. Presenting witnesses at trial and

arguing before a court concerning a criminal defendant's sentencing are tasks that are

intimately associated with the judicial process and are the traditional functions of an

1   advocate that entitle a prosecutor to absolute immunity.  The allegations against Defendant

2   Agnes Botelho are just that – that she presented a criminal case against DeCastro and that

3   she made arguments concerning his sentence following an initial criminal conviction.

4        Clark County is also entitled to dismissal. Under the allegations raised in the

5   Complaint Clark County is, in this instance, not a "person" subject to suit under 42 U.S.C. §

6   1983, and even if it were DeCastro has failed to identify any facts showing a County policy

7   that could support liability. Clark County is not Las Vegas Metropolitan Police Department,

8   and it is not the state courts. A plaintiff cannot state a viable claim for relief against Clark

9   County by confusing it with these other entities.

10   **II.     STANDARD FOR DISMISSAL**

11        Fed. R. Civ. Pro. 12(b)(6) entitles a defendant to move to dismiss a complaint at the

12   very outset of the case when the complaint fails to state a viable legal claim.

13        A motion to dismiss under Rule 12(b)(6) follows a basic two-step approach. First, the

14   Court must discern the well-pleaded allegations in a complaint and must consider them in the

15   light most favorable to the non-moving party.  *Faulkner v ADT Security Services, Inc.*, 706

16   F.3d 1017, 1019 (9th Cir. 2013). Once the Court has discerned the corpus of well-pleaded

17   and non-conclusory factual allegations the Court should then consider whether those

18   allegations, together with any reasonable inferences from such facts, plausibly states a claim

19   entitling the plaintiff to relief.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.

20   2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (a complaint "… contain

21   sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its

22   face'") (internal quotation omitted). Conclusory allegations or unwarranted inferences are

23   not enough to meet this threshold. *E.g. Longacre v. Kitsap County*, 744 F. App'x 450, 451

24   (9th Cir. 2018).

25        When absolute immunity is at stake, dismissal is proper where the allegations in the

26   complaint, when taken as true, place the defendants' actions within the scope of the

27   immunity protections. *E.g. Imbler v. Pachtman*, 500 F.2d 1301 (9th Cir. 1974), *aff'd*, 424

28   U.S. 409 (1976); *Montgomery v. Las Vegas Metro. Police Dep't*, No. 2:12-CV-00817-MMD,

1  2013 WL 1703618, at 2-3 (D. Nev. Apr. 19, 2013) (granting motion to dismiss in favor of

2  prosecutors because absolute prosecutorial immunity applied).

3  **III.    SUMMARY OF ALLEGATIONS ALLEGED IN THE COMPLAINT**

4      The complaint alleges, in summary, that Plaintiff Jose DeCastro was arrested by

5  Defendant Branden Borque, who is an officer of the Las Vegas Metropolitan Police

6  Department, for interfering with a traffic stop. (ECF # 7, p. 5 ¶ 25). The ensuing criminal

7  case was heard in state court before Judge Ann Zimmerman, resulting in a conviction

8  pursuant to NRS 197.190 and a sentence of six months incarceration. (ECF # 7 p. 6 ¶ 35).

9  The prosecutor from the District Attorney's office in that criminal case was Deputy District

10  Attorney Agnes Botelho. (See ECF #7, p. 7 ¶¶ 37-38).  The complaint alleges that Botelho

11  advocated to the court and asked it to maintain the six-month sentence following DeCastro's

12  conviction, (ECF #7, p. 7 ¶¶ 37-38) and allegedly did not correct false testimony offered by a

13  witness for the prosecution at the trial. (ECF # 7, p. 13 ¶ 72). The conviction was later

14  reversed on appeal by Judge Michelle Leavitt. (ECF # 7, p. 9 ¶ 49).

