STEVEN B. WOLFSON
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
By: **SCOTT DAVIS**
Deputy District Attorney
State Bar No. 10019
By: **OLIVIA C. DENUE**
Deputy District Attorney
State Bar No. 16842
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
(702) 455-4761
E-Mail: Scott.Davis@ClarkCountyDANV.gov
E-Mail: Olivia.Denue@ClarkCountyDANV.gov
*Attorneys for Defendants*
*Clark County and Agnes Botelho*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>  Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA; JUDGE ANN E. ZIMMERMAN in her individual capacity; JUDGE MICHELLE LEAVITT in her individual capacity; AGNES BOTELHO, in her individual capacity; BRANDEN BORQUE, in his individual capacity,<br><br>  Defendants. | Case No:   2:25-cv-00899-APG-BNW<br><br>**DEFENDANTS AGNES BOTELHO AND CLARK COUNTY'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |

COME NOW, Defendants Agnes Botelho and Clark County, by and through counsel of record, Deputy District Attorney Oliva C. Denue and pursuant to Fed. R. Civ. Pro. 12(b)(6) and the attached memorandum of points and authorities and hereby file with this Court their Reply to Plaintiff's opposition (ECF # 19) filed against them in this matter.

**POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Absolute immunity protects prosecutors from their actions while acting as an advocate. Unquestionably, defendant Botelho's actions here—arguing sentencing during a criminal proceeding and presenting witness testimony— are entitled to absolute immunity and require

dismissal. Moreover, the claims brought against Clark County must be dismissed as Clark County is not a "person" for 42 U.S.C. § 1983 purposes who may sued. Even if Clark County could be sued under 42 U.S.C. § 1983, Plaintiff has nonetheless failed to meet pleading requirements to sustain the claim. Therefore, this court should grant the motion to dismiss.

## II. ARGUMENT

### A. Defendant Botelho's Conduct is Squarely Protected Advocacy.

Plaintiff blanketly and incorrect asserts that Botelho's "handling of evidence implications and her post-sentencing escalation reflect administrative or enforcement conduct rather than core advocacy." ECF No. 19, P.4. Indeed, Plaintiff did not, and cannot, point to any facts that place Botelho's conduct outside the realm of immune advocacy. In fact, Plaintiff's own description of events concedes that Botelho's actions are protected. Botelho is therefore entitled to immunity and dismissal.

A prosecutor is entitled to absolute immunity from suit for actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Patchtman*, 424 U.S. 409, 430 (1976). When a prosecutor is acting as an advocate, they are entitled to absolute immunity. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984). Advocating in connection with sentencing fits squarely within a traditional function of an advocate. *See Peace v. Baker*, 697 F. Supp. 1145, 1147 (D. Nev. 1988); *Brown v. California Dep't of Corr.*, 554 F.3d 747, 750-751 (9th Cir. 2009). And prosecutors enjoy absolute immunity from claims that they used perjured testimony at trial. *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005).

It is only when a prosecutor functions as an administrator, rather than as an officer of the court, that absolute immunity is not warranted. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (quoting *Imbler*, 424 U.S. at 431). That is, "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer" the prosecutor is no longer working as an advocate and thus absolute immunity is not in play. *Id.* For example, "if a prosecutor plans and executes a raid on a suspected weapons cache, he has no greater claim to complete immunity than activities of police officers allegedly acting under his

direction." *Id.* at 274 (quoting *Hampton v. Chicago,* 484 F.2d 602, 608-09 (7th Cir. 1973)) (internal quotations omitted).  But acts undertaken as a prosecutor "which occur in the course of his role as an advocate for State, are entitled to the protections of absolute immunity." *Id.* at 273.

Here, Botelho's conduct is squarely that of an advocate: presenting the State's criminal case and arguing for sentencing.  There are simply no facts whatsoever that demonstrate that Botelho was acting as an administrator or that Botelho undertook investigatory acts typical to that of law enforcement. A prosecutor's role advocating for sentencing, at any stage of the case, is a traditional function entitling Botelho to immunity. A prosecutor does not lose the protections of immunity for arguing sentencing both at a bench trial and at a bail hearing, contrary to Plaintiff's assertions.  Nor does the procedural posture of the hearing change the traditional function of the advocate warranting immunity.  Moreover, any allegation concerning false testimony at trial is entitled to absolute immunity. Plaintiff's blanket assertions to the contrary are belied by the facts of this case.  Botelho is entitled to absolute immunity and this court should grant the motion to dismiss.[1]

**B.    Clark County Should be Dismissed from this Suit.**

Plaintiff argues that the *Monell* claim should proceed because Plaintiff gave a threadbare recitation of elements of a *Monell* claim.  ECF No. 19, P. 5.

