JOSE DECASTRO
5350 Wilshire Blvd.
PO Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com
Plaintiff, Pro Se



UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO, | Case No: 2:25-cv-00899-APG-BNW |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO DEFENDANTS AGNES BOTELHO AND CLARK COUNTY'S MOTION TO DISMISS |
| v. | |
| CLARK COUNTY, NEVADA; JUDGE ANN E. ZIMMERMAN in her individual capacity; JUDGE MICHELLE LEAVITT in her individual capacity; AGNES BOTELHO, in her individual capacity; BRANDEN BORQUE, in his individual capacity, | |
| Defendants. | |

COMES NOW Plaintiff Jose DeCastro, appearing pro se, and respectfully opposes Defendants Agnes Botelho and Clark County's Motion to Dismiss (ECF No. 16). For the reasons set forth below, this Court should deny the motion in its entirety.

========================================================================
### INTRODUCTION
========================================================================

Plaintiff's criminal conviction stemmed from filming a traffic stop as a First Amendment auditor. At the March 19, 2024 bench trial before Judge Ann

1

Zimmerman, Defendant Agnes Botelho presented body-worn camera footage but did not correct testimony asserting Plaintiff failed to substantially back up when ordered—the central factual issue. Botelho recommended a suspended 90-day sentence, impulse-control class, and $500 fine, but the court imposed six months' incarceration (90 days per count, consecutive).

At the April 1, 2024 bail hearing pending appeal, Defendant Botelho opposed release without new evidence and urged continued custody to serve the full sentence. On July 10, 2024, Judge Michelle Leavitt reversed the conviction, finding Plaintiff's conduct protected under the First Amendment. During oral argument, the appellate court resolved the disputed factual issue, observing that Plaintiff did back up. (DeCastro Decl. ¶¶ 9-10).

These allegations plausibly raise the question whether Defendant Botelho's conduct extended beyond protected advocacy into administrative or enforcement activity not entitled to absolute immunity. Clark County's effort to disclaim responsibility while invoking immunity presents a legally inconsistent position. Factual disputes therefore require discovery.

===================================================================
## STANDARD OF REVIEW
===================================================================

A Rule 12(b)(6) motion requires accepting Plaintiff's well-pleaded facts as true and drawing reasonable inferences in his favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Immunity and Monell claims are fact-intensive and generally unsuitable for resolution before discovery where material disputes exist regarding the nature of the conduct or the existence of policies. See Tortu v. Las Vegas Metro. Police Dep't, 556 F.3d 1075, 1081 (9th Cir. 2009); AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).

================================================================
ARGUMENT
================================================================

I. DEFENDANT BOTELHO IS NOT ENTITLED TO ABSOLUTE IMMUNITY AT THIS STAGE

Absolute immunity protects prosecutorial functions "intimately associated with the judicial phase of the criminal process" (Imbler v. Pachtman, 424 U.S. 409, 430 (1976)) but does not extend to investigative or administrative acts (Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). A presumption of vindictiveness may arise when prosecutorial actions pose a realistic likelihood of such following the exercise of protected rights. United States v. Jenkins, 504 F.3d 694, 699 (9th Cir. 2007); United States v. Goodwin, 457 U.S. 368, 374 (1982).

A. The Allegations Raise a Plausible Question Whether Botelho's Conduct Falls Outside Protected Advocacy

Relevant Sequence of Events:

Trial (March 19, 2024): Defendant Botelho presented body-camera footage depicting Plaintiff stepping back, while testimony characterizing Plaintiff as non-compliant went uncorrected. (DeCastro Decl. ¶¶ 3-5).

Sentencing (March 19, 2024): Botelho recommended a suspended 90-day sentence, impulse-control class, and $500 fine. (DeCastro Decl. ¶ 6).

Bail Hearing (April 1, 2024): Without new evidence, Defendant Botelho opposed bail and advocated continued incarceration pending appeal.

Appeal (July 10, 2024): The State conceded Plaintiff "clearly backed up a short distance," consistent with the video Botelho presented at trial. Judge Leavitt reversed the conviction on First Amendment grounds. (DeCastro Decl. ¶¶ 9-11).

