UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jose DeCastro, | Case No. 2:25-cv-00899-APG-BNW |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Clark County Nevada, et al., | |
| Defendants. | |

Plaintiff filed a motion for alternative service on Defendants Judge Zimmerman and Judge Leavitt.[1] ECF No. 15. This Court entered an order denying Plaintiff's motion because he did not show that service of process under Nevada Rule of Civil Procedure 4.2(d) was impracticable. ECF No. 18. However, this Court extended the deadline for service of process on these Defendants to February 2, 2026. *Id.* This deadline has passed, and no proof of service has been filed. Since Plaintiff failed to timely serve Defendants Zimmerman and Leavitt under Federal Rule of Civil Procedure 4(m) and failed to comply with a court order, this Court recommends that the case be dismissed without prejudice as to Defendants Zimmerman and Leavitt.

Under Federal Rule of Civil Procedure 4(m), if the defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss an action without prejudice against a defendant or order that service be made within a specified time. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In the absence of good cause, the court has discretion to dismiss the case without prejudice or to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)

---

[1] Plaintiff also moved for alternative service on Defendant Deputy District Attorney Botelho, but Defendant Botelho made an appearance and did not argue improper service. As a result, this Court found Plaintiff's request as to Defendant Botelho moot.

Here, this Court ordered Plaintiff to serve Defendants by February 2, 2026. ECF No. 18. Because Plaintiff has neither served Defendants Zimmerman and Leavitt nor shown good cause for his failure to do so by the deadline, this Court recommends that the action be dismissed without prejudice against Defendants Zimmerman and Leavitt under Rule 4(m).

Additionally, in determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed against an unserved defendant, the only alternative is to enter a second order directing Plaintiff to serve Defendants. The circumstances here do not indicate that Plaintiff needs additional time nor is there evidence that he did not receive this Court's order. Entering another order and expending more judicial resources is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal. On balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holding dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

**IT IS THEREFORE RECOMMENDED** that **THIS ACTION BE DISMISSED** as to Defendants Zimmerman and Leavitt for failure to serve them under Rule 4(m) and for failure to comply with a court order.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 26th day of February, 2026.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE