UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

Jose DeCastro,

    Plaintiff,

v.

Clark County Nevada, et al.,

    Defendants.

Case No. 2:25-cv-00899-APG-BNW

### PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION (ECF NO. 22)

Plaintiff Jose DeCastro, proceeding pro se, respectfully objects pursuant to 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2(a) to the Report and Recommendation filed February 26, 2026 (ECF No. 22), which recommends dismissal without prejudice as to Defendants Judge Ann Zimmerman and Judge Michelle Leavitt. The recommendation proceeds directly to the discretionary dismissal analysis without first determining whether the mandatory extension clause of Federal Rule of Civil Procedure 4(m) applies. Rule 4(m) requires that question to be answered first. If good cause exists, the court must extend the service deadline. Dismissal is not available. Because good cause is established on this record, the five-factor dismissal analysis is not properly reached, and the Court should decline to adopt the recommendation.

### I. BACKGROUND

Plaintiff retained ABC Legal Services, a professional process serving firm, to effectuate service on all named defendants. Service on Clark County was completed on November 25, 2025. With respect to Defendants Zimmerman and Leavitt, the process server made seven total documented attempts at the Regional Justice Center, 200 Lewis Ave, Las Vegas, NV 89101, their courthouse workplace.

The attempts on Judge Ann Zimmerman occurred on November 21, November 24, November 26, and December 1, 2025. See Exhibit B (Proof of Non-Service, Zimmerman); Exhibit D (Service Attempt Summary, Zimmerman). On the first attempt, front desk staff stated that the office was

closed. On the second, no one was present at the desk. On the third, no contact was made. On the fourth attempt, a front desk representative stated that the subject was unknown. Given that Judge Zimmerman presides at that courthouse, this representation suggests that courthouse procedures rather than genuine unavailability prevented service from being completed.

The attempts on Judge Michelle Leavitt occurred on November 21, November 24, and November 26, 2025. See Exhibit A (Proof of Non-Service, Leavitt); Exhibit C (Service Attempt Summary, Leavitt). On the second attempt, front desk staff directed the process server to contact Judge Leavitt's judicial assistant, Timothy Andrews, and provided a phone number for that purpose. The server called and left a message with Andrews. The process server therefore followed the procedure identified by courthouse personnel for arranging delivery of the documents. Despite complying with that procedure and making a follow-up attempt, service was never completed.

Based on these documented failures, Plaintiff filed a Motion for Alternative Service, mailed to the Clerk of Court via U.S. Priority Mail on December 8, 2025, prior to the then-applicable January 6, 2026 service deadline. USPS Tracking No. 9505 5156 0902 5342 8392 38. That motion was docketed as ECF No. 15. The Court denied the motion and extended the service deadline to February 2, 2026. ECF No. 18. No additional service was completed by that date, and the magistrate issued the instant R&R on February 26, 2026.

Throughout this period, Plaintiff has been unable to access the CM/ECF electronic filing system. Plaintiff's original CM/ECF account was associated with an email address that Plaintiff no longer controls. Plaintiff has contacted the Court requesting restoration of access and submitted a written request to CM/ECF support identifying chille@situationcreator.com as the correct current email address. Access has not been restored, and Plaintiff has been required to rely exclusively on paper mail for all filings and receipt of court orders.

## II. LEGAL STANDARD

This Court reviews a magistrate judge's report and recommendation de novo as to any portion to which timely objection is made. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(b).

Federal Rule of Civil Procedure 4(m) establishes a two-step framework. The first step is mandatory: "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). The use of "must" is not permissive. A finding of good cause requires an extension as a matter of law. Only if the court first determines that good cause has not been shown does it proceed to the second step, which involves the discretionary analysis of whether to extend time or dismiss. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). The Report and Recommendation moved directly to the discretionary dismissal factors without addressing the threshold mandatory question. That sequencing error is an independent basis for rejecting the recommendation.

Even where good cause is not established, the district court retains broad discretion to extend time rather than dismiss. In re Sheehan, 253 F.3d at 512. The Ninth Circuit has instructed courts to consider all relevant circumstances, including whether defendants have actual notice of the lawsuit. Id.

Pro se litigants are entitled to liberal construction of their filings and procedural flexibility. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Ninth Circuit has held that Rule 4(m) should be applied with particular flexibility for pro se plaintiffs who have made genuine, good-faith attempts at service. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990); Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013).

