STEVEN B. WOLFSON
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
By: **SCOTT DAVIS**
Deputy District Attorney
State Bar No. 10019
By: **OLIVIA C. DENUE**
Deputy District Attorney
State Bar No. 16842
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
(702) 455-4761
E-Mail: Scott.Davis@ClarkCountyDANV.gov
E-Mail: Olivia.Denue@ClarkCountyDANV.gov
*Attorneys for Defendants*
*Clark County and Agnes Botelho*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA; JUDGE ANN E. ZIMMERMAN in her individual capacity; JUDGE MICHELLE LEAVITT in her individual capacity; AGNES BOTELHO, in her individual capacity; BRANDEN BORQUE, in his individual capacity,<br><br>　　　　Defendants. | Case No:　2:25-cv-00899-APG-BNW<br><br>**DEFENDANTS AGNES BOTELHO AND CLARK COUNTY'S MOTION TO STAY DISCOVERY** |

COMES NOW, Defendants Agnes Botelho and Clark County, by and through counsel of record, Deputy District Attorney Olivia C. Denue, to move this Honorable Court for an order staying discovery in this matter, pending the Court's ruling on its Motion to Dismiss Plaintiff's Complaint.

### POINTS AND AUTHORITIES

**I.　INTRODUCTION**

Plaintiff filed a first amended complaint alleging 42 U.S.C. § 1983 violations by Clark County, Clark County Deputy District Attorney Agnes Botelho, Judges Ann Zimmerman and Michelle Leavitt, Las Vegas Metropolitan Police Department ("LVMPD") officer Branden

Borque, and a John Doe Baliff. ECF No. 7. Plaintiff purportedly filed suit against Botelho for prosecuting Plaintiff's case, advocating to the court to maintain Plaintiff's sentence, and failing to correct false witness testimony. ECF No. 7, P. 7 ¶¶ 37-38; ECF No. 7, P. 13 ¶ 72. Plaintiff did not make any concrete factual allegations against defendant Clark County in the complaint, only indirectly implying liability against Clark County for the actions of Clark County employee Botelho. ECF No. 7, P. 13 ¶ 74. Plaintiff made conclusory allegations that Clark County has a custom or policy of retaliation against police critics. ECF No. 7, P. 13 ¶ 74. And although the courts of the state and the LVMPD are distinct entities not subject to Clark County's control, Plaintiff alleged that Clark County has failed to train LVMPD officers and failed to train the judges of the state court who presided over Plaintiff's case and appeal. ECF No. 7, P. 3, ¶ 10; P. 9 ¶ 45, 48; P. 13 ¶ 74.

It is defendants Clark County and Botelho's position that the complaint must be dismissed because (1) Botelho is entitled to absolute immunity from suit, (2) Clark County has no duty or authority to train LVMPD officers, (3) Clark County has no duty or authority to instruct judges how to handle cases, (4) Clark County is not a "person" subject to suit under 42 U.S.C. § 1983, and (5) even if Clark County were subject to suit, Plaintiff failed to state a 42 U.S.C. § 1983 claim against Clark County. *See* ECF No. 16. Therefore, defendants Clark County and Botelho submit this motion seeking a stay of discovery, pending this Court's resolution of the dispositive motion to dismiss.

## II. ARGUMENT

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The purpose of a motion to dismiss "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). "Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little*, 863 F.2d at 685). The party

"seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (internal citations omitted).

Although the Ninth Circuit has not set forth specific factors that a court should apply when deciding a motion to stay discovery pending a dispositive motion, courts in the District of Nevada apply a two-part test when evaluating whether discovery should be stayed. *Tradebay*, 278 F.R.D. at 602. The elements of that test are: (1) the pending motion must potentially be dispositive of the entire case, or at minimum dispositive on the issue on which discovery is sought and (2) the court must determine whether the pending motion can be decided absent additional discovery. *Id.*; *see also Mlejnecky v.Olympus Imaging America, Inc.*, No. 2:10-cv-02630, 2011 WL 489743, *1 at *6 (E.D. Cal. 2011). This requires the district court to take a "preliminary peak" at the merits of the pending dispositive motion to determine whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602. In determining the propriety of an order staying discovery, this court considers the goal of Fed. R. Civ. P. 1, which states that the rules must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* (quoting Fed. R. Civ. P. 1).

