

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOSE DECASTRO,
Plaintiff,

vs.

CLARK COUNTY, NEVADA; JUDGE ANN E. ZIMMERMAN, in her individual capacity; JUDGE MICHELLE LEAVITT, in her individual capacity; AGNES BOTELHO, in her individual capacity; BRANDEN BORQUE, in his individual capacity,
Defendants.

Case No. 2:25-cv-00899-APG-BNW

PLAINTIFF'S OPPOSITION TO DEFENDANTS BOTELHO AND CLARK COUNTY'S MOTION TO STAY DISCOVERY

I. INTRODUCTION

Defendants Agnes Botelho and Clark County move to stay all discovery pending resolution of their motion to dismiss, arguing the motion is dispositive and can be resolved without factual development. It is not. A stay is not warranted where the motion turns on disputed legal and factual issues. Botelho's immunity claim is factually contested under binding Supreme Court precedent, and Clark County plainly qualifies as a defendant subject to suit under 42 U.S.C. Section 1983. Defendants have not met their burden to justify a stay. A preliminary peek reveals disputed issues, not a clear entitlement to dismissal.

II. LEGAL STANDARD

District courts have broad discretion to control discovery, but a stay is not automatic upon the filing of a motion to dismiss. Courts in this District apply a two-part test: (1) whether the pending motion is potentially dispositive, and (2) whether the motion can be decided without additional discovery. Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 602 (D. Nev. 2011). In applying this test, courts take a preliminary peek at the merits of the dispositive motion. The party seeking a stay bears the heavy burden of making a strong showing why discovery should be denied. Where the merits are not clear-cut, a stay is inappropriate.

III. ARGUMENT

A. Botelho's Immunity Defense Is Factually Contested and Cannot Be Resolved on the Pleadings.

Absolute prosecutorial immunity is determined under a functional analysis that depends on the nature of the conduct at issue. Prosecutors are entitled to immunity only when acting as advocates in the judicial process, not when performing investigative or administrative functions.

Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). The functional test requires a fact-specific inquiry into what Botelho was actually doing when she took the challenged actions.

Specifically, Plaintiff alleges that Botelho failed to correct known false witness testimony and continued to advocate for a sentence the state court had already found was the product of vindictive prosecution. Under the functional test, these acts may fall outside the sphere of pure courtroom advocacy and into investigative or administrative functions.

Whether these acts fall within the protected sphere of prosecutorial advocacy or outside it is a question that cannot be resolved on the face of the complaint alone. At the pleading stage, the Court must accept the allegations as true, which precludes a definitive immunity ruling. Defendants have not shown that the immunity question is so clear that Plaintiff's claims will necessarily be dismissed. Under the preliminary peek standard, that is insufficient to justify a stay.

The functional nature of the inquiry independently defeats the second prong of the test. Because immunity turns on what Botelho was actually doing, factual development may be necessary to resolve the immunity question itself. That alone is sufficient to defeat a stay.

B. Clark County Is a Proper Defendant Under Monell and Section 1983.

Defendants argue that Clark County is not a person subject to suit under 42 U.S.C. Section 1983. This argument is incorrect as a matter of settled law. Local government entities are subject to liability under Section 1983 where a constitutional violation results from an official policy or custom. Monell v. Department of Social Services, 436 U.S. 658 (1978). Municipal liability under Section 1983 is well established. Clark County is unquestionably subject to suit under Monell.

The complaint alleges that Clark County maintained a custom or policy of retaliating against police critics and failed to train its employees to avoid the constitutional violations at issue. Whether those allegations suffice to state a Monell claim is a pleading question, but it does not remove Clark County from the scope of Section 1983.

Defendants also contend that Clark County lacks authority over LVMPD officers and state-court judges and that the District Attorney acts as an arm of the state. Even accepting those assertions, Plaintiff has separately alleged that Clark County maintains its own custom or policy of retaliation. Whether such a policy exists and whether it was the moving force behind the violations are classic Monell questions that cannot be resolved on the pleadings.

IV. CONCLUSION

The motion does not clearly dispose of Plaintiff's claims because the immunity issue is fact dependent. Botelho's immunity defense turns on factual questions that cannot be resolved on the pleadings. The Monell argument against Clark County rests on a misstatement of settled law. A stay at this stage would be premature. Because neither prong of the test has been satisfied, the motion to stay discovery should be denied.

Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
5350 Wilshire Blvd., P.O. Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com

Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2026, I served a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS BOTELHO AND CLARK COUNTY'S MOTION TO STAY DISCOVERY by depositing the same in the United States mail, first-class postage prepaid, addressed to the following:

Olivia C. Denue / Scott Davis
Clark County District Attorney's Office — Civil Division
500 South Grand Central Pkwy.
Las Vegas, NV 89155-2215

AND by mailing a copy to the Clerk of Court:

Clerk of Court
United States District Court, District of Nevada
333 Las Vegas Blvd. South
Las Vegas, NV 89101

Dated: March 20, 2026

/s/ Jose DeCastro
Jose DeCastro, Plaintiff, Pro Se