STEVEN B. WOLFSON
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
By:  **OLIVIA C. DENUE**
Deputy District Attorney
State Bar No. 16842
By:  **SCOTT DAVIS**
Deputy District Attorney
State Bar No. 10019
500 South Grand Central Pkwy.
Las Vegas, Nevada  89155-2215
(702) 455-4761
E-Mail:  Olivia.Denue@ClarkCountyDANV.gov
E-Mail:  Scott.Davis@ClarkCountyDANV.gov
*Attorneys for Defendants*
*Clark County and Agnes Botelho*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO, <br><br> Plaintiff, <br><br> vs. <br><br> CLARK COUNTY, NEVADA; JUDGE ANN E. ZIMMERMAN in her individual capacity; JUDGE MICHELLE LEAVITT in her individual capacity; AGNES BOTELHO, in her individual capacity; BRANDEN BORQUE, in his individual capacity, <br><br> Defendants. | Case No:    2:25-cv-00899-APG-BNW <br><br> **DEFENDANTS AGNES BOTELHO AND CLARK COUNTY'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY** |

COMES NOW, Defendants Agnes Botelho and Clark County, by and through counsel of record, Deputy District Attorney Olivia C. Denue, to move this Honorable Court for an order staying discovery in this matter, pending the Court's ruling on its Motion to Dismiss Plaintiff's Complaint.

### POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendants Botelho and Clark County have filed a dispositive motion to dismiss as to all of Plaintiff's claims against them in this case.  *See* ECF No. 16.  Because this motion to dismiss would be both dispositive of the entire case against Defendants and can be decided

absent additional discovery, Defendants Botelho and Clark County seek a motion to stay discovery pending this court's resolution of the motion to dismiss. ECF No. 24. For the reasons set forth below, this court should grant Botelho and Clark County's motion to stay discovery.

**II.    ARGUMENT**

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Although the Ninth Circuit has not set forth specific factors that a court should apply when deciding a motion to stay discovery pending a dispositive motion, courts in the District of Nevada apply a two-part test when evaluating whether discovery should be stayed. *Tradebay*, 278 F.R.D. at 602. The elements of that test are: (1) the pending motion must potentially be dispositive of the entire case, or at minimum dispositive on the issue on which discovery is sought and (2) the court must determine whether the pending motion can be decided absent additional discovery. *Id*.; *see also Mlejnecky v.Olympus Imaging America, Inc.*, No. 2:10-cv-02630, 2011 WL 489743, *1 at *6 (E.D. Cal. 2011). This requires the district court to take a "preliminary peak" at the merits of the pending dispositive motion to determine whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

As explained in Botelho and Clark County's motion to stay discovery, a "preliminary peak" at defendants Clark County and Botelho's motion to dismiss undoubtedly establishes that a stay of discovery is warranted. Applying the two-part test, defendants Clark County and Botelho have met their burden to demonstrate that a stay of discovery is warranted. Plaintiff does not dispute that the only questions remaining for this court are pure questions of law for which no factual development is necessary. Therefore, this court should grant Botelho and Clark County's motion to stay discovery (ECF No. 24).

**A. The Pending Motion to Dismiss is Dispositive as to all of Plaintiff's claims.**

Plaintiff does not contest that the pending motion to dismiss would be dispositive as to all of Plaintiff's claims against Botelho and Clark County. Botelho and Clark County moved to dismiss all claims against them in the motion to dismiss: Botelho on absolute prosecutorial

immunity grounds and Clark County on multiple alternative basis, including Plaintiff improperly bringing a 42 U.S.C. § 1983 claim without foundationally establishing that the conduct was undertaken by a "person" and Plaintiff's failure to plausibly state a claim for relief.  Granting the motion to dismiss would leave no viable claims against Botelho or Clark County.  Therefore, step one has been met for Botelho and Clark County.

**B. The Pending Motion to Dismiss Can be Resolved Without the Need for Additional Discovery.**

Plaintiff's opposition to Botelho and Clark County's motion to stay discovery argues only that there are questions of law for this court to decide.  That is, Plaintiff has not alleged any factual dispute warranting discovery.  Thus, this court can resolve the pending motion to dismiss without additional discovery and the motion to stay discovery should be granted.

