**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Jose DeCastro

              Plaintiff,

    v.

Clark County, NV, et al.,

              Defendants.

Case No. 2:25-cv-0899-APG-BNW

**ORDER**

Before this Court is a motion to stay discovery brought by Defendants Agnes Botelho and Clark County. ECF No. 24. Plaintiff opposed (ECF No. 26), and Defendants replied (ECF No. 29). For the reasons discussed below, this Court grants the motion to stay discovery (ECF No. 24).

**I.     Background**

Plaintiff, a public commentator on police accountability, alleges that after he publicly criticized and recorded law enforcement activity, he was subjected to a series of unlawful actions by officials whom he believes were employed by Clark County. The parties are familiar with the arguments. As a result, this Court only incorporates them here as relevant to this order.

**II.     Legal Standard**

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, this Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Accordingly, considerations of judicial economy and preserving the parties' resources may warrant a stay in some cases. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985).

The Federal Rules of Civil Procedure do not, however, provide for automatic or blanket stays of discovery just because a potentially dispositive motion is pending. *See Skellerup Indus.*

*Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). In fact, a dispositive motion ordinarily does not warrant a stay of discovery. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). However, when a party moves for a stay because a dispositive motion is pending, the court may grant the stay when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

While this Court has previously found that the preliminary peek test can be problematic at times, the issues presented here are simple enough where the test can be easily applied. *Schrader v. Wynn Las Vegas, LLC,* No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021).

### A. No discovery is needed to resolve Defendant's motion to dismiss, which is potentially dispositive

First, the motion to dismiss is potentially dispositive. Next, no discovery is necessary to resolve whether Defendant Botelho is immune from suit. At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true and construe them in the light most favorable to Plaintiff. The remaining inquiry is a legal one—whether those allegations, taken as true, fall outside the scope of conduct protected by prosecutorial immunity. Next, to the extent Plaintiff argues that discovery is needed to determine whether Clark County can be sued under 42 U.S.C. § 1983, this Court disagrees. That is a legal issue, not a factual one.[1]

### B. Deputy District Attorney Agnes Botelho

Prosecutors are absolutely immune against suits under 42 U.S.C. § 1983 that are based on the "performance of prosecutorial functions, even if the acts in question were committed in bad faith." *Patterson v. Van Arsdel*, 883 F.3d 826, 829-30 (9th Cir. 2018). To determine whether

---

[1] Moreover, as discussed below, this Court finds that Defendant Calrk County can be dismissed without the need to reach that issue.

immunity applies, courts look to the function being performed, not who performed it. *Id*. at 830. Acts of advocacy are immunized, while administrative or "police-type investigative acts" are not. *Id*. (quotation omitted).

Plaintiff alleges that Deputy District Attorney Agnes Botelho engaged in the following acts: (1) "[a]t the original sentencing hearing on March 17, 38. 2024, Deputy District Attorney Agnes Botelho recommended a suspended sentence and a fine" (ECF No. 7 at 7); (2) "[a]pproximately one week later, at the appeal bond hearing, Prosecutor Botelho completely reversed her position and recommended that Plaintiff remain incarcerated, despite no new facts, evidence, or legal authority supporting the harsher position" (*Id*.); and (3) "Botelho failed to correct known false testimony" during trial (ECF No. 7 at 13).

Based on the case law cited above, this Court believes Defendant Botelho is entitled to prosecutorial immunity. Moreover, Judge Gordon, who will decide the motion to dismiss, has previously relied on binding authority to hold that prosecutors are immune from suits arising "from their performance of prosecutorial functions, even if the acts in question were committed in bad faith." *Bristow v. Sanchez*, No. 2:22-cv-01092-APG-EJY, 2023 WL 3620553, at *3 (D. Nev. May 23, 2023). He further noted that acts of advocacy—those intimately associated with the judicial phase of the criminal process—are protected by absolute immunity. *Id.* This includes claims that a prosecutor maliciously initiated a prosecution, used perjured testimony, or suppressed material evidence at trial. *Id.*

Here, the conduct alleged—that Defendant Botelho altered her sentencing position and failed to correct allegedly false testimony—falls squarely within the scope of prosecutorial functions intimately associated with the judicial phase of the criminal process. Whether she acted in bad faith or not is irrelevant to this inquiry. Accordingly, this Court believes she will be entitled to absolute immunity from suit.

### C. Clark County

To state a claim for municipal liability under 42 U.S.C. § 1983, Plaintiff must allege that a municipal policy or custom caused his constitutional injury. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978). Municipalities are not vicariously liable under section 1983 for their

employees' actions. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Instead, *Monell* liability may be based on "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a section 1983 plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). A plaintiff must also show a direct causal link between the policy or custom and the constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

First, this Court agrees with Defendants that the overwhelming majority of Plaintiff's allegations are directed against an officer from the Las Vegas Metropolitan Police Department ("Metro") and the actions of state court judges. His claim, entitled "Enhanced Monell Liability," generally (and in conclusory fashion) alleges (1) Metro's failure to act in compliance with LVPPA training and (2) the coordinated acts of law enforcement, the judiciary, and (to a lesser extent) the prosecution.[2]

Plaintiff appears to believe that Clark County can be held liable for the actions of Metro and the state court judges. But Metro is its own separate legal entity. NRS 280.280(3)- (4). And "the legislative and executive branches are strictly prohibited from infringing on the court's 'incidental powers reasonable and necessary to carry out the duties required for the administration of justice.'" *City of Sparks v. Sparks Mun. Ct.*, 129 Nev. 348, 363, 302 P.3d 1118, 1129 (2013) (citing *Goldberg v. Eighth Judicial Dist. Court*, 93 Nev. 614, 616, 572 P.2d 521, 522 (1977). Thus, the judges' actions are not within the control of Clark County.

Next, Clark County cannot be held vicariously liable for the acts of Deputy District Attorney Botelho. Even if this Court assumes (1) that Clark County may be treated as a "person"

---

[2] Even assuming Plaintiff intends to include the conduct of the bailiffs, doing so does not change the analysis for the reasons set forth above.

under section 1983, and (2) that Plaintiff actually alleged conduct by Clark County independent of the other defendants, the amended complaint still fails to allege facts sufficient to state a *Monell* claim. Plaintiff does not allege the existence of any expressly adopted policy or facts to show a longstanding practice or custom. Instead, he offers only conclusory allegations that his constitutional rights were violated in retaliation for his commentary on police accountability. As a result, this Court believes this claim will be dismissed.

In sum, a preliminary review of the motion to dismiss convinces this Court that Plaintiff has failed to state a claim against these two defendants. In turn, this Court finds that staying discovery in this case will further the goals enunciated in Federal Rule of Civil Procedure 1.

**III.     Conclusion**

**IT IS THEREFORE ORDERED** that Defendants' motions to stay discovery (ECF No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that the hearing set for April 16, 2026, is **VACATED**.

DATED: April 13, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE