1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOSE DECASTRO,
      Plaintiff,

v.

CLARK COUNTY, NEVADA; JUDGE ANN E.
ZIMMERMAN, in her individual capacity;
JUDGE MICHELLE LEAVITT, in her individual
capacity; AGNES BOTELHO, in her individual
capacity; BRANDEN BOURQUE, in his individual
capacity,
      Defendants.

_____FILED    _____RECEIVED
_____ENTERED    _____SERVED ON
COUNSEL/PARTIES OF RECORD

APR 20 2026

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

Case No. 2:25-cv-00899-APG-BNW

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S
ORDER GRANTING STAY OF DISCOVERY
(ECF No. 30)
(Fed. R. Civ. P. 72(a))**

## I. INTRODUCTION

Plaintiff Jose DeCastro respectfully objects, pursuant to Federal Rule of Civil Procedure 72(a), to the Order entered by Magistrate Judge Brenda Weksler on April 13, 2026, granting Defendants' motion to stay discovery pending resolution of the motion to dismiss. ECF No. 30. The Order is contrary to law because it exceeds the permissible scope of a non-dispositive ruling by effectively deciding the merits of Plaintiff's claims under the guise of a preliminary peek. It is also clearly erroneous because the preliminary peek analysis fails to account for specific, non-conclusory factual allegations that establish a municipal policy or custom and applies a more demanding standard than this Court's precedent requires.

## II. STANDARD OF REVIEW

A district judge must modify or set aside any part of a magistrate judge's order on a non-dispositive matter that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings; the contrary-to-law standard applies to legal conclusions and is reviewed de novo. Grimes v. City & Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). A stay of discovery is a non-dispositive order subject to Rule 72(a) review.

Under this Court's precedent, a stay of discovery pending a dispositive motion is warranted only when the court has taken a preliminary peek at the merits and is convinced that the plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The preliminary peek standard does not permit the Court to weigh legal theories, resolve competing interpretations of the pleadings, or forecast dismissal. It is a limited screening tool, not a substitute for adjudication. Even assuming arguendo that Defendants' motion has merit, that is insufficient. The standard requires near certainty of dismissal, not the mere possibility or

likelihood of success. The question is not whether Plaintiff's claims may ultimately fail, but whether they are so deficient that dismissal is certain without the benefit of discovery. The Order makes no such showing.

## III. ARGUMENT

### A. The Order Is Contrary to Law Because It Resolves Dispositive Issues Under the Guise of a Discovery Stay.

The Order does not merely stay discovery. It reaches and resolves core legal issues reserved for the District Judge, including whether Defendant Botelho is entitled to prosecutorial immunity and whether Plaintiff has stated a viable Monell claim. By concluding that Plaintiff failed to state a claim and predicting dismissal, the Court exceeded the limited scope of a Rule 72(a) non-dispositive determination.

A magistrate judge's authority over discovery disputes does not extend to adjudicating the merits of a plaintiff's claims. The preliminary peek procedure exists only to identify cases where no plausible claim can survive. It does not authorize the magistrate court to resolve the merits of the motion to dismiss. The Order's legal conclusions that Botelho is entitled to immunity and that no viable Monell theory exists are the province of the District Judge and should not have been reached in the context of a non-dispositive stay motion. Because those conclusions drove the stay ruling, the Order must be set aside.

The Court's analysis goes beyond identifying whether the claims are plainly deficient and instead resolves contested legal issues, which is outside the scope of a Rule 72(a) determination. The Order resolves competing interpretations of Plaintiff's allegations against him, rather than accepting them as true. In doing so, it draws inferences against Plaintiff rather than in his favor. At the pleading stage, where all reasonable inferences must be drawn in Plaintiff's favor, resolving these issues without discovery is premature. This case remains at the pleading stage, where dismissal must be based on the absence of any plausible claim, not the perceived weakness of Plaintiff's theories.

### B. The Preliminary Peek on the Monell Claim Was Contrary to Law Because It Overlooked the Failure-to-Correct Theory.

At this stage, the Court was required to accept Plaintiff's allegations as true and draw all reasonable inferences in his favor. The Order concluded that Plaintiff's Monell allegations are conclusory because Plaintiff does not allege the existence of any expressly adopted policy or facts to show a longstanding practice or custom. ECF No. 30 at 5. This conclusion is contrary to law because it omits the failure-to-correct basis for Monell liability, which does not require an expressly adopted policy.

Monell liability may be based on, among other grounds, a failure to train, supervise, or discipline, and a decision or act by a final policymaker. *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality exhibits deliberate indifference sufficient to support Monell liability when, on notice that its officers have repeatedly violated citizens' constitutional rights, it fails to take corrective action. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). A single prior incident, if it placed the municipality on notice, can be sufficient to establish

deliberate indifference when the constitutional violation recurs. *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

The operative complaint alleges that in March 2023, Plaintiff was arrested by LVMPD Officer Brandon Bourque while filming police activity, that the resulting conviction was overturned on appeal on First Amendment grounds, and that Clark County took no corrective action following that wrongful arrest. ECF No. 7. The complaint further alleges that the prosecution of that matter was handled by the Clark County District Attorney's Office, whose conduct by Defendant Botelho is the specific basis for the Clark County claims in this case.

On February 13, 2026, Plaintiff filed a related action in this District arising from a February 14, 2024 arrest by LVMPD officers, Case No. 2:26-cv-00373-APG-MDC. The Court may take judicial notice of the existence of that filing as a matter of public record. That complaint alleges that following the 2023 wrongful arrest, LVMPD imposed no discipline, conducted no retraining on First Amendment rights, and implemented no policy changes, and that eleven months later the same constitutional violation was inflicted on the same plaintiff by the same department. Officers captured on body-worn camera confirmed they recognized Plaintiff from his YouTube channel and acknowledged awareness of his prior lawsuit before proceeding with the arrest.

This two-incident pattern of a known wrongful arrest, no corrective action, and recurrence establishes deliberate indifference. It is a specific, verifiable sequence of events in which the final policymaker had actual notice of a constitutional violation and chose not to act. The magistrate's preliminary peek did not address this theory at all. At minimum, these allegations demonstrate that Plaintiff's claims are not so deficient as to justify a finding that he will be unable to state a claim as a matter of law.

### C. The Order Misapplied the Clark County Analysis by Conflating Respondeat Superior with the Only Independent Basis for Monell Liability Alleged.

The Order correctly states that Clark County cannot be held vicariously liable for the acts of its employees under Monell. ECF No. 30 at 4-5. But the Order then treats all of Plaintiff's Clark County allegations as respondeat superior without separately analyzing the failure-to-correct claim, which is a stand-alone Monell theory that does not depend on vicarious liability. The question is not whether Clark County is liable because Botelho acted unlawfully. The question is whether Clark County's own policy of inaction, after receiving notice of constitutional violations committed by its prosecutorial arm, constitutes deliberate indifference. Those are distinct legal theories, and the Order addresses only the former.

Whether the Clark County District Attorney's Office maintained a custom of proceeding on constitutionally deficient charges is a factual question that cannot be resolved on a preliminary peek. The complaint alleges coordination between prosecutorial and law enforcement functions. Whether that coordination reflects a municipal custom requires discovery. The Order's conclusion that no discovery is needed is clearly erroneous on this record. Discovery is necessary to develop the factual record underlying these claims, and the absence of that record cannot be used as a basis to stay discovery. Denying discovery under these circumstances deprives Plaintiff of the opportunity to develop the very facts the Court relies on as absent.

**D. The Order's Preliminary Peek on the Botelho Claim Did Not Account for the Vindictiveness Doctrine or the Fact-Dependent Nature of the Immunity Inquiry.**

The Order concluded that Defendant Botelho's conduct falls squarely within prosecutorial immunity. ECF No. 30 at 3. The Order relied on *Patterson v. Van Arsdel*, 883 F.3d 826, 829-30 (9th Cir. 2018), and cited *Bristow v. Sanchez*, No. 2:22-cv-01092-APG-EJY, 2023 WL 3620553 (D. Nev. May 23, 2023), for the proposition that acts of advocacy intimately associated with the judicial phase of the criminal process are absolutely protected.

The preliminary peek did not address the vindictive prosecution doctrine, under which a prosecutor's decision to seek a harsher result in direct response to a defendant's exercise of a legal right is actionable regardless of whether the underlying act was otherwise within the prosecutorial role. United States v. Goodwin, 457 U.S. 368, 372 (1982); United States v. Jenkins, 504 F.3d 694, 699 (9th Cir. 2007). A vindictive prosecution claim challenges not the act of advocacy itself but the unconstitutional motive that drove the decision to advocate differently, which is a distinct theory not addressed by the immunity analysis. Because that inquiry turns on motive and context, it cannot be resolved without factual development.

The Order's failure to address this theory before granting a stay on the Botelho claim is contrary to law. A preliminary peek that does not engage with all live legal theories before concluding a plaintiff will be unable to state any claim is incomplete and insufficient under Kor Media.

The Order transforms a procedural ruling into a merits determination and deprives Plaintiff of the opportunity to develop the factual record necessary to oppose dismissal.

**IV. CONCLUSION**

The Order exceeded the permissible scope of a non-dispositive ruling by resolving the merits of Plaintiff's claims without permitting the factual development those claims require. Plaintiff respectfully requests that the Court sustain these objections, vacate the Order, and allow discovery to proceed.

DATED this 15ᵗʰ day of April, 2026.

Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
5350 Wilshire Blvd., P.O. Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2026, I served a true and correct copy of the foregoing PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING STAY OF DISCOVERY by placing a copy in the U.S. Mail, postage prepaid, addressed to:

Olivia C. Denue / Scott Davis
Clark County District Attorney, Civil Division
500 South Grand Central Pkwy.
Las Vegas, NV 89155-2215

/s/ Jose DeCastro

Jose M. DeCastro
5350 Wilshire Blvd
PO Box 36143
L.A., CA 90036

**CERTIFIED MAIL**

LOS ANGELES CA 900

16 APR 2026 PM 9

9589 0710 5270 3455 2505 15

FOREVER / USA

Clerk of Court
U.S. District Court of Nevada
Lloyd D. George U.S.
Courthouse
333 Las Vegas Blvd. South
L.V. NV. 89101

FILED
ENTERED
XX FAXED U.S. MARSHAL SERVICE

APR 2 0 2026

BY:

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

DEPUTY    89101-706934

**Retail**



UNITED STATES
POSTAL SERVICE

89101

**RDC 99**

U.S. POSTAGE
FCM LETTER
LOS ANGELES
APR 16, 2026

**$6.37**

S2324K50316