Jose M. DeCastro
5350 Wilshire Blvd
PO Box 36143
Los Angeles, CA 90036
Email: chille@situationcreator.com
Plaintiff, Pro Se

_____FILED   _____RECEIVED
_____ENTERED   _____SERVED ON
COUNSEL/PARTIES OF RECORD

APR 2 4 2026

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE M. DECASTRO,<br>Plaintiff,<br><br>vs.<br><br>JUDGE ANN ZIMMERMAN, et al.,<br>Defendants. | ) Case No. 2:25-cv-00899-APG-BNW<br>)<br>) PLAINTIFF'S MOTION FOR SERVICE<br>) BY PUBLICATION AS TO<br>) DEFENDANTS JUDGE ANN<br>) ZIMMERMAN AND JUDGE<br>) MICHELLE LEAVITT;<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES; DECLARATION OF<br>) JOSE M. DECASTRO IN SUPPORT |

## MOTION FOR SERVICE BY PUBLICATION

Plaintiff Jose M. DeCastro, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 4(e)(1) and Nevada Rule of Civil Procedure 4.4(c) for an order authorizing service by publication upon Defendants Judge Ann Zimmerman and Judge Michelle Leavitt. This Motion is brought ex parte as expressly authorized by NRCP 4.4(c), which permits the Court to direct alternative service "upon motion and without notice to the person being served."

Despite diligent and sustained efforts spanning more than five months, including multiple documented service attempts by a licensed process server across three separate addresses, and the retention of a licensed private investigator to locate both Defendants, personal service has been frustrated. The investigation indicates that both Defendants may be associated with alternate

names, which may explain the inability to complete service at otherwise accurate addresses. Service by publication in a newspaper of general circulation in Clark County, Nevada is now the most practicable remaining means of effecting service and providing constitutionally adequate notice.

This Motion is supported by the accompanying Memorandum of Points and Authorities, the Declaration of Jose M. DeCastro, the exhibits attached thereto, and all pleadings and papers on file in this action.

I. INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff filed the original Complaint in this civil rights action on November 19, 2025. A First Amended Complaint was subsequently filed, and a Summons as to Defendant Judge Michelle Leavitt was received by the process server on April 3, 2026. Plaintiff has continuously pursued service on both Defendants since the inception of this case.

Defendants Judge Ann Zimmerman and Judge Michelle Leavitt are named in their individual capacities for conduct giving rise to federal civil rights claims. Plaintiff seeks to serve them personally at their residences. Official capacity service, if any, is addressed by separate procedures and is not the subject of this Motion.

II. DILIGENT EFFORTS TO EFFECT PERSONAL SERVICE

A. Efforts to Serve Defendant Judge Ann Zimmerman

Plaintiff engaged ABC Legal, a nationally recognized process service company, to serve Defendant Zimmerman. Between November 19, 2025 and April 18, 2026, ABC Legal made seven documented service attempts at two separate addresses, varying the day of week and time of day in order to reach Defendant.

Attempts at 200 Lewis Avenue, Las Vegas, Nevada 89101 (Defendant's official judicial address):

1. November 21, 2025 at 10:22 AM Pacific

2. November 24, 2025 at 4:01 PM Pacific

3. November 26, 2025 at 12:14 PM Pacific

4. December 1, 2025 at 10:29 AM Pacific

On December 1, 2025, ABC Legal executed a signed Proof of Non-Service at the 200 Lewis Avenue address, confirming Defendant could not be served at the official judicial address.

Attempts at 11865 Albissola Avenue, Las Vegas, Nevada 89138 (Defendant's last known residential address):

5. April 11, 2026 at 5:49 PM Pacific

6. April 14, 2026 at 11:41 AM Pacific

7. April 18, 2026 at 4:17 PM Pacific

On the April 18, 2026 attempt, the process server reported: "There was no answer at the address. I spoke with a neighbor who doesn't recognize name." GPS coordinates confirmed the process server was at the correct location (36.037925, -115.29453). True and correct copies of the ABC Legal case activity record and the Proof of Non-Service are attached to the accompanying Declaration as Exhibit A.

B. Efforts to Serve Defendant Judge Michelle Leavitt

Following issuance of Summons for Defendant Leavitt on April 3, 2026, Plaintiff engaged ABC Legal to effect personal service at Defendant's last known residential address: 11280 Granite Ridge Drive, Unit 1042, Las Vegas, Nevada 89135.

On April 11, 2026 at 6:38 PM, the process server was unable to access the property because it is located inside a gated community, access to which is controlled by a property manager. The process server spoke with the property manager, who did not recognize the name "Leavitt." A signed Proof of Non-Service was executed on April 11, 2026 and reflects that the summons was returned unexecuted because the server was "Unable to Access after attempting service at 11280 Granite Ridge Dr Unit 1042, Las Vegas 89135, NV 89135." A true and correct copy of the signed Proof of Non-Service is attached to the accompanying Declaration as Exhibit B.

C. Retention of Licensed Private Investigator

On April 1, 2026, Plaintiff retained PL&E Investigations, LLC, a licensed investigative firm, to locate current contact information for both Defendants. Licensed investigator Andrew L. Solow conducted extensive internet and database research and produced a written report on April 2, 2026. A true and correct copy of the investigative invoice and findings is attached to the accompanying Declaration as Exhibit C.

a. Defendant Ann E. Zimmerman currently uses the name "Ann Z. Langford." She has also been associated with the name "Anna E. Vannoy."

b. Defendant Michelle Leavitt currently uses the names "Michelle T. Leavitt" and "Michelle L. Fitzpatrick."

c. A related identity, "Machelle Mecham Leavitt," shares at least two addresses with Defendant Leavitt and lists the same likely brother, attorney Andrew Mark Leavitt.

d. According to biographical information on the Clark County Courts website, Defendant Leavitt uses the email mlfjudge@apl.com.

At the Albissola Avenue residence, the process server reported that a neighbor did not recognize Defendant Zimmerman by that name. At the Granite Ridge Drive residence, the property manager did not recognize Defendant Leavitt by that name. In both cases, the information suggests

that Defendants may be associated with alternate surnames at the addresses where service was attempted.

Plaintiff is informed and believes that Defendants cannot with reasonable diligence be served by any method authorized under Rules 4.2 or 4.3.

III. LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) permits service upon an individual in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." This Court is located in the State of Nevada.

Nevada Rule of Civil Procedure 4.4(c)(1) authorizes service by publication. The rule provides, in relevant part, that "[i]f a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method, including publication."

Under NRCP 4.4(c)(2), a motion for service by publication must be supported by an affidavit or declaration setting forth: (A) that a cause of action exists against the defendant; (B) that the defendant is a necessary or proper party; (C) specific efforts made to locate and serve the defendant; (D) the defendant's last known address; and (E) facts showing that despite diligent efforts the defendant cannot be served in any manner other than by publication. Plaintiff satisfies each element, as set forth in the accompanying Declaration.

Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

objections." Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 314 (1950). Nevada courts interpret "reasonable diligence" under NRCP 4.4(c) as requiring a good faith effort reasonably calculated to locate and serve the defendant. Abreu v. Gilmer, 115 Nev. 308, 313, 985 P.2d 746, 749 (1999).

IV. ARGUMENT

A. Causes of Action Exist Against Each Defendant and They Are Necessary and Proper Parties

The First Amended Complaint states claims arising under 42 U.S.C. § 1983 and related constitutional theories against Defendants Zimmerman and Leavitt for conduct taken in connection with state court proceedings involving Plaintiff. Each Defendant is named individually, is alleged to have personally participated in the conduct giving rise to Plaintiff's claims, and is a necessary and proper party to this action. Plaintiff incorporates the allegations of the First Amended Complaint as if set forth fully herein.

B. Plaintiff Has Exercised Reasonable Diligence

The efforts undertaken to date satisfy and exceed the reasonable diligence standard of NRCP 4.4(c). Specifically:

1. Plaintiff retained a nationally recognized process service company with multiple servers in the Las Vegas area.

2. Seven documented service attempts were made on Defendant Zimmerman at two separate addresses, and one documented service attempt was made on Defendant Leavitt at her last known residential address, over a period of more than five months.

3. Attempts were made at multiple times of day, including morning, afternoon, and evening, and on different days of the week.

4. Attempts were made at both official judicial addresses and residential addresses.

5. Plaintiff engaged a licensed private investigator who conducted both internet and database research on both Defendants.

6. The process server canvassed neighbors and a property manager at the residential addresses, each of whom did not recognize the Defendants by the names used in the Summons.

Plaintiff has now exhausted every reasonably practicable avenue for traditional personal service. Plaintiff is not aware of any additional address at which service can reasonably be attempted, and continued attempts at the same addresses would be duplicative and unlikely to result in service. Further attempts at personal service would be futile. Defendants have not made themselves available for service despite Plaintiff's sustained efforts, and the inability to complete service is not due to any lack of diligence by Plaintiff.

C. Service by Publication Is Reasonably Calculated to Provide Notice

Both Defendants are public judicial officers with substantial and publicly verifiable professional presence in Clark County, Nevada. Defendant Leavitt is a sitting District Court Judge. Defendant Zimmerman is a former Clark County judge. Publication in the Las Vegas Review-Journal, a newspaper of general circulation in Clark County, is reasonably calculated to reach each Defendant through their professional community, their legal networks, and the numerous public channels in which each regularly appears. Publication therefore satisfies the due process standard articulated in Mullane.

D. Alternative Service by Email as to Defendant Leavitt

In addition to publication, the Court may direct alternative service by email under NRCP 4.4(b) and (c). Defendant Leavitt's publicly listed judicial email, mlfjudge@apl.com, is identified on the Clark County Courts website and was independently confirmed by the licensed investigator

retained by Plaintiff. This email address is reasonably believed to be associated with Defendant Leavitt based on publicly available information and investigator confirmation. Service by email to this address provides direct, contemporaneous electronic notice to Defendant Leavitt and serves as an efficient supplement to publication. Federal courts routinely approve service by email where, as here, there is a strong showing that traditional service cannot be effected and the email address is reliably associated with the defendant.

## V. REQUESTED RELIEF

Plaintiff respectfully requests that this Court enter an Order:

1. Authorizing Plaintiff to serve Defendant Judge Ann Zimmerman by publication in the Las Vegas Review-Journal or another newspaper of general circulation in Clark County, Nevada, once a week for four consecutive weeks;

2. Authorizing Plaintiff to serve Defendant Judge Michelle Leavitt by publication in the Las Vegas Review-Journal or another newspaper of general circulation in Clark County, Nevada, once a week for four consecutive weeks;

3. Authorizing, in addition to publication, alternative service upon Defendant Judge Michelle Leavitt by electronic mail to the email address mlfjudge@apl.com, with a copy of the Summons and First Amended Complaint;

4. Providing that service shall be deemed complete upon the last date of publication and, as to email service, upon transmission;

5. Extending the deadline for service under Federal Rule of Civil Procedure 4(m) and any deadline set by this Court by sixty (60) days from the date of the Order to permit completion of service by publication; and

6. Granting such other and further relief as the Court deems just and proper.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and authorize service by publication upon Defendants Judge Ann Zimmerman and Judge Michelle Leavitt.

Dated: April 22, 2026

Respectfully submitted,


/s/ Jose M. DeCastro
Jose M. DeCastro
Plaintiff, Pro Se

DECLARATION OF JOSE M. DECASTRO IN SUPPORT OF MOTION FOR SERVICE BY PUBLICATION

I, Jose M. DeCastro, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action and appear pro se. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently to them.

2. I have causes of action against both Defendant Judge Ann Zimmerman and Defendant Judge Michelle Leavitt, as set forth in the First Amended Complaint on file in this action.

3. Both Defendants are necessary and proper parties to this action because each Defendant is alleged to have personally participated in the conduct giving rise to the claims asserted.

4. I filed the original Complaint on November 19, 2025 in the United States District Court for the District of Nevada.

5. On November 19, 2025, I engaged ABC Legal to serve Defendant Zimmerman. Between November 21, 2025 and April 18, 2026, ABC Legal made seven documented service attempts at two separate addresses: (a) 200 Lewis Avenue, Las Vegas, Nevada 89101; and (b) 11865 Albissola Avenue, Las Vegas, Nevada 89138. A signed Proof of Non-Service was executed on December 1, 2025 as to the 200 Lewis Avenue address. On the most recent attempt, the process server reported that a neighbor at the Albissola Avenue address did not recognize Defendant Zimmerman by name. A true and correct copy of the ABC Legal case activity record and Proof of Non-Service is attached as Exhibit A.

6. On April 3, 2026, the process server received the Summons for Defendant Judge Michelle Leavitt. I engaged ABC Legal to serve Defendant Leavitt at her last known residential address, 11280 Granite Ridge Drive, Unit 1042, Las Vegas, Nevada 89135. On April 11, 2026, the process server attempted service but was unable to access the property because it is inside a gated community. The process server spoke with a property manager who did not recognize Defendant Leavitt by name. A signed Proof of Non-Service was executed on April 11, 2026. A true and correct copy is attached as Exhibit B.

7. On April 1, 2026, I retained PL&E Investigations, LLC, a licensed investigative firm, to locate current contact information for both Defendants. Licensed investigator Andrew L. Solow conducted internet and database research and produced a written report on April 2, 2026. A true and correct copy of the invoice and findings is attached as Exhibit C.

8. The investigator's findings indicate that Defendant Zimmerman currently uses the name "Ann Z. Langford" and has also been associated with the name "Anna E. Vannoy."

9. The investigator's findings indicate that Defendant Leavitt currently uses the names "Michelle T. Leavitt" and "Michelle L. Fitzpatrick." A related identity, "Machelle Mecham Leavitt," shares at least two addresses and a likely brother with Defendant Leavitt.

10. According to biographical information on the Clark County Courts website, Defendant Leavitt uses the email address mlfjudge@apl.com. This address was independently confirmed by the licensed investigator.

11. Neighbors at the Albissola Avenue address do not recognize the name "Zimmerman," and the property manager at the Granite Ridge Drive address does not recognize the name

"Leavitt." In each case, the information suggests that Defendants may be associated with alternate surnames at the addresses where service was attempted.

12. The last known addresses for each Defendant are as stated above. I have exercised reasonable diligence to locate both Defendants and to effectuate personal service but have been unable to do so. I am not aware of any additional residential address at which service can reasonably be attempted.

13. Both Defendants are public judicial officers with substantial and publicly verifiable professional presence in Clark County, Nevada. Publication in the Las Vegas Review-Journal, a newspaper of general circulation in Clark County, is reasonably calculated to provide each Defendant with notice of this action.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 22, 2026, at Los Angeles, California.

/s/ Jose M. DeCastro
Jose M. DeCastro

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE M. DECASTRO,<br>Plaintiff,<br><br>vs.<br><br>JUDGE ANN ZIMMERMAN, et al.,<br>Defendants. | ) Case No. 2:25-cv-00899-APG-BNW<br>)<br>) [PROPOSED] ORDER GRANTING<br>) PLAINTIFF'S MOTION FOR<br>) SERVICE BY PUBLICATION<br>)<br>)<br>)<br>) |

The Court, having considered Plaintiff's Motion for Service by Publication as to Defendants Judge Ann Zimmerman and Judge Michelle Leavitt, the supporting Declaration of Jose M. DeCastro and the exhibits attached thereto, and good cause appearing, ORDERS as follows:

1. Plaintiff's Motion is GRANTED.

2. Plaintiff is authorized to serve Defendant Judge Ann Zimmerman by publication in the Las Vegas Review-Journal, or another newspaper of general circulation in Clark County, Nevada, once a week for four consecutive weeks.

3. Plaintiff is authorized to serve Defendant Judge Michelle Leavitt by publication in the Las Vegas Review-Journal, or another newspaper of general circulation in Clark County, Nevada, once a week for four consecutive weeks.

4. Plaintiff is further authorized to effect alternative service upon Defendant Judge Michelle Leavitt by electronic mail to mlfjudge@apl.com, attaching the First Amended Complaint and Summons.

5. Service shall be deemed complete upon the last date of publication and, as to email service, upon transmission.

6. The deadline for service of process under Federal Rule of Civil Procedure 4(m) and any deadline set by this Court is extended by sixty (60) days from the date of this Order.

IT IS SO ORDERED.

Dated: _____, 2026

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Jose M. DeCastro, hereby certify as follows:

1. On April 23, 2026, I caused the foregoing Plaintiff's Motion for Service by Publication as to Defendants Judge Ann Zimmerman and Judge Michelle Leavitt, together with the Memorandum of Points and Authorities, the Declaration of Jose M. DeCastro and accompanying exhibits, and the [Proposed] Order, to be filed with the Clerk of the United States District Court for the District of Nevada.

2. This Motion is brought ex parte pursuant to Nevada Rule of Civil Procedure 4.4(c), which expressly authorizes the Court to direct alternative service "upon motion and without notice to the person being served." Accordingly, no service of this Motion upon Defendants Judge Ann Zimmerman or Judge Michelle Leavitt is required.

3. As of the date of this filing, no other Defendant in this action has been served with process or has entered an appearance, and no counsel has appeared on behalf of any Defendant. In the event any Defendant or counsel has appeared and that appearance is not reflected on the docket as of the date of this filing, a copy of this Motion will be promptly served upon such party or counsel.

Dated: April 23, 2026

/s/ Jose M. DeCastro
Jose M. DeCastro
Plaintiff, Pro Se

15

A

L DOCUMENT CATEGORY
nons and Complaint

9-APG-BNW

Nevada, Las Vegas

RVE
**mmerman**

65 ALBISSOLA AVE, LAS VEGAS, NV 89138

gress | 7 attempts made at 2 addresses | Most recent: 4/18/2026

## verview

View: [ 📄 Proofs ]

1 ————————————— (2) --------------------- (3) --------------------- (4)

Review                 Service                         Proof                    Compl
                          |
                   Attempting to Serve
                    Your Documents

**date** 4/18/2026

g hard to deliver your documents and have made another attempt. It's important to understand that multiple atte
portant part of the process. We'll be making another attempt soon.

n as deadlines, hearings, filings and proof of service display in this section.

## Activity

Attempted: **Judge Ann Zimmerman** on 4/11/2026 5:49 PM PDT

11865 Albissola Ave, Las Vegas, NV 89138-6166

---

:49 AM EDT

---

ents Received: Process server received documents for **Judge Ann Zimmerman**.

---

1 PM EDT

---

. chose next service address for Judge Ann Zimmerman

---

0:51 AM EST

---

Item to Choose Next Service Address expired for Judge Ann Zimmerman

---

:12 PM EST

---

Proof of Non-Service: **Judge Ann Zimmerman**

200 Lewis Ave, Las Vegas, NV 89101

---

:30 PM EST

---

Needed: Choose next service address for Judge Ann Zimmerman

---

:30 PM EST

---

rvice Confirmed: **Judge Ann Zimmerman**

200 Lewis Ave, Las Vegas, NV 89101-6300

---

:29 PM EST

---

Attempted: **Judge Ann Zimmerman** on 12/1/2025 10:29 AM PST

200 Lewis Ave, Las Vegas, NV 89101-6300

---

3:14 PM EST

---

Attempted: **Judge Ann Zimmerman** on 11/26/2025 12:14 PM PST

200 Lewis Ave, Las Vegas, NV 89101-6300

---

7:01 PM EST

---

Attempted: **Judge Ann Zimmerman** on 11/24/2025 4:01 PM PST

200 Lewis Ave, Las Vegas, NV 89101-6300

---

1:22 PM EST

---

Attempted: **Judge Ann Zimmerman** on 11/21/2025 10:22 AM PST

📄 Documents

🖼 Invoices

👥 Support

**\Qs for answers to common questions.**

stomer Support Ticket

the issue and a member of our team will follow up.

r Drag & Drop Documents

Send Request

🖼 FAQ & Documentation    📄 Terms of Service

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   **2:25-cv-00899-APG-BNW**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for   **Judge michelle leavitt**
was received by me on  **4/03/2026:**

☐   I personally served the **FIRST AMENDED COMPLAINT; SUMMONS** on the individual at *(place)*  on *(date)* ; or

☐   I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐   I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of  organization)*; or

☒    I returned the summons unexecuted because **Unable to Access** after attempting service at **11280 Granite Ridge Dr Unit 1042,, Las Vegas 89135, NV 89135**; or

☐   Other *(specify)*

My fees are $ 0 for travel and $ **95.00** for services, for a total of **$ 95.00**.

I declare under penalty of perjury that this information is true.

Date:  04/11/2026

_____
Server's signature

**Kelela Wolfgramm**
Printed name and title

**316 W 2nd St.**
**3rd Floor**
**Los Angeles, CA 90012**

_____
Server's address

Additional information regarding attempted service, etc:

**4/11/2026 6:38 PM: I was unable to access the address due to gated community. I spoke with a property manager/landlord who doesn't recognize name.**




Tracking #: 0218109611

Jose M. DeCastro
5350 Wilshire Blvd
PO Box 36143
Los Angeles, CA 90036
Email: chille@situationcreator.com
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSE M. DECASTRO,<br>Plaintiff,<br><br>vs.<br><br>JUDGE ANN ZIMMERMAN, et al.,<br>Defendants. | ) Case No. 2:25-cv-00899-APG-BNW<br>)<br>) INDEX OF EXHIBITS IN SUPPORT<br>) OF PLAINTIFF'S MOTION FOR<br>) SERVICE BY PUBLICATION<br>)<br>)<br>)<br>) |

## INDEX OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | ABC Legal Case Activity Record and Signed Proof of Non-Service as to Defendant Judge Ann Zimmerman |
| B | Signed Proof of Non-Service as to Defendant Judge Michelle Leavitt, dated April 11, 2026 |
| C | PL&E Investigations, LLC Invoice No. 5335 and Investigator Findings by Andrew L. Solow |

# EXHIBIT A

ABC Legal Case Activity Record and Signed Proof of Non-Service as to
Defendant Judge Ann Zimmerman

# EXHIBIT B

Signed Proof of Non-Service as to Defendant Judge Michelle Leavitt, dated April 11, 2026

# EXHIBIT C

PL&E Investigations, LLC Invoice No. 5335 and Investigator Findings by Andrew
L. Solow

**PL&E INVESTIGATIONS, LLC**
58 Lake Forest Ct.
San Francisco, CA  94131
415-722-3047
alsolow@earthlink.net
www.ple-investigations.com

**BILL TO**
Ethics SCS
205 S. Beverly Drive Suite 205
Beverly Hills, CA  90212
ATTN: Chille DeCastro, Principal

## INVOICE 5335

**DATE** 04/02/2026    **TERMS** Net 30

**DUE DATE** 05/02/2026

**CASE**

1593 - DeCastro v Clark County

**CLIENT JOB #**

2:25-cv-00899

| DATE | ACTIVITY | TIME | RATE | AMOUNT |
|------|----------|------|------|--------|
| 04/01/2026 | **Investigation**<br>TC New Client Chille DeCastro, dba: Ethics SCS. Received request for contact information and current addresses for 2 defendants in the matter of DeCastro v Clark County, NV. Open file diary and assign. Internet research and database research retired judge Ann E. Zimmerman and Judge Michelle Leavitt. Reviewed and transcribed results. Compiled report to date and Emailed to Client. - Andrew L Solow | 2.30 | 125.00 | 287.50 |
| 04/01/2026 | **Investigation**<br>Discussion: Former Clark County NV Judge Ann E. Zimmerman is currently using the name Ann Z Langford. And, District Judge Michelle Leavitt is currently using the names Michelle T. Leavitt and Michelle L. Fitzpatrick. Leavitt appears to be using two different SSNs and is using the name Machelle Mecham Leavitt for her alternate identity. According to biographical information we found for Leavitt on the Clark County Courts website, Judge Michelle Leavitt was born in 1965, and is using the Email mlfjudge@apl.com. But, MAchelle Mecham Leavitt was born in 1966. The two identities share at least 2 addresses. And, they both list a likely brother who is an attorney named Andrew Mark Leavitt. Also, their current addresses are different. - Andrew L Solow | 0.10 | 125.00 | 12.50 |

------------------------------------------

------------------------------------------

Subtotal:  300.00

| DATE | ACTIVITY | TIME | RATE | AMOUNT |
|---|---|---|---|---|
| 04/01/2026 | DBR Ann E. Zimmerman, Ann Zimmerman Langford, Ann Z. Langford, Anna E. Vannoy, Michelle Leavitt, YOB 1965, and Machelle Mecham Leavitt., YOB 1966. | | | 20.00 |

Case Name: DeCastro v Clark County
Ethics SCS Job #: 2:25-cv-00899
PL&E File #: 1593

| TOTAL DUE | $320.00 |
|---|---|

# *Remembering Justice Myron E. Leavitt*

By: Judge Michelle Leavitt, daughter of Justice Myron E. Leavitt



Many things have been written about my father and his many accomplishments. I'd like to take this opportunity to share a little more about my dad's personal life, his career and his public service.

Not only did my father serve as an outstanding public servant and judicial officer, he also, along with my mom (his wife of 49 years), Shirley, raised 11 children. He was the grandfather of 34 grandchildren. Despite all of his accolades, dad would want his legacy to be his dedication and love for his family. He loved the state of Nevada and fostered that love in his children and grandchildren. We, as a family, often traveled the state of Nevada singing "Home Means Nevada" and dad would quiz us on all the county seats.

Dad even sang that song to us to get us up in the mornings. He would not stop singing until all the kids were up and getting ready for school. He sang in an opera style voice.

Another little known fact, my dad loved to cook. He was famous for his French toast, bean dip, chocolate chip cookies and the snacks he would put in our lunches when mom was not looking. It was also very common to find him in the kitchen making homemade ice cream.

My dad was an extremely dedicated father and loving husband. He set a fine example of a husband for his children in treating our mother with respect and admiration. My mother was not only his wife, she was his life-long companion, confidant, best friend, and campaign manager.

*Justice Leavitt and wife, Shirley*



### The Early Days

Justice Myron E. Leavitt was born October 27, 1930 to Myron "Mike" and Estella Leavitt. He was the youngest of three boys, growing up in Las Vegas. His upbringing was very humble. His mother worked as a maid, and his father worked for the county street department. His mother served as the national Vice-President of the Women's Auxiliary of the American Legion. His father served on the Clark County Commission. He later served on the Clark County Commission from 1971 to 1974, following in his father's footsteps.

He graduated from Las Vegas High School in 1948. All 11



of his children graduated from Las Vegas High School as well. During his years at Las Vegas High School, he distinguished himself in academics, athletics and theater. He served as editor of the school paper, the *Desert Breeze*, and performed as the lead actor in the senior class play. He was named outstanding athlete in his class. The title was well-earned as he won three letters each in football and track and two letters in basketball. He was named to the all-state team in both football and track, as well as all-state in American Legion baseball. During his senior year, my dad was the state champion in both the 100-and 220-yard dash. He often bragged to us that he was the fastest man in the state of Nevada.

As a result of his outstanding athletic ability, he won an athletic scholarship to the University of Nevada Reno (UNR). While attending UNR, he received letters in both football and track. He was named sports editor of the university newspaper, the *Sagebrush*. He was a member of the Sigma Delta Chi, a journalism fraternity, and Lambda Chi Alpha. He graduated from UNR with a Bachelor of Arts degree in journalism.

My father returned to Las Vegas after graduation and worked at the *Las Vegas Review Journal* as the sports editor.

Dad was very close to his brother Elwin Leavitt, and with his encouragement, dad decided to attend law school. He received his Juris Doctor from the University of Utah in 1956. He graduated eighth in his class. It was in Salt Lake where he met my lovely mother, Shirley. She was his landlord's daughter. The couple married in the Salt Lake Temple on June 10, 1954. This was the beginning of what would be a beautiful life the two would share. Dad told my mom prior to their marriage that he had a strong desire to serve in public office and that he intended to have a life in politics. My mother agreed. However, it is truly doubtful she knew what laid ahead of her.

## On the Career Path

After graduation from law school, my parents returned to Las Vegas where they would raise their 11 children. Five of their children are lawyers. Dad was very passionate about the law and was very proud of his children who became lawyers. He used to encourage all of us to attend law school so "we could participate in family conversations."

Dad's public service spanned five decades. He served as a Justice of the Peace (1961-1962); Clark County Commissioner (1971-1974); Las Vegas City Commissioner (1975-1978); Lieutenant Governor of the State of Nevada (1979-1982); and District Court Judge (1984-1998). He was elected to the Nevada Supreme Court in 1998. He served on the Court until his passing in January 2004.

As a county commissioner, he initiated the drive to build the Dula Senior Citizen Center and brought the city and county together for joint funding of the project. During his term as chairman of the county commission, four new courtrooms were built, a county morgue was funded and the

*continued on page 12*



Justice Leavitt with close-friend Gov. Kenny Guinn

## Remembering Justice Myron E. Leavitt

*continued from page 11*

expansion of the Clark County Health District complex was completed.

As lieutenant governor of Nevada, he cast the deciding vote to break a tie retaining capital punishment in the state. Additionally, he was successful in halting action to remove the Lieutenant governor as president of the senate.

My father spent 15 years as a trial judge prior to his ascension to the Nevada Supreme Court. He distinguished himself as one of the most outstanding trial judges in the state. He served as president of the District Judges Association. He served as the Chief Judge of the Eighth Judicial District Court for two terms. This position was evidence of the admiration and respect my father's colleagues had for him. Dad consistently received some of the highest ratings in the *Las Vegas Review Journal* Judicial survey.

In addition to his elected positions, he also served as a deputy city attorney for North Las Vegas (1957), as a member of the Clark County Juvenile Probation Committee (1961), the attorney for the Clark County District Health Board, as well as a member of the board. He was one of the original members of the Las Vegas Metropolitan Police Commission, and was selected to be a member of the Board of Directors of the Nevada League of Cities.

My father practiced law for 28 years prior to taking the bench in district court. He successfully argued before the Nevada Supreme Court the case to force the Nevada legislature to reapportion itself according to population. He also presented the case, which forced reapportionment of the Board of Regents of the state's university system.

> *Dad had a poem that he kept in his office in a frame. The poem indicated that the true measure of success is how your children talk about you when you are not around. Anyone who knows us knows that he was an extremely successful man. He was loved, respected, adored and admired by all of his children.*

### His Community Service

Dad was also very active in community affairs. His dedication to and love for this community was recognized when a middle school was named and dedicated in his honor in March 2002. The Nevada Supreme Court convened for the special event. Most notably, he knew

---

# BECKLEY SINGLETON

### WELCOMES

# JOEL D. HENRIOD

## AS A NEW ASSOCIATE OF THE FIRM.



LAS VEGAS: (702) 385-3373
RENO: (775) 823-2900
WWW.BECKLEYLAW.COM
JHENRIOD@BECKLEYLAW.COM

Joel Henriod practices in the firm's appellate unit. While attending law school, Mr. Henriod was an extern for the Honorable William C. Koch, Tennessee Court of Appeals, researching and drafting opinions. In addition to his former clerkship with Beckley Singleton, he worked at Allen Armstrong, PLLC, as a summer associate in their wide-ranging litigation practice.

APPELLATE PRACTICE
BUSINESS/COMMERCIAL LITIGATION
BUSINESS/CORPORATE LAW
COMMERCIAL BANKRUPTCY
COMPLEX LITIGATION
CONSTRUCTION LAW
CONSUMER FRAUD
EDUCATION LAW
ENERGY LAW
GAMING LAW
INTELLECTUAL PROPERTY LITIGATION
LABOR AND EMPLOYMENT LAW
MEDICAL AND PHARMACEUTICAL LIABILITY
PERSONAL INJURY
PRODUCTS LIABILITY
REAL ESTATE LAW
SPORTS AND ENTERTAINMENT
TAX LAW & ASSET PROTECTION
ZONING AND LAND USE

# BECKLEY SINGLETON
CHTD
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH · LAS VEGAS

nothing about the honor until it was voted on and approved by the Clark County School Board. My brothers, sisters and I petitioned the school board unbeknownst to him. He was extremely honored by this event. The honor is so fitting to a man who loved children and believed education was so important. Two of his grandchildren, including my daughter, Madelyn, currently attends Justice Myron E. Leavitt Middle School.

For over 35 years, he dedicated much of his free time to coaching Little League Baseball, American Legion Baseball, Pop Warner Football, Basketball and Bobby Sox Softball. He was one of the original founders and coaches of Little League Baseball in the Las Vegas community. His all-star team of 1970 was the runner-up of the Western Region. He was active in Southern Nevada Junior Football where he served as a legal advisor and coach for ten years.

His coaching touched the lives of many young people. My dad would pick up kids and make sure they had transportation to the games. Some of these children had no transportation, shoes or the money to play organized sports. Dad made sure these kids were not left out. He often bought shoes and equipment, so these kids could participate. His many acts of kindness will be remembered by the numerous kids who benefited from his generosity and his unwillingness to allow any child to fall through the cracks. He will long be remembered as "Coach."

My father had a poem that he kept in his office in a frame. The poem indicated that the true measure of success is how your children talk about you when you are not around. Anyone who knows us knows that he was an extremely successful man. He was loved, respected, adored and admired by all of his children.

With his passing, the legal community has lost an extraordinary Justice, the state of Nevada lost a dedicated and honest public servant. Our family lost a great patriarch and teacher. I admired him more than words can express. **HE WAS TRULY MY HERO.** ℵ



Leavitt Family Portrait

Judge Michelle Leavitt and Justice Leavitt

Justice Leavitt and wife, Shirley