STEVEN B. WOLFSON
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
By: **OLIVIA C. DENUE**
Deputy District Attorney
State Bar No. 16842
By: **SCOTT DAVIS**
Deputy District Attorney
State Bar No. 10019
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
(702) 455-4761
E-Mail: Olivia.Denue@ClarkCountyDANV.gov
E-Mail: Scott.Davis@ClarkCountyDANV.gov
*Attorneys for Defendants*
*Clark County and Agnes Botelho*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO, | |
| Plaintiff, | Case No: 2:25-cv-00899-APG-BNW |
| vs. | |
| CLARK COUNTY, NEVADA; JUDGE ANN E. ZIMMERMAN in her individual capacity; JUDGE MICHELLE LEAVITT in her individual capacity; AGNES BOTELHO, in her individual capacity; BRANDEN BORQUE, in his individual capacity, | **DEFENDANTS AGNES BOTELHO AND CLARK COUNTY'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO ORDER STAYING DISCOVERY** |
| Defendants. | |

COMES NOW, Defendants Agnes Botelho and Clark County, by and through counsel of record, Deputy District Attorney Olivia C. Denue, in response to Plaintiff's objections to the order staying discovery (ECF No. 31).

## POINTS AND AUTHORITIES

### I.   INTRODUCTION

This court correctly held that a stay of discovery is warranted pending Defendants Botelho and Clark County's dispositive motion to dismiss. In opposition, Plaintiff merely disagrees with this Court's ultimate conclusion, conclusory cites incorrect legal standards, and alleges new legal theories for the first time. This Court has no reason to deviate from its prior

decision. This Court should reject Plaintiff's arguments.

## II.    PROCEDURAL HISTORY

Defendants Botelho and Clark County filed a dispositive motion to dismiss as to all of Plaintiff's claims against them in this case. *See* ECF No. 16. Because this motion to dismiss would be both dispositive of the entire case against Defendants and can be decided absent additional discovery, Defendants Botelho and Clark County sought a motion to stay discovery pending this Court's resolution of the motion to dismiss. ECF No. 24. This Court granted the stay of discovery. ECF No. 30. Plaintiff objects to the order staying discovery. ECF No. 31.

## III.    LEGAL AUTHORITY

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Although the Ninth Circuit has not set forth specific factors that a court should apply when deciding a motion to stay discovery pending a dispositive motion, courts in the District of Nevada apply a two-part test when evaluating whether discovery should be stayed. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 601 (D. Nev. 2011). The elements of that test are: (1) the pending motion must potentially be dispositive of the entire case, or at minimum dispositive on the issue on which discovery is sought and (2) the court must determine whether the pending motion can be decided absent additional discovery. *Id.*; *see also Mlejnecky v.Olympus Imaging America, Inc.*, No. 2:10-cv-02630, 2011 WL 489743, *1 at *6 (E.D. Cal. 2011).

In applying this test, the court deciding the motion "must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Tradebay*, 278 F.R.D. at 602. In so doing, the court may stay discovery "only when it is *convinced* that the Plaintiff will be unable to state a claim for relief." *Id.* at 601. "Generally, there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013) (emphasis in original) (internal citations and quotations omitted).

## IV.    ARGUMENT

### A. This Court Properly Applied the "Preliminary Peek" Test.

Plaintiff, without citing to any legal authority, incorrectly asserts that this court's order staying discovery exceeded the scope of this court's authority "[b]y concluding that Plaintiff failed to state a claim and predicting dismissal." ECF No. 31, p. 2.   Plaintiff concedes that the "preliminary peek procedure exists" in order to "identify cases where no plausible claim can survive" but argues that this Court's determinations "are the province of the District Judge and should not have been reached in the context of a non-dispositive stay motion." *Id.*

When determining whether to stay discovery, this court "**must** take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Tradebay*, 278 F.R.D. at 602 (emphasis added).  Thus, this court was **required** to assess the merits of Botelho and Clark County's underlying motion to dismiss when making a determination on whether to stay discovery.  To meet its burden to stay discovery only when "convinced that the Plaintiff will be unable to state a claim for relief", *id.* at 601, this Court properly addressed the merits of Plaintiff's claims applying the correct legal standards.  That is, in order to ensure that this Court was left with "no question" in its mind that the dispositive motion would prevail, this Court had to address the merits of the pending dispositive motion to dismiss. *Kor Media Group*, 294 F.R.D. at 583.

It is unclear how Plaintiff believes this Court could address the merits of the pending dispositive motion to dismiss in any other fashion.  Contrary to Plaintiff's assertions, this Court did not "resolve the merits of the motion to dismiss." ECF No. 31, p. 2.  In fact, this Court expressly stated that "Judge Gordon . . . will decide the motion to dismiss[.]" ECF No. 30, p. 3, ¶ 12.  Rather, this Court properly took a "preliminary peek" at the merits of the pending dispositive motion when assessing whether a stay was warranted.

Moreover, Plaintiff incorrectly asserts that the order "resolves competing interpretations of Plaintiff's allegations against him, rather than accepting them as true" and "draws inferences against Plaintiff rather than in his favor." ECF No. 31, p. 2. This is a plainly incorrect statement of this Court's analysis. *See* ECF No. 30, p. 3, ¶¶ 4-10 (quoting Plaintiff's

exact allegations made against Botelho); *id.* at p. 4, ¶¶ 14-17 (quoting Plaintiff's complaint and summarizing Plaintiff's arguments); *id.* at p. 4 ¶ 26, p. 5. ¶¶1-6 ("Even if the Court assumes" as true Plaintiff's assertions).  This Court acknowledged and applied the correct legal standard.  ECF No. 30, p. 2, ¶¶ 16-18 ("At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true and construe them in the light most favorable to Plaintiff.").

This Court carefully, thoughtfully, and meticulously addressed each of Plaintiff's arguments, applied correctly legal standards, and held that a preliminary review of the motion to dismiss convinced the Court that Plaintiff had failed to state a claim against Botelho or Clark County.  Plaintiff has wholly failed to provide any legal authority to demonstrate that this Court did anything other than address the motion to stay by applying the correct legal standards.

**B. This Court Properly Analyzed the *Monell* Claim.**

Plaintiff makes two arguments concerning this Court's analysis of the *Monell* claim: (1) this Court "omit[ted] the failure-to-correct basis for Monell liability" and (2) this Court misapplied its analysis concerning the claim against Clark County.  Both are without merit and need not be considered by this Court.

1. Plaintiff's "Failure to Correct Theory" Can Only Reasonably be Read to Apply to LVMPD—an entity distinct and separate from Clark County.

Plaintiff argues that this Court omitted the "failure to correct basis for Monell liability." ECF No. 31, p. 2.  In the operative Complaint, Plaintiff argued that "*Clark County* officials acted with deliberate indifference to constitutional rights by . . . [f]ailing to discipline *officers* who violated known constitutional requirements."  ECF No. 7, p. 9, ¶ 45 (emphasis added). And in the current motion, Plaintiff argues a "failure to correct theory" because "LVMPD imposed no discipline, conducted no retraining on First Amendment rights, and implemented no policy changes[.]"  ECF No. 31, p.3.

Once again, Plaintiff continues to argue for *Monell* liability against Clark County when arguing that the Las Vegas Metropolitan Police Department ("LVMPD") committed wrongdoing.  LVMPD is a distinct and separate entity from Clark County, established pursuant

to statute. *See* NRS 280.280(3)-(4). This Court *did consider* Plaintiff's *Monell* arguments, which included a "failure to correct" theory, and correctly held that "Plaintiff appears to believe that Clark County can be held liable for the actions of Metro…But Metro is its own separate legal entity." ECF No 30, p. 4, ¶ 18-19 (citing NRS 280.280(3)-(4)). This Court squarely addressed that any arguments made against the LVMPD or its officers could not be imputed onto Clark County, who is a distinct legal entity. Plaintiff's characterization of this Court's analysis is flatly incorrect.

    2. <u>This Court Addressed, and Correctly Held, That Plaintiff Has Failed to State a *Monell* Claim Against Clark County.</u>

Plaintiff concedes that "Clark County cannot be held vicariously liable for the acts of its employees under Monell." ECF No. 31, p.3. Instead, Plaintiff argues that Plaintiff alleged a separate "failure to correct" claim against Clark County that this Court failed to consider. *Id.* Plaintiff argues that "[t]he question is whether Clark County's own policy of inaction, after receiving notice of constitutional violations committed by its prosecutorial arm, constituted deliberate indifference." *Id.*

This Court squarely addressed Plaintiff's argument. This Court held that even assuming Clark County may be treated as a "person" for § 1983 purposes and that Plaintiff alleged conduct by Clark County independent of other defendants, "the amended complaint still fails to allege facts sufficient to state a *Monell* claim." ECF No. 30, p. 5, ¶ 1-5. Just as Plaintiff is again attempting to do here, this Court held that Plaintiff's "conclusory allegation that his constitutional rights were violated in retaliation for his commentary on police accountability" is not sufficient to state a *Monell* claim. *Id.* This Court correctly held that Plaintiff failed to state a *Monell* claim against Clark County.

**C. This Court Correctly Applied the Immunity Analysis to Botelho.**

Plaintiff argues that this court erred by "not address[ing] the vindictive prosecution doctrine" when determining that Botelho's conduct was protected by prosecutorial immunity. ECF No. 31, p.4.

This Court correctly held that it believes that Botelho is entitled to prosecutorial immunity. As noted by this Court, the only claims made by Plaintiff against Botelho were that Botelho (1) recommended a suspended sentence and fine at the original sentencing hearing, (2) recommended that Plaintiff remain incarcerated thereafter, and (3) failed to correct known false testimony. ECF No. 30, p. 3, ¶¶ 4-10 (citing ECF No. 7 at 13). And, as this Court correctly noted, binding authority holds that these actions are entitled to immunity. *See Peace v. Baker*, 697 F. Supp. 1145, 1147 (D. Nev. 1988) (advocating in connection with sentencing fits squarely within a traditional function of an advocate); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) (prosecutors enjoy absolute immunity from claims that they used perjured testimony at trial). Plaintiff does not meaningfully refute this Court's correct finding on this point.

Instead, for the first time, Plaintiff raises a theory of "vindictive prosecution." ECF No. 31, p.4. Plaintiff has never alleged a claim of vindictive prosecution in the operative complaint and may not do so for the first time now. *See Christianson v. United States*, 706 F. Supp. 3d 1057, 1071 (D. Idaho 2023) (citing *Echlin v. PeaceHealth*, 887 F.3d 967, 977-78 (9th Cir. 2018)) (holding that "it is impermissible to add a new claim or assert a new legal theory for the first time" when not raised in the operative complaint). Moreover, a claim for vindictive prosecution is raised as part of a defendant's *criminal proceedings* and would not even be properly before this court in this case. *See e.g.*, *U.S. v. Spiesz*, 689 F.2d 1326 (9th Cir. 1982) (criminal defendant filed a pre-trial appeal from the district court's order denying a motion to dismiss two superseding indictments on the ground of vindictive prosecution); *U.S. v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995) (criminal defendants argued on appeal that the district court should have dismissed an indictment based on vindictive prosecution).

Furthermore, notwithstanding that these arguments are not even properly before this court, Plaintiff has failed to make a prima facie showing of vindictive prosecution. "A claim for vindictive prosecution arises when the government increases the severity of alleged charges in response to the exercise of constitutional or statutory rights." *Spiesz*, 689 F.2d at 1328. Here, even taking Plaintiff's assertions as true, Plaintiff has never alleged that Botelho

increased the severity of the alleged *charges* in response to constitutionally protected activity. Instead, Plaintiff argues that Botelho, after the original sentencing, advocated for a harsher *sentence* than originally recommended.  ECF No. 7, p. 7, ¶¶ 37-38.  Plaintiff seems to conflate charging decisions made by the prosecutor with recommendations made for sentencing which are determined by the judge.  And Plaintiff concedes that no change in course was made by Botelho in response to the exercise of constitutional rights, as Plaintiff argues that Botelho reversed course concerning sentencing recommendations "despite no new facts [or] evidence." ECF No. 7, p. 7, ¶ 38.  Thus, the vindictive prosecution claim is entirely without merit.

**D. CONCLUSION**

This Court has no reason to depart from its order staying discovery pending Defendant's Clark County and Botelho's motion to dismiss.  Plaintiff has provided no basis for this Court to do so.  This Court should reject and arguments made by Plaintiff.

DATED this 30th day of April, 2026.

STEVEN B. WOLFSON
DISTRICT ATTORNEY

By: */s/ Olivia C. Denue*
    OLIVIA C. DENUE
    Deputy District Attorney
    State Bar No. 16842
    500 South Grand Central Pkwy.
    Las Vegas, Nevada  89155-2215
    *Attorney for Defendants*
    *Agnes Botelho and Clark County*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that I am an employee of the Office of the Clark County District Attorney and that on this   day of, 2026, I served a true and correct copy of the foregoing **DEFENDANTS AGNES BOTELHO AND CLARK COUNTY'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO ORDER STAYING DISCOVERY** (United States District Court Pacer System or the Eighth Judicial District Wiznet), by e-mailing the same to the following recipients.  Service of the foregoing document by e-mail is in place of service via the United States Postal Service.

> Jose DeCastro
> 5350 Wilshire Blvd., P. O. Box 36143
> Los Angeles, CA 90936
> *deletelawz@gmail.com*
> Plaintiff, Pro Se

> _/s/ Matilda Sanchez_
> An Employee of the Clark County District
> Attorney's Office – Civil Division