15      Defendants Botelho, Zimmerman, Borque and Leavitt are named only in their

16  individual capacities. (ECF # 7, p. 3 ¶¶ 11-14).  Clark County is the only public entity named

17  as a defendant in this matter. (ECF # 7 p. 3 ¶ 10).

18      As to Defendant Clark County, there are no concrete factual allegations made in the

19  complaint. The complaint indirectly insinuates liability against the County for the actions of

20  Defendant Botelho, who is a County employee. (ECF # 7 p. 13 ¶ 74).  The complaint does

21  make conclusory that Clark County has a custom or policy of retaliation against police critics

22  (ECF # 7. P. 13 ¶ 74(b)) and has failed to train officers of the Las Vegas Metropolitan Police

23  Department and failed to train the judges of the state courts who presided over his criminal

24  case and his appeal. (ECF # 7, p. 3 ¶ 10; p. 9 ¶ 45, ¶ 48; p. 13 ¶ 74).

25  **IV.    ARGUMENT**

26      **A.    Defendant Botelho Is Entitled to Absolute Immunity From Suit**

27      A prosecutor is entitled to absolute immunity from suit for actions that are "intimately

28  associated with the judicial phase of the criminal process." *Imbler v. Patchtman*, 424 U.S.

1    409 (1976).  In *Imbler*, the Supreme Court explained:

2
> A prosecutor is duty bound to exercise his best judgment both
3
> in deciding which suits to bring and in conducting them in
> court. The public trust of the prosecutor's office would suffer if
4
> he were constrained in making every decision by the
> consequences in terms of his own potential liability in a suit for
5
> damages. Such suits could be expected with some frequency,
> for a defendant often will transform his resentment at being
6
> prosecuting to the ascription of improper and malicious actions
7
> to the State's advocate.

8    *Id.* at 424-425. *See also Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675,

9    678 (9th Cir. 1984) (if the prosecutor acts as an advocate, absolute immunity is warranted).

10        The immunity recognized in *Imbler* is an immunity from suit and it is meant to

11    "protect[ ] the prosecutor from harassing litigation[1] that would divert his time and attention

12    from his official duties" and to "enabl[e] him to exercise independent judgment when

13    'deciding which suits to bring and in conducting them in court." *Torres v. Goddard*, 793

14    F.3d 1046, 1051 (9th Cir. 2015) (internal quotations omitted).

15        Absolute immunity is not granted to a defendant merely because they happen to be a

16    prosecutor. It is the function, not the office, that absolute immunity protects. Therefore,

17    courts must apply a functional test to discern whether absolute prosecutorial immunity

18    attaches. The Ninth Circuit demonstrated this approach in *Torres*:

19
> A prosecutor is absolutely immune 'when performing the traditional
20
> functions of an advocate'…  We must therefore focus 'on the conduct
> for which immunity is claimed, not on the harm that the conduct may
21
> have caused or the question whether it was lawful.'

22    *Torres*, 793 F.3d at 1051 (internal quotations omitted).

23        Hence, the cardinal question in any suit against a prosecutor is this functional test.

24    The Court looks to whether or not the actions alleged in the complaint are intimately

25    associated with the judicial phase of the criminal process, that is to say, whether they are the

26

---

27    [1] DeCastro appears to acknowledge in the Amended Complaint itself that his litigation is harassing
litigation by invoking a training video that purportedly addresses persons who intend to "…provoke
28    an arrest so they can file a civil suit against the department…" and applying that video to his own
situation. (ECF # 7, p. 5 ¶¶ 23-24).

1  traditional functions of an advocate. *Id.* The Court does not look to the egregiousness of the

2  alleged conduct. *See McCarthy v. Mayo,* 827 F.2d 1310, 1315 (9th Cir. 1987) (refusing to

3  recognize a "bad faith" exception to the rule of absolute immunity).  Nor does the Court

4  consider a plaintiff's suspicions as to the motivation behind a prosecution. *Reasonover v. St.*

5  *Louis Cty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (prosecutorial immunity cannot be

6  overcome by allegations of vindictiveness); *see also Bradley v. Fisher*, 80 U.S. 335, 354

7  (judicial immunity "…cannot be affected by any consideration of the motives with which the

8  acts are done).

9   If the functional test is met, then there is only one possible outcome, and it is a

10  dispositive outcome: absolute immunity applies.

11  Defendant Botelho easily meets this functional test in this case and is entitled to

12  absolute immunity.

13           1.      Botelho is Immune from Suit as to All Allegations that She Advocated
                     to the Court About DeCastro's Sentencing
14

15  The main allegation against Defendant Botelho is simply that she advocated in court

16  for the state's criminal case in favor of DeCastro's sentencing for a misdemeanor conviction.

17  (ECF # 7, p.7 ¶¶ 37-38); (ECF # 7, p. 11 ¶ 57).  This is the basis of DeCastro's first and

18  second claims, which are directed against Botelho. (ECF # 7 p. 10 ¶ 51-p. 11 ¶59).

19  Botelho is entitled to immunity and immediate dismissal because absolute

20  prosecutorial immunity applies to a prosecutor's statements and arguments in a sentencing

21  proceeding.

22  This is not a close call, as courts universally recognize that advocating in connection

23  with sentencing is easily within the traditional functions of an advocate. *Peace v. Baker*, 697

24  F. Supp. 1145, 1147 (D. Nev. 1988); *Brown v. California Dep't of Corr.*, 554 F.3d 747, 750-

25  751 (9th Cir. 2009) (citing numerous cases applying absolute immunity to parole

26  recommendations as "..a continuation of the sentencing process"); *Blair v. Osborne*, 777 F.

27  App'x 926, 929 (10th Cir. 2019) ("prosecutorial immunity applies to [prosecutor's]

28  statements at the sentencing hearing because it is the prosecutor's role as an advocate to

1  make requests, arguments, and concessions during such hearings").

2      As noted above, any allegations as to Botelho's motivations are immaterial to her

3  absolute immunity. As Botelho was performing the traditional functions of an advocate the

4  Court should not go any further than this point and should grant her immunity from suit from

5  all claims based upon her act of arguing concerning DeCastro's sentencing.

6          2.    Botelho is Immune from Suit as to All Allegations of False Testimony

7      There is one claim in the complaint that is directed against Botelho. The Seventh

8  Claim contains a brief allegation that during trial Botelho failed to correct know false

9  testimony of Officer Borque, referring to testimony regarding whether or not DeCastro

10 followed Borque's direction to back up during the traffic stop, claiming that this Court has

11 already recognized this as "material false testimony." (ECF #7, p.5 ¶ 26); (ECF # 7, p. 13 ¶¶

12 71-73).

13     Initially, this allegation does not support a viable cause of action because this Court's

14 previous statements of this matter do not contain a findings of either materiality or falsity:

> Bourque twice more told DeCastro to back up and warned him that
> if he did not back up, Bourque would detain him. DeCastro did not
> back up and stated, "you're going to detain me how?" Bourque said
> for obstructing and told him to move away, but DeCastro responded
> that he was "staying right here."
>
> DeCastro then backed up a step and was pointing to demonstrate
> the distance he was from the front of the driver's vehicle. DeCastro
> stated that he was ten feet away from the vehicle and that he is a
> "constitutional law scholar," and he took a small step back with
> both feet and then pivoted and made a half step forward with his
> left foot.

*DeCastro v. Las Vegas Metro. Police Dep't*, No. 2:23-CV-00580-APG, 2024 WL 4189939,

at 3 (D. Nev. Sept. 12, 2024) (citations to record omitted).

     More to the point however is that this allegation against Defendant Botelho also

clearly falls within the scope of her absolute immunity because this too concerns an action

that is intimately associated with the judicial phase of the criminal process and falls squarely

within *Imbler*'s protections of absolute immunity.

1    This same theory of "false testimony" was actually the other half of the plaintiff's

2    two-fold theory in *Imbler*. *See Imbler,* 424 U.S. at 416 ("The gravamen of his complaint

3    against Pachtman was that he had 'with intent, and on other occasions with negligence'

4    allowed Costello to give false testimony…"). And this too was subject to absolute immunity.

5    *Id.* at 430; *see also Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) ("a prosecutor

6    enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution,

7    used perjured testimony at trial, or suppressed material evidence at trial") (citing *Imbler*);

8    *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989) (absolute immunity even extends

9    to protect a prosecutor from suit based on allegations that the prosecutor used perjured

10   testimony from a witness); *Wormwood v. N. Las Vegas Police Dep't*, No. 2:15-cv-01438-

11   JAD, 2016 WL 6915300, at 3 (D. Nev. Nov. 22, 2016) (applying prosecutorial immunity to

12   hold that district attorney defendants "…cannot be liable for whatever testimony they

13   allegedly falsified or presented in [plaintiff's] criminal case.").

14   Once again this does not present a difficult question or a close call. Defendant

15   Botelho is entitled to absolute immunity from suit based upon any allegation of false

16   testimony at the trial.

17   Defendant Botelho is thus categorically immune from suit. The allegations in the First

18   Amended Complaint clearly place the allegations directed at Botelho within the scope of her

19   absolute immunity afforded by *Imbler*. The Court should therefore dismiss her from this

20   matter.

21   **B.    Clark County Is Entitled to Dismissal From Suit**

22   As noted above, the operative complaint itself directs very few factual allegations

23   against Clark County. Instead, the bulk of allegations are directed against an officer from the

24   Las Vegas Metropolitan Police Department ("LVMPD") and the actions of state court

25   judges. The only act alleged by an employee of Clark County in the complaint is that Deputy

26   District Attorney Botelho made arguments to the state court regarding DeCastro's sentencing

27   and failed to correct what DeCastro believes to be false testimony, as noted above.

28   At its core DeCastro's complaint is founded upon a simple and incorrect assumption

1  that the County is a conglomerate that subsumes both LVMPD and the Nevada state court

2  system, such that DeCastro alleges that the County is charged with a duty and with authority

3  to train LVMPD officers and to instruct judges how to handle cases. (ECF # 7, p. 3. ¶ 10). It

4  is not clear why DeCastro would assume that Clark County has such responsibility for the

5  policies, customs or training of LVMPD or the courts. Even a cursory review of Nevada law

6  reveals that this assumption is wrong as matter of law.

7          LVMPD is not the County. LVMPD is its own separate legal entity. NRS 280.280(3)-

8  (4). The complaint alleges that Officer Borque was an LVMPD employee (ECF # 7 p. 3 ¶

9  14) and hence is not an employee of Clark County. The complaint makes no factual

10  allegations as to the County's authority over LVMPD employees nor does it allege any basis

11  in law to suppose that the law assigns a duty on the County for responsibility to train

12  employees of a separate public entity such as LVMPD.

13          Similarly, the state courts are not subject to the County's control. The Nevada

14  Constitution's separation of powers article ensures judicial independence and local

15  government entities cannot dictate to the courts how to handle cases, or even what to do with

16  respect to their personnel. Nev. Const. art. 3 § 1; *see also City of Sparks v. Sparks Mun. Ct.*,

17  129 Nev. 348, 302 P.3d 1118 (2013). Nevada law does not vest the County with any

18  authority to direct, train or supervise judges. Instead, the law assigns the training of state

19  judges to the Nevada Supreme Court's Court Administrator. NRS 4.035(1); NRS 1.320-.360.

20          Hence, whatever DeCastro might allege about training deficiencies afforded to

21  LVMPD officers or to the state judiciary, such factual allegations are immaterial as to

22  Defendant Clark County. As a matter of law such allegations are not directed at, and do not

23  support a cause of action against, Clark County. The only intersection between the County's

24  authority and the facts alleged in the complaint concerns the prosecution of the criminal

25  case, which places this matter beyond the reach of 42 U.S.C. § 1983.

26                  1.      Clark County is not a "Person" Subject to Suit Under Section 1983

27          DeCastro invokes 42 U.S.C. § 1983 as the basis for each one of his claims in this

28  case. Section 1983 applies to a "person" acting under color of law. In order to obtain civil

1 relief under 42 U.S.C. § 1983, a plaintiff must foundationally establish that the conduct in

2 question was undertaken by a "person."

3       Critically for this case, the term "person" as used in 42 U.S.C. § 1983 does not

4 include an arm of a state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We

5 hold that neither a State nor its officials acting in their official capacities are 'persons'

6 under § 1983."). *Will* is grounded in the immunity that the Eleventh Amendment affords to

7 the states. *See Id*. at 64-47.  And Nevada has not waived Eleventh Amendment immunity.

8 NRS 41.031.

9       Here, DeCastro alleges no facts to support the notion that Clark County is a "person"

10 that subject to suit in this case. Indeed, his allegations show the contrary; that the County is

11 not a person under § 1983 as recognized in *Will* and ensuing precedent.

12       In some contexts a county can be considered a "person" under § 1983. But this is not

13 an absolute rule. The Ninth Circuit has recognized that in those circumstances where a

14 county acts as a state office, the county is not a "person" subject to suit under § 1983. The

15 clear example of this is the case of a county district attorney prosecuting a criminal case in

16 the name of the state. *Weiner v. San Diego County.*, 210 F.3d 1025, 1030 (9th Cir.

17 2000)(granting summary judgement holding that since district attorneys are state officers

18 when exercising their prosecutorial functions, § 1983 claims against the county fail because

19 the state is the relevant actor, not the county); *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir.

20 2014) ("The District Attorney's Office, however, acts as a state office with regard to actions

21 taken in its prosecutorial capacity, and is not subject to suit under § 1983."); *Davis v. San

22 Diego Dist. Att'y*, 765 F. App'x 409 (9th Cir. 2019) (district attorney's office entitled to

23 Eleventh Amendment immunity for actions taken in prosecutorial capacity on behalf of the

24 state).

25       Just as was the case in *Weiner*, *Jackson*, and *Davis* a district attorney's office in

26 Nevada likewise acts as an arm of the state when it prosecutes crimes. Nev. Const. art. VI §

27 13; NRS 252.080 ("The district attorney in each county shall be public prosecutor therein).

28 *Hubbard v. Percival*, No. 2:19-cv-01809-KJD-EJY, 2019 WL 8405550 at 2 (D. Nev. Dec. 4,

2019), *report and recommendation adopted*, 2020 WL 1853605 (D. Nev. Apr. 13, 2020).

Here, Plaintiff's theory against Clark County is based upon the conduct of his criminal prosecution. He may not maintain a claim against the County in this circumstance because, as was the case in *Jackson,* Nevada counties also "represent the state when they prepare to and prosecute crimes, train, and develop policies for prosecutorial staff in the area of criminal investigation and prosecution." *Duffy v. Alameda Cnty. Dist. Att'y's Off.*, No. 16-cv-5601-PJH, 2017 WL 2591286, at 2 (N.D. Cal. June 15, 2017) (internal quotation omitted).

There are no allegations against Clark County or its personnel that are independent of the prosecution of a criminal case. Under these circumstances, § 1983 does not apply to authorize suit because the County is not a "person" under that section and is further protected against suit by the Eleventh Amendment.

2. <u>Even if Clark County were Subject to Suit in this Case, DeCastro Still Does Not State a Claim Against the County Under Section 1983</u>

Even if the Court were  a "person" that was subject to suit in this case, it does not automatically follow that DeCastro has stated sufficient facts to plausibly allege a claim for relief against Clark County.

The Supreme Court has outlined the basis for holding a local government entity liable under § 1983 in *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). In order to state a viable *Monell* claim against Clark County under 42 U.S.C. § 1983, DeCastro must allege facts to show each of the following "(1) that he possessed a constitutional right of which he was deprived; (2) that [the County] had a policy; (3) that the policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006). It is incumbent upon a plaintiff to allege a sufficient factual basis to show this. *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

In *Monell* the United States Supreme Court held that municipalities can be liable under §1983 for constitutional violations by their employees only when the entity is a

1    moving force, through existing policies or customs, behind their employees' undertaking

2    unconstitutional actions.  A governmental entity cannot be held liable solely because it

3    employs a tortfeasor.  The County "…is subject to suit under § 1983 only 'if it is alleged to

4    have caused a constitutional tort through 'a policy statement, ordinance, regulation, or

5    decision officially adopted and promulgated by that body's officers." *Gravelet-Blondin v.*

6    *Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013) (quoting *City of St. Louis v. Praprotnik,* 485

7    U.S. 112, 121 (1988)). Therefore, liability against a local government entity such as the

8    County hinges on direct municipality causation, rather than liability in *respondeat superior.*

9    *Monell*, 436 at 694 & n. 58; s*ee also Board of County Comm. of Bryan County v. Brown*, 520

10   U.S. 397, 404 (1997). The United States Supreme Court reiterated that municipal liability in

11   a §1983 context is found only where the "execution of the government's policy or custom ...

12   inflicts the injury" to a plaintiff.  *City of Canton v. Harris*, 489 U.S. 378, 398 (1989).

13         In other words, it is not enough to bring a claim against the County merely because

14   one of its employees allegedly did something that caused a deprivation of rights. More is

15   required.

16         This means that as a threshold matter, a plaintiff must identify a policy or custom that

17   he or she alleges caused a constitutional violation in his case. Even at the initial pleading

18   stage "…a plaintiff must allege either that (1) 'a particular municipal action *itself* violates

19   federal law, or directs an employee to do so'; or (2) the municipality, through inaction, failed

20   to implement adequate policies or procedures to safeguard its community members'

21   federally protected rights." *Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1141

22   (9th Cir. 2020) (internal quotations omitted). While there may be different ways for a

23   plaintiff to do so, "[e]ither approach requires the plaintiff to identify the official policy that

24   resulted in a constitutional injury." *Lee v. Clark Cty. Det. Ctr.*, No. 2:14-CV-01426-JAD,

25   2015 WL 4877702, at 6 (D. Nev. Aug. 13, 2015).  The failure to identify the underlying

26   custom or policy is therefore a fatal defect to a plaintiff's attempt to state a claim for *Monell*

27   liability. *Id*.

28         Here, DeCastro's complaint points to the second option; a failure to implement

1  safeguards. But as noted above the state courts and the Las Vegas Metropolitan Police

2  Department are separate entities and the County has no duty or authority to implement

3  trainings for those entities. This is fatal to a *Monell* claim against the County based upon any

4  alleged deficiencies or lack of trainings for the police or the courts, including any inferences

5  that might be supported by LVPPA training videos, which is the basis for DeCastro's

6  allegations in paragraph 44(a) and (c) as well as paragraph 45(a). (ECF # 7, p. 8-9 ¶ 44, ¶

7  45(a)). It is also fatal for any claim against the County based upon a failure to discipline

8  employees of LVMPD. (ECF # 7 p. 9  ¶ 45(b).   This leaves only the prosecution itself,

9  which is a function of the County's District Attorney's office.

10      As to the County itself, DeCastro does not actually allege the existence of any

11  expressly adopted policy, nor does he allege facts to show a longstanding practice or custom

12  or any decision of a County official that amounts to an official policy. Such allegations are

13  simply absent from the complaint. (ECF # 7).  Instead, DeCastro makes conclusory

14  allegations in paragraph 74 about a vague conspiratorial approach to punish police critics.

15  (ECF # 7, p. 13 ¶ 74).  But conclusory allegations are not enough to sustain a viable claim

16  for relief. *E.g. Williams v. Los Angeles Job Corps*, 520 F. App'x 551 (9th Cir. 2013) (stating

17  that "'conclusory allegations of law and unwarranted inferences are not sufficient to defeat a

18  motion to dismiss.'" (quoting *Pareto v. FDIC*, 139 F.3d 696 699 (9th Cir. 1998)); *see also*

19  *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (a conspiracy under §

20  1983 cannot be shown through conclusory allegations).

21      Without identifying any underlying unconstitutional County-level policy or custom,

22  DeCastro's claim against the County is reduced to the notion that a County employee did

23  something that violated his constitutional rights (that she allegedly had an improper motive

24  when arguing for a sentence to be upheld and allegedly presented a witness who offered

25  false testimony). But this is merely a *respondeat superior* theory, which *Monell*, expressly

26  forbids. Nor can a general County policy be inferred based upon the actions of a single

27  employee in the case of DeCastro's prosecution. In order to allege the existence of a custom

28  or practice a plaintiff must do more than simply point to isolated or sporadic incidents.

1  *Kayser v. Whatcom County*, 804 F. App'x 620, 622 (9th Cir. 2020); *Trevino v. Gates*, 99

2  F.3d 911, 918 (9th Cir. 1996).

3       Ultimately the complaint does not allege facts to identify any County custom or

4  policy. The County is thus entitled to dismissal of DeCastro's § 1983 claims, even if it could

5  be counted as a "person" in this case.

6  **V.     CONCLUSION**

7       For Defendant Botelho, this case falls squarely within *Imbler*, even repeating some of

8  the very same theories raised and decided by *Imbler*. Botelho is entitled to absolute

9  immunity because each of the allegations against her concerns the traditional functions of an

10  advocate and each is intimately associated with the judicial process.

11       Clark County is entitled to dismissal because in this instance it is not a "person"

12  subject to suit under section 1983.

13       Even if the County could be considered a "person," the complaint still fails to allege

14  factual support that could plausibly show a viable legal theory. Under Nevada law the

15  County is a separate entity from LVMPD and from the state courts. DeCastro cannot state a

16  viable claim against the County based upon inaction or a lack of training provided by those

17  entities and he fails to allege any facts to show an actual policy or custom that pertains to any

18  County employee. Instead, he attempts to improperly back door *respondeat superior* liability

19  by extrapolating from the acts of one County employee in his criminal case.

20       Based upon the foregoing the complaint does not state a viable claim against Botelho

21  or Clark County. The Court should grant this motion to dismiss.

22       DATED this 15th day of December 2025.

23                    STEVEN B. WOLFSON
                      DISTRICT ATTORNEY

24

25                    By:  */s/ Scott Davis*
                     SCOTT DAVIS

26                       Deputy District Attorney
                     State Bar No. 10019

27                       500 South Grand Central Pkwy.
                     Las Vegas, Nevada 89155-2215

28                       Attorney for Agnes Botelho and Clark County

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF ELECTRONIC SERVICE</u>**

I hereby certify that I am an employee of the Office of the Clark County District Attorney and that on this 15th day of December, 2025, I served a true and correct copy of the foregoing DEFENDANTS AGNES BOTELHO AND CLARK COUNTY'S MOTION TO DISMISS (United States District Court Pacer System or the Eighth Judicial District Wiznet), by e-mailing the same to the following recipients.  Service of the foregoing document by e-mail is in place of service via the United States Postal Service.

Jose DeCastro
1258 Franklin Ave.,
Santa Monica, CA 90404
*deletelawz@gmail.com*
Plaintiff, Pro Se

 */s/ Matilda Sanchez*
An Employee of the Clark County District
Attorney's Office – Civil Division