1. <u>Clark County is not a "Person" under 42 U.S.C. § 1983.</u>

In the complaint, Plaintiff invokes 42 U.S.C. § 1983 as the basis for the claims alleged. ECF No. 7, P. 10-14.  42 U.S.C. § 1983 applies only to a "person" acting under color of state law; thus, Plaintiff must establish that the conduct alleged was undertaken by a "person."  The term "person" in 42 U.S.C. § 1983 does not include an arm of a state or officials acting in their official capacities.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

When a county acts as a state office, the county is not a "person" for § 1983 purposes.

---

[1] Plaintiff argues that even if absolute immunity applies, Botelho "remains necessary for limited discovery on Clark County's policies and customs."  ECF 19, No. 4.  Should any of Plaintiff's claims move forward, Plaintiff may utilize the proper procedures of discovery as outlined in the Federal Rules of Civil Procedure; Botelho may not remain a named defendant solely because plaintiff believes Botelho could provide discoverable information.

*See Weiner v. San Diego County*, 210 F.3d 1025, 1030 (9th Cir. 2000).  District attorneys who act as state officers when exercising their prosecutorial functions preclude § 1983 claims against the county because the state is the relevant actor.  *Id.*; *see also Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) ("The District Attorney's Office, however, acts as a state office with regard to actions taken in its prosecutorial capacity, and is not subject to suit under § 1983.").  The Eleventh Amendment affords immunity to the states, and Nevada has not waived its Eleventh Amendment immunity.  *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); NRS 41.031.

Here, Plaintiff has alleged no facts to support that Clark County is a "person" subject to suit under § 1983. Indeed, Clark County acts as an arm of the state when prosecuting crimes. And Clark County is protected by Eleventh Amendment immunity here.  Thus, § 1983 does not permit Plaintiff's suit.

2. <u>Plaintiff has failed to plausibly state a claim to relief against Clark County.</u>

Moreover, even if Clark County were a "person" subject to suit, Plaintiff has nonetheless failed to plausible state a claim for relief.  To avoid a dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Importantly, a plaintiff's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

The framework for holding Clark County liable under § 1983 is outlined in *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).  To state a *Monell* claim, Plaintiff must allege facts to show: "(1) that he possessed a constitutional right of which he was deprived; (2) that [the County] had a policy; (3) that the policy amounts to deliberate indifference to [plaintiff's] constitutional right; and (4) that the policy is the moving force behind the constitutional

violation." *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006).

Plaintiff has wholly failed to meet the pleading burden in this case. For Plaintiff's claims against Clark County, Plaintiff does not allege any facts as to any required elements of the claim. Instead, Plaintiff vaguely alleges a conspiracy to retaliate "against police critics." ECF No. 7, P. 13. ¶ 74(b). A conclusory allegation that "Clark County maintained customs, policies, and practices causing these constitutional violations" that "demonstrates [a] deliberate indifference to constitutional rights" does not meet the pleading burden. ECF No. 13, P. 6. ¶ 74, 74(c); *see Twombly*, 550 U.S. at 555. Plaintiff has failed to plead any factual content to show that Clark County is liable for any alleged misconduct. Plaintiff cannot merely recite elements of a claim while alleging no factual content to meet the pleading burden. Therefore, this court should grant the motion to dismiss.

## III.  CONCLUSION

Defendant Botelho is entitled to absolute immunity for traditional actions undertaken as an advocate. Plaintiff cannot point to any fact or action to demonstrate that Botelho did anything other than act as an advocate in a criminal proceeding. Any suggestion that Botelho's actions were administrative or investigatory are improper. Additionally, Clark County is not a "person" subject to suit under 42 U.S.C. § 1983 and, even if it were, the complaint wholly fails to plausibly state a claim to relief. For these reasons, this court should grant the motion to dismiss.

DATED this 2nd day of February, 2026.

STEVEN B. WOLFSON
DISTRICT ATTORNEY

By: */s/ Olivia C. Denue*
OLIVIA C. DENUE
Deputy District Attorney
State Bar No. 16842
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
Attorney for Agnes Botelho and Clark County

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that I am an employee of the Office of the Clark County District Attorney and that on this 2nd day of February, 2026, I served a true and correct copy of the foregoing DEFENDANTS AGNES BOTELHO AND CLARK COUNTY'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT (United States District Court Pacer System or the Eighth Judicial District Wiznet), by e-mailing the same to the following recipients. Service of the foregoing document by e-mail is in place of service via the United States Postal Service.

> Jose DeCastro
> 1258 Franklin Ave.,
> Santa Monica, CA 90404
> chille@situationcreator.com
> Plaintiff, Pro Se

        /s/ Matilda Sanchez
An Employee of the Clark County District Attorney's Office – Civil Division