These facts plausibly raise the question whether Botelho's handling of evidence implications and her post-sentencing escalation reflect administrative or enforcement conduct rather than core advocacy.

B. The Complaint Adequately Pleads Facts Supporting Denial of Immunity on the Pleadings

The complaint alleges Botelho failed to correct testimony contradicted by video evidence in her possession (ECF #7, ¶¶ 71–73). This Court has previously described the same video as showing Plaintiff "backed up a step." DeCastro v. Las Vegas Metro. Police Dep't, No. 2:23-CV-00580-APG, 2024 WL 4189939, at *3 (D. Nev. Sept. 12, 2024).

The cited authorities supporting absolute immunity (Imbler; Reasonover v. St. Louis Cty., 447 F.3d 569, 580 (8th Cir. 2006)) did not involve post-sentencing escalation following the exercise of appellate rights or evidence handling that arguably crossed into non-advocacy functions. The objective circumstances here are sufficient to warrant discovery.

C. Discovery Is Required to Resolve the Functional Nature of the Conduct

Material factual disputes—such as the basis for Botelho's change in position at the bail hearing and her knowledge of the video's implications—preclude resolution of absolute immunity on the pleadings. Torres v. Goddard, 793 F.3d 1046, 1051–52 (9th Cir. 2015).

II. DEFENDANT BOTELHO MUST REMAIN A PARTY FOR MONELL DISCOVERY

Even assuming absolute immunity applies to some of Botelho's conduct, she remains necessary for limited discovery on Clark County's policies and customs. Plaintiff's Monell claim is based on final policymaker action and ratification, not vicarious liability. See Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986); City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988).

Defendants' inconsistent characterization of Botelho as a state actor for immunity purposes while denying County responsibility further supports denial of dismissal. Under Nevada law, district attorneys are county officials. NRS 252.080.

## III. CLARK COUNTY REMAINS SUBJECT TO § 1983 LIABILITY

Municipalities are "persons" subject to liability for unconstitutional policies or customs. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Weiner v. San Diego Cty., 210 F.3d 1025 (9th Cir. 2000), addressed only individual prosecutorial immunity, not municipal liability for policymaker decisions or ratification. Los Angeles Cty. v. Humphries, 562 U.S. 29, 37 (2010). The complaint adequately pleads retaliation custom (ECF #7, ¶ 74(b)), failure to train or discipline (¶¶ 74(c), 45(b)), and final policymaker action. Discovery into relevant guidelines and practices is required. AE ex rel. Hernandez, 666 F.3d at 637.

## IV. PLAINTIFF HAS PLAUSIBLY ALLEGED MULTIPLE BASES FOR MONELL LIABILITY

The complaint pleads policy or custom, failure to train or discipline, and single decisions by a final policymaker—each an independent basis for municipal liability. Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004); Pembaur, 475 U.S. at 480. These fact-intensive claims are not appropriately resolved at the pleading stage.

## V. CONCLUSION

Defendants' inconsistent role characterizations create a constitutional gap the law does not permit. The complaint states plausible claims that cannot be resolved without discovery. Defendants' motion to dismiss should be denied in

5

its entirety.

Respectfully submitted this 30th day of December, 2025.

/s/ Jose DeCastro
JOSE DECASTRO
5350 Wilshire Blvd.
PO Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com
Plaintiff, Pro Se

================================================================
CERTIFICATE OF SERVICE
================================================================

I certify that on December 30, 2025, I served this opposition via the

Court's CM/ECF system upon:

Scott Davis
Deputy District Attorney
Clark County District Attorney's Office - Civil Division
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
Scott.Davis@ClarkCountyDANV.gov
Attorney for Defendants Agnes Botelho and Clark County

/s/ Jose DeCastro
JOSE DECASTRO

===============================================================
DECLARATION OF JOSE DECASTRO IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS AGNES BOTELHO
AND CLARK COUNTY'S MOTION TO DISMISS
===============================================================

I, Jose DeCastro, declare as follows:

1. I am the Plaintiff in the above-captioned action and make this declaration based on my personal knowledge.

2. I was present at my criminal bench trial on March 19, 2024, before Judge Ann Zimmerman in the Clark County Justice Court, Case No. 23C-013015.

3. At that trial, body-worn camera footage of the underlying incident was admitted into evidence and played in open court.

4. Officer Branden Borque testified that I did not "substantially" back up when ordered.

5. I testified that I backed up "a foot or two" and that I was "at least ten feet away" from the officer.

6. At sentencing on March 19, 2024, Prosecutor Agnes Botelho recommended a suspended 90-day sentence, an impulse-control class, and a $500 fine.

7. Judge Zimmerman sentenced me to a total of 180 days of incarceration, consisting of 90 days on each count to be served consecutively.

8. I was present at the appeal hearing held on July 10, 2024, before Judge Michelle Leavitt.

9. During oral argument at that hearing, Judge Leavitt addressed the disputed factual issue concerning whether I backed up and stated, in substance, that I did back up.

10. During the same hearing, the State acknowledged that I had backed up a short distance.

11. Judge Leavitt reversed my conviction, finding that my conduct was protected by the First Amendment.

12. Video recordings of both proceedings are publicly available through recordings posted by a third-party media outlet known as "Our Nevada Judges." I reference these recordings solely to note that the proceedings were publicly recorded and not as certified transcripts of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 30, 2025, in Los Angeles, California.

/s/ José DeCastro
JOSÉ DECASTRO
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com
Plaintiff, Pro Se

## DECLARATION OF JOSE DECASTRO

IN SUPPORT OF TIMELY FILING AND NOTICE OF CLERK RECEIPT ISSUE

I, Jose DeCastro, declare as follows:

1. I am the Plaintiff in this action, DeCastro v. Clark County, et al., Case No. 2:25-cv-00899-APG-BNW, pending in the United States District Court for the District of Nevada. I make this declaration based on my personal knowledge.
2. On December 8, 2025, I timely mailed a Motion for Order Permitting Alternative Service of Process to the Clerk of Court for the United States District Court, District of Nevada, via United States Postal Service Priority Mail.
3. The mailing included the Motion, supporting memorandum, and exhibits, and was sent prior to the applicable service deadline. USPS tracking and certified mail documentation confirm mailing and processing. True and correct copies of the USPS receipt and certified mail receipt are attached as Exhibit A.
4. As of the date of this declaration, the Motion mailed on December 8, 2025 does not appear on the electronic docket. I do not know the reason for the omission.
5. Out of an abundance of caution, and to ensure the record accurately reflects my timely filing, I submit this declaration to memorialize the original mailing and to preserve my rights in the event the filing delay resulted from clerical or administrative issues outside my control.
6. At all relevant times, I acted diligently and in good faith to comply with the Federal Rules of Civil Procedure and this Court's deadlines.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed January 27, 2026.

/s/ Jose DeCastro
JOSE DECASTRO
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com
Plaintiff, Pro Se

# EXHIBIT 1

---

## PROOF OF NON-SERVICE

Defendant Ann Zimmerman

Civil Action No.    2:25-cv-00899-APG-BNW

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for **Judge Ann Zimmerman** was recieved by me on **11/20/2025**:

*Exhibit: #1*

☐ I personally served the summons on the individual at *(place)* on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)*; or

☒ I returned the summons unexecuted because **Unknown** after attempting service at **200 Lewis Ave, Las Vegas, NV 89101**; or

☐ Other *(specify)*

My fees are $ 0 for travel and $ 95.00 for services, for a total of $ 95.00.

I declare under penalty of perjury that this information is true.

Date: 12/01/2025

_____
Server's signature

**LeRoy Wolfgramm**
Printed name and title

316 W 2nd St.
3rd Floor
Los Angeles, CA 90012

_____
Server's address

Additional information regarding attempted service, etc:

11/21/2025 10:22 AM: I spoke with an individual who identified themselves as the front desk. Their office was closed..
11/24/2025 4:01 PM: There was no answer at the address. The office had no one at the desk. I will do another attempt.
11/26/2025 12:14 PM: Not available.
12/1/2025 10:29 AM: I spoke with an individual who identified themselves as the front desk and they stated subject unknown.




Tracking #: 0197268788

# EXHIBIT 2

## PROOF OF NON-SERVICE

Defendant Michelle Leavitt

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. **2:25-cv-00899-APG-BNW**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for **Judge michelle leavitt**
was recieved by me on **11/20/2025**:

*XHB: #2*

☐ I personally served the summons on the individual at *(place)* on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*, a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)*; or

☒ I returned the summons unexecuted because **Other contact** after attempting service at **200 Lewis Ave, Las Vegas, NV 89101**; or

☐ Other *(specify)*

My fees are $ 0 for travel and $ 95.00 for services, for a total of $ 95.00.

I declare under penalty of perjury that this information is true.

Date: 11/28/2025

_____
Server's signature

**LeRoy Wolfgramm**
Printed name and title

316 W 2nd St.
3rd Floor
Los Angeles, CA 90012

_____
Server's address

Additional information regarding attempted service, etc:

**11/21/2025 10:21 AM:** I spoke with an individual who identified themselves as the front desk and they stated subject resides but not available at this time.
**11/24/2025 4:02 PM:** I spoke with an individual who identified themselves as the front desk and they stated subject resides but not available at this time. I was also given a # of the assistant Timothy Andrew's to call & set up a time to deliver these documents I will call tomorrow to set up that
**11/26/2025 12:15 PM:** I spoke with an individual who identified themselves as the the front desk. I called and left a message with her assistant named Timothy Andrews as he was not there I will try.




Tracking #: 0197042454

# EXHIBIT 3

## PROOF OF NON-SERVICE

Defendant Brandon Bourque

Civil Action No.    2:25-cv-00899-APG-BNW

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for **Officer Brandon Bourque** was recieved by me on **12/08/2025**:

#3 (Exhibit)

☐ I personally served the summons on the individual at *(place)*  on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)*; or

☒ I returned the summons unexecuted because **Moved** after attempting service at **6975 West Windmill Lane , Las Vegas, NV 89113, Las Vegas, NV 89113**; or

☐ Other *(specify)*

My fees are $ 0 for travel and $ 95.00 for services, for a total of $ 95.00.

I declare under penalty of perjury that this information is true.

Date: 12/08/2025

*Server's signature* — DPVenlos

**Donald Venlos**
*Printed name and title*

316 W 2nd St.
3rd Floor
Los Angeles, CA 90012

*Server's address*

Additional information regarding attempted service, etc:

**12/8/2025 9:25 AM: I spoke with an individual who identified themselves as the desk officer and they stated subject moved.  Subject is a police officer. The address is for the Las Vegas police dept. Enterprise Division. Subject operates out of Summerlin Division**




Tracking #: 0198244716

# EXHIBIT 4

---

## CERTIFIED MAIL RECEIPT

Proof of Original Filing — December 8, 2025



EXB: #4

Dear CM/ECF Support,

I am a pro se plaintiff with an active civil case pending in the United States District Court for the District of Nevada.

Case name: DeCastro v. Clark County, et al.
Case number: 2:25-cv-00899-APG-BNW

I am currently unable to log in to the CM/ECF system. My original CM/ECF account was associated with the email address iamalaskan@gmail.com. I am unable to access that login or reset my credentials.

My current and correct email address is chille@situationcreator.com, which I request be used going forward for all CM/ECF notices and access.

Because I have pending filings and deadlines in this matter, restoration of my CM/ECF access is time-sensitive. I have contacted the court previously regarding this issue but remain unable to file electronically.

I respectfully request assistance with restoring my CM/ECF login access, updating the email address associated with my account if necessary, or providing instructions on any steps required to re-enable electronic filing in this case.

Please let me know if you require any additional information from me.

Thank you for your time and assistance.

Respectfully,

/s/ Jose DeCastro
JOSE DECASTRO
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com
Plaintiff, Pro Se