### III. OBJECTIONS

#### A. The Magistrate Erred by Bypassing the Mandatory Good Cause Analysis

Rule 4(m)'s mandatory extension clause is a threshold inquiry that must be resolved before the court considers dismissal. The five-factor dismissal analysis from In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006), applies only after the court has determined that good cause does not exist. The Report and Recommendation does not separately address good cause or explain why it is not satisfied. It proceeds directly to the dismissal factors. That is legal error. Because good cause is established here, as set forth below, the mandatory extension provision of Rule 4(m) applies and dismissal is not available.

#### B. Good Cause Is Established by Plaintiff's Diligence and Courthouse Interference with Service

Good cause for failure to complete service exists where the plaintiff demonstrates reasonable diligence and the failure to serve is attributable to factors outside the plaintiff's control. Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). This record shows both elements required for good cause. Plaintiff acted diligently and the failure to complete service resulted from barriers outside Plaintiff's control.

On diligence: Plaintiff hired a licensed professional process serving firm. A litigant who hires a professional process server and relies on that professional to execute service has taken the reasonable steps expected under the service rules. That firm made seven documented attempts to serve two defendants at their official workplace over approximately two weeks. Federal courts routinely decline to dismiss cases where a plaintiff has engaged a professional process server who made repeated, documented attempts at service. See Laursen v. City of Tualatin, 2009 WL 4730716 (D. Or. 2009). This reflects the principle that a plaintiff who retains a professional process server and documents repeated attempts has taken the steps expected of a diligent litigant. Plaintiff also filed ECF No. 15, a motion for alternative service, before the then-applicable deadline expired. That filing demonstrates awareness of the procedural situation and a proactive effort to resolve the service problem through proper channels rather than allow the deadline to lapse without action.

On courthouse interference: The failure to complete service was not caused by Plaintiff's neglect. For Judge Leavitt, courthouse personnel denied physical access on each attempt but directed the process server to contact judicial assistant Timothy Andrews by phone to arrange delivery. The server followed that instruction, called Andrews, left a message, and made a follow-up attempt. Courthouse personnel identified this as the appropriate procedure and the server complied. For Judge Zimmerman, front desk personnel stated on December 1, 2025 that the subject was unknown, a representation that, as noted above, suggests courthouse procedures rather than genuine unavailability prevented service from being completed. Courts have recognized that defendants cannot benefit from conduct that prevents a plaintiff from completing service. See Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Where a process server diligently attempts service at a defendant's official workplace and follows the procedure identified by courthouse staff, the resulting failure is not attributable to the plaintiff and good cause is established.

### C. Even Without Good Cause, the Court Should Exercise Its Discretion to Extend Time

Even if the Court were to find that good cause has not been technically established, dismissal remains inappropriate. The Ninth Circuit has held that district courts retain discretion under Rule 4(m) to extend the service period in the absence of good cause. In re Sheehan, 253 F.3d at 512. Dismissal under these circumstances would punish a plaintiff who actively attempted service while rewarding the barriers that prevented that service from being completed. The Court should exercise its discretion to extend the deadline rather than dismiss.

### D. Defendants' Awareness of the Service Attempts Weighs Against a Finding of Prejudice

This argument is not offered as a substitute for proper service but rather to address the prejudice factor discussed in the Report and Recommendation. The R&R applies a presumption of prejudice from delay under Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). That presumption is rebutted where the record shows defendants were aware of the litigation and the service attempts directed at them. See Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991). Courthouse personnel at the location where the defendants work were repeatedly contacted by the process server. Judge Leavitt's judicial assistant was personally contacted by the server. Defendants who were aware that service was being attempted at their workplace, and whose staff directed the server through a specific procedure for arranging delivery, cannot credibly claim that the resulting service delay caused unfair surprise or harm. The third factor does not support dismissal on this record.

### E. Less Drastic Alternatives Are Available and Should Be Ordered

The R&R concludes that entering another order would not be a meaningful alternative. Plaintiff respectfully disagrees. The record does not reflect that Plaintiff lacks diligence or willingness to serve. It reflects that a professional process server was denied physical access to defendants at their official courthouse on seven occasions. The solution is not dismissal but authorization of an alternative method of service.

Courts regularly authorize alternative methods of service when physical service at a government workplace proves impracticable, and such authorization is a routine remedy rather than an extraordinary one. See Fed. R. Civ. P. 4(e)(1) (permitting service pursuant to applicable state law); Nev. R. Civ. P. 4.4(b) (authorizing court-ordered alternative service upon a showing that service by other means is impracticable). An order authorizing service by certified mail directed to the chambers of each defendant at 200 Lewis Ave, Las Vegas, NV 89101, or an order directing courthouse personnel not to interfere with lawful service of process in this matter, would resolve the issue immediately and allow the litigation to proceed on the merits. Plaintiff is prepared to complete service immediately upon entry of such an order. The fifth factor does not support dismissal when a practical and readily available alternative exists.

### F. Plaintiff's Lack of CM/ECF Access Has Materially Impaired His Ability to Respond to Court Orders

The Report and Recommendation states that "there is no evidence that he did not receive this Court's order." ECF No. 22 at 2. This finding does not account for the structural disadvantage created by Plaintiff's loss of CM/ECF access. Plaintiff's original ECF account was associated with an email address that Plaintiff no longer controls. Plaintiff has contacted the Court on multiple occasions requesting restoration of access and submitted a written request to CM/ECF support updating his email address to chille@situationcreator.com. As of the date of this filing, access has not been restored.

Parties with CM/ECF access receive electronic notice of court orders instantaneously. Plaintiff receives notices only when paper copies arrive by mail, which typically takes several days. That difference materially affects the ability of a pro se litigant to respond promptly to orders and meet court-imposed deadlines. The conclusion that Plaintiff failed to act does not account for the delay inherent in a paper-only filing process. Any inference that Plaintiff received the Court's order and disregarded it is inconsistent with the practical realities of paper-only filing status, and the perceived delay in responding to the February 2 deadline is at least in part a product of this access problem rather than neglect.

Plaintiff respectfully requests that the Court direct the Clerk to restore Plaintiff's CM/ECF access or provide specific written instructions for reactivating an account linked to chille@situationcreator.com. Electronic access is not a convenience. It is a functional prerequisite to effective participation in federal litigation, and its absence has placed Plaintiff at a continuous procedural disadvantage throughout this case.

### IV. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court decline to adopt the Report and Recommendation (ECF No. 22) and instead enter an order:

1. Finding good cause for the failure to complete service on Defendants Zimmerman and Leavitt and extending the service deadline pursuant to the mandatory extension provision of Federal Rule of Civil Procedure 4(m) for sixty days from the date of the order;

2. In the alternative, exercising the Court's discretion under Rule 4(m) and In re Sheehan, 253 F.3d 507 (9th Cir. 2001), to extend the service deadline for sixty days from the date of the order;

3. Authorizing alternative service by certified mail directed to the judicial chambers of each defendant at the Regional Justice Center, 200 Lewis Ave, Las Vegas, NV 89101, or in the alternative ordering that courthouse personnel at that location shall not obstruct or refuse lawful service of process in this matter; and

4. Directing the Clerk of Court to restore Plaintiff's CM/ECF filing access or provide specific written instructions for reactivating Plaintiff's account associated with the email address chille@situationcreator.com.

Plaintiff is prepared to complete service immediately upon entry of any order that clarifies or authorizes the method of service. No party will be prejudiced by this relief and the case can proceed on the merits without further delay.

Respectfully submitted,

/s/ Jose DeCastro

JOSE DECASTRO

5350 Wilshire Blvd.

P.O. Box 36143

Los Angeles, CA 90036

(310) 963-2445

chille@situationcreator.com

Plaintiff, Pro Se

Dated: March 3, 2026

## **EXHIBIT LIST**

Exhibit A    Proof of Non-Service, Judge Michelle Leavitt (signed 11/28/2025)

Exhibit B    Proof of Non-Service, Judge Ann Zimmerman (signed 12/01/2025)

Exhibit C    Service Attempt Summary, Judge Michelle Leavitt (ABC Legal, Dec. 21, 2025)

Exhibit D    Service Attempt Summary, Judge Ann Zimmerman (ABC Legal, Dec. 21, 2025)

Civil Action No.    2:25-cv-00899-APG-BNW

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for    Judge michelle leavitt
was recieved by me on    11/20/2025:

☐    I personally served the summons on the individual at *(place)*   on *(date)* ; or

☐    I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐    I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)*; or

☒    I returned the summons unexecuted because **Other contact** after attempting service at **200 Lewis Ave, Las Vegas, NV 89101**; or

☐    Other *(specify)*

My fees are $ 0 for travel and $ 95.00 for services, for a total of $ 95.00.

I declare under penalty of perjury that this information is true.

Date:    11/28/2025

_____
Server's signature

LeRoy Wolfgramm
Printed name and title

316 W 2nd St.
3rd Floor
Los Angeles, CA 90012

_____
Server's address

Additional information regarding attempted service, etc:

11/21/2025 10:21 AM: I spoke with an individual who identified themselves as the front desk and they stated subject resides but not available at this time.
11/24/2025 4:02 PM: I spoke with an individual who identified themselves as the front desk and they stated subject resides but not available at this time.  I was also given a # of the assistant Timothy Andrew's to call & set up a time to deliver these documents I will call tomorrow to set up that
11/26/2025 12:15 PM: I spoke with an individual who identified themselves as the the front desk.  I called and left a message with her assistant named Timothy Andrews as he was not there I will try.




Tracking #: 0197042454

Civil Action No.    2:25-cv-00899-APG-BNW

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for **Judge Ann Zimmerman**
was recieved by me on **11/20/2025**:

☐ I personally served the summons on the individual at *(place)* on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*, a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*, who is designated by law to accept service of process on behalf of *(name of organization)*; or

☒ I returned the summons unexecuted because **Unknown** after attempting service at **200 Lewis Ave, Las Vegas, NV 89101**; or

☐ Other *(specify)*


My fees are $ 0 for travel and $ 95.00 for services, for a total of $ 95.00.

I declare under penalty of perjury that this information is true.

Date: 12/01/2025

*Server's signature*

**LeRoy Wolfgramm**
*Printed name and title*

316 W 2nd St.
3rd Floor
Los Angeles, CA 90012

*Server's address*

Additional information regarding attempted service, etc:

**11/21/2025 10:22 AM:** I spoke with an individual who identified themselves as the front desk. Their office was closed..
**11/24/2025 4:01 PM:** There was no answer at the address. The office had no one at the desk. I will do another attempt.
**11/26/2025 12:14 PM:** Not available.
**12/1/2025 10:29 AM:** I spoke with an individual who identified themselves as the front desk and they stated subject unknown.




Tracking #: 0197268788

  Chille DeCastro <iamalaskan@gmail.com>

## Judge Leavett

**Dan Fissel** <dan.fissel@gmail.com>  Sun, Dec 21, 2025 at 2:38 PM
To: Delete Lawz <deletelawz@gmail.com>, IamAlaskan@gmail.com

## Michelle Leavitt

**Denied access to chambers and/or judge unable to serve**

## Service Summary

A process server attempted to serve Judge Michelle Leavitt at 200 Lewis Ave, Las Vegas, NV 89101-6300 on three separate occasions between November 21, 2025 and November 26, 2025. All service attempts were unsuccessful. The attempts occurred on:

- November 21, 2025 at 10:21 AM PST
- November 24, 2025 at 4:02 PM PST
- November 26, 2025 at 12:15 PM PST

Non-service was confirmed on November 27, 2025 at 5:27 AM EST, and a signed Proof of Non-Service was completed on November 28, 2025 at 9:51 AM EST. The case now requires selection of an alternative service address for Judge Michelle Leavitt.

 **JudgeLeavitt.pdf**
90K



Chille DeCastro <iamalaskan@gmail.com>

### Judge Ann Zimmerman Service

Dan ~~████~~ <~~████~~@gmail.com>  Sun, Dec 21, 2025 at 2:34 PM
To: Delete Lawz <deletelawz@gmail.com>, IamAlaskan@gmail.com

# Ann Zimmerman

**Denied access to chambers and/or judge unable to serve**

## Service Summary

A process server attempted to serve Judge Ann Zimmerman at 200 Lewis Ave, Las Vegas, NV 89101-6300 on four separate occasions between November 21, 2025 and December 1, 2025. All service attempts were unsuccessful. The attempts occurred on:

- November 21, 2025 at 10:22 AM PST
- November 24, 2025 at 4:01 PM PST
- November 26, 2025 at 12:14 PM PST
- December 1, 2025 at 10:29 AM PST

Non-service was confirmed on December 1, 2025 at 1:30 PM EST, and a signed Proof of Non-Service was completed on February 1, 2025 at 2:12 PM EST.

📄 JudgeZimmerman.pdf
90K