A "preliminary peak" at defendants Clark County and Botelho's motion to dismiss clearly establishes that a stay of discovery is warranted. Applying the two-part test here, defendants Clark County and Botelho have unquestionably met their burden to demonstrate that a stay of discovery is warranted.

**A. The Pending Motion to Dismiss is Dispositive as to all of Plaintiff's claims.**

Defendants Clark County and Botelho's motion to dismiss is dispositive as to all claims in this suit against Clark County and Botelho.

As to Clark County, Clark County is not a "person" subject to suit under 42 U.S.C. § 1983 in this instance. A plaintiff must foundationally establish that the conduct in question was undertaken by a "person"; the failure to establish this foundation is dispositive as to Plaintiff's entire suit. Moreover, even if Clark County were a "person" subject to suit, Plaintiff's failure to plausibly allege a claim for relief against Clark County is dispositive as the entire suit as Plaintiff has failed to meet the threshold pleading requirement.

As to Botelho, the immunity defense prevents Plaintiff from even bringing a claim against Botelho. This would necessarily dispose of the entire suit against Botelho, as these claims simply cannot attach to Botelho. Step one has been met for Clark County and Botelho.

### B. The Pending Motion to Dismiss Can be Resolved Without the Need for Additional Discovery.

No additional discovery is needed for the Court to make a ruling on the pending dispositive motion.

As to Clark County, the pending motion deals with matters that appear on the face of the complaint itself as well as questions of law for which no additional discovery is needed. Discovery cannot cure the fact that Clark County is not a "person" for 42 U.S.C. § 1983 purposes. Nor can it cure that Clark County is a distinct legal entity from LVMPD or the courts of the state.

As to Botelho, even taking Plaintiff's allegations as true, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), Botelho is entitled to absolute immunity on all claims. There are no set of facts to be discovered that would demonstrate that Botelho was doing anything other than acting as an advocate. Step two has been met for Clark County and Botelho.

### C. Staying Discovery furthers the Goals of FRCP 1.

Lastly, a stay of discovery would effectuate the goals of Fed. R. Civ. P. 1 to "secure the just, speedy, and inexpensive" determination of the action. A stay would conserve judicial resources and save the parties time and costs. Therefore, this court should stay discovery pending the resolution of defendant Clark County and Botelho's motion to dismiss.

### III. CONCLUSION

Discovery at this stage of the litigation would prove both unnecessary and wasteful. Because both parts of the two-step *Mlejnecky* test have been met, and in accordance with the mandate of Fed. R. Civ. P. 1, defendants Clark County and Botelho respectfully request that this Honorable Court stay discovery pending the resolution of its Motion to Dismiss Plaintiff's complaint.

DATED this 11th day of March, 2026.

                                 STEVEN B. WOLFSON
                                 DISTRICT ATTORNEY

                    By:  /s/ *Olivia C. Denue*
                         OLIVIA C. DENUE
                         Deputy District Attorney
                         State Bar No. 16842
                         500 South Grand Central Pkwy.
                         Las Vegas, Nevada  89155-2215
                         Attorney for Agnes Botelho and Clark County

## **CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that I am an employee of the Office of the Clark County District Attorney and that on this 11th day of March, 2026, I served a true and correct copy of the foregoing **DEFENDANTS AGNES BOTELHO AND CLARK COUNTY'S MOTION TO STAY DISCOVERY** (United States District Court Pacer System or the Eighth Judicial District Wiznet), by e-mailing the same to the following recipients.  Service of the foregoing document by e-mail is in place of service via the United States Postal Service.

       Jose DeCastro
       1258 Franklin Ave.,
       Santa Monica, CA 90404
       chille@situationcreator.com
       Plaintiff, Pro Se

                                /s/ *Matilda Sanchez*
                             An Employee of the Clark County District
                             Attorney's Office – Civil Division