1.  There is no discovery needed for Plaintiff's claims against Botelho.

Plaintiff argues that Botelho failed to correct known false witness testimony and advocated for a criminal sentence.  ECF No. 26, P. 2.  Plaintiff contends these actions "may fall outside the sphere of pure courtroom advocacy and into investigative or administrative functions."  *Id.*  Plaintiff does not meaningfully argue that there is a factual dispute, instead arguing only that the parties dispute the *question of law* as to whether immunity applies.  *Id.*

There is no discovery needed for this court to rule on the pure legal question of whether Botelho's actions are entitled to absolute prosecutorial immunity.  *See Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 602 (2011) (internal citations omitted) (collecting cases and noting that discovery should be stayed while a dispositive motion is pending when "the issues before the Court are purely questions of law that are potentially dispositive.").  Whether Botelho's actions constitute immune advocacy is purely a question of law.  Even taking Plaintiff's factual allegations as true, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), that Botelho argued for different sentencing and used perjured testimony, Botelho would nonetheless be entitled to immunity.  *See Peace v. Baker*, 697 F. Supp. 1145, 1147 (D. Nev. 1988) (advocating in connection with sentencing fits squarely within a traditional function of an advocate); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) (prosecutors enjoy absolute

immunity from claims that they used perjured testimony at trial).

The immunity doctrine was designed to permit the resolution of cases as early as possible without "subjecting government officials . . . to the burdens of broad-reaching discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (internal citations omitted). Plaintiff has not argued that there is a factual dispute warranting discovery here. Instead, Plaintiff argues only that there is legal dispute as to whether immunity applies. That is, no additional discovery is needed for this court to resolve the claim against Botelho. Step two has been met.

2. There is no discovery needed for Plaintiff's claims against Clark County.

Similarly, Plaintiff does not argue that there is a factual dispute against Clark County. Instead, Plaintiff makes the *legal* argument that Clark County is a "person" subject to the 42 U.S.C. § 1983 claim. Once more, this is a pure legal question that would be dispositive as to this case for which no discovery is needed. *See Tradebay,* 278 F.R.D. 597 at 602. Whether Clark County is a person for § 1983 requires no discovery; this presents a pure question of law.

Moreover, the fact that the Las Vegas Metropolitan Police Department ("LVMPD") and the state courts are distinct legal entities is a legally established principle beyond debate. *See* NRS 280.280(3); Nev. Const. art. 3 § 1. This is not a factual issue subject to argument. Even so, if anything, this presents a question of law as to whether Clark County is the same entity as LVMPD or state courts. This inquiry is purely a legal one.

Plaintiff's assertion that Plaintiff alleged independent basis for a *Monell* claim against Clark County separate from the argument that Clark County was responsible for LVMPD or the state courts is refuted by even a cursory review of Plaintiff's operative complaint. *See* ECF No. 7, P.3, ¶ 10 ("Defendant Clark County is a Nevada municipal entity responsible for the policies, customs, and training of its *judicial and law enforcement personnel*."); *id.* at P. 8, ¶ 44 (alleging Clark County maintained policies, customs, and practices of violating constitutional rights by "fail[ing] to ensure *officer* compliance"); *id.* at P. 9, ¶ 45 (alleging that Clark County "officials" acted with deliberate indifference to constitutional rights by "failing

to train *officers*" and "[c]oordinating punishment across *branches*").

Even generously construing some of Plaintiff's arguments, the only claims against Clark County independent of LVMPD or the state courts concern the conduct of Botelho. But this is simply a *respondeat superior* theory which *Monell* expressly forbids. *See Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 691 (1978) (holding that local governments "cannot be held liable under § 1983 on a *respondeat superior* theory."). Once more, this presents a pure legal question as to whether Plaintiff may bring a *Monell* claim against Clark County on a *respondeat superior* theory. This is not a fact inquiry.

Therefore, there are no factual issues for which discovery would be needed to resolve Plaintiff's claims against Clark County. Each claim rests on a pure question of law for which no discovery is needed. Thus, step two has been met for Clark County.

### III.    CONCLUSION

Plaintiff has not meaningfully disputed that the pending motion to dismiss would be dispositive as to all claims and can be decided absent additional discovery. Because both parts of the two-step *Mlejnecky* test have been met for both Botelho and Clark County, defendants Botelho and Clark County respectfully request that this Honorable Court stay discovery pending the resolution of its Motion to Dismiss Plaintiff's complaint.

DATED this 30th day of March, 2026.

STEVEN B. WOLFSON
DISTRICT ATTORNEY


By:  */s/ Olivia C. Denue*
     OLIVIA C. DENUE
     Deputy District Attorney
     State Bar No. 16842
     500 South Grand Central Pkwy.
     Las Vegas, Nevada  89155-2215
     *Attorney for Defendants*
     *Agnes Botelho and Clark County*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that I am an employee of the Office of the Clark County District Attorney and that on this 30th day of March, 2026, I served a true and correct copy of the foregoing DEFENDANTS AGNES BOTELHO AND CLARK COUNTY'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY (United States District Court Pacer System or the Eighth Judicial District Wiznet), by e-mailing the same to the following recipients. Service of the foregoing document by e-mail is in place of service via the United States Postal Service.

Jose DeCastro
5350 Wilshire Blvd. P.O. Box 36143
Los Angeles, CA 90036
chille@situationcreator.com
Plaintiff, Pro Se

_/s/ Christine Wirt_
An Employee of the Clark County District
Attorney's Office – Civil Division