# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

Jose DeCastro

Plaintiff,

v.

Clark County Nevada, et al.,

Defendants.

Case No. 2:25-cv-00899-APG-BNW

**ORDER**

Before this Court is Plaintiff's motion for service by publication, to use alternative methods, and to extend time for service. ECF No. 32. For the reasons discussed below, this Court grants Plaintiff's motion in part and denies it in part.

I.    **BACKGROUND**

Plaintiff filed his first amended complaint on June 27, 2025. ECF No. 7. Plaintiff filed his first motion for an extension of time to serve Defendants on August 18, and this Court granted Plaintiff's request. ECF Nos. 9, 12. On November 3, Plaintiff filed a second motion for an extension of time to serve Defendants, which this Court also granted. ECF Nos. 13, 14. On December 10, Plaintiff filed a motion for alternative service of process of Defendants Zimmerman, Leavitt, and Botelho.[1] ECF No. 15. This Court denied Plaintiff's motion because Plaintiff failed to show that service of process under Nevada Rule of Civil Procedure 4.2(d) was impracticable. ECF No. 18 at 2. But this Court extended the deadline to serve Defendants Zimmerman and Leavitt to allow Plaintiff the opportunity to comply with the rule until February 2, 2026. *Id.* Plaintiff failed to serve Defendants by February 2, 2026, and did not request an

---

[1] Because Defendant Botellho appeared on December 15, 2025 (ECF No. 16), Plaintiff's motion for service by publication only refers to Defendants Zimmerman and Leavitt.

extension of time, so this Court entered a report and recommendation to dismiss Plaintiff's claims against Zimmerman and Leavitt. ECF No. 22. Plaintiff objected to the report and recommendation, detailing several attempts that he had made to serve Zimmerman and Leavitt. ECF No. 22. This Court withdrew its report and recommendation finding that, although Plaintiff failed to show good cause for failure to timely serve Defendants under 4(m), it was in the interest of adjudicating cases on the merits to allow Plaintiff one last chance to serve them. ECF No. 25. The new deadline to serve Defendants was April 24, 2026. *Id.* On that date, Plaintiff filed the instant motion requesting that this Court allow him to effect service by publication under Nevada Rule of Civil Procedure 4.4(c).

## II. ANALYSIS

### A. Plaintiff's request to effect service by publication

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) governs service of individuals located within a judicial district of the United States. Fed. R. Civ. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. *Id.* This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. Nev. R. Civ. P. 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. Nev. R. Civ. P. 4.4(c). The litigant must (1) establish that "the service methods provided in [NRCP] 4.2, 4.3, and 4.4(a) and (b) are impracticable";[2] (2) demonstrate that the defendant cannot, after

---

[2] NRCP 4.2 tracks federal Rule 4(h) and permits service of entities or associations by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Nev. R. Civ. P. 4.2(c)(1); Fed. R. Civ. P. 4(h). NRCP 4.3 governs service of entities and associations located outside Nevada or outside the United States. Nev. R. Civ. P. 4.3(3). NRCP 4.4(a) governs service in a manner

due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. Nev. R. Civ. P. 4.4(c). Here, this Court finds that Plaintiff has not made the requisite showing under NRCP 4.4(c)—and, by extension, federal Rule 4(e)(1)—to effect service of process upon Defendant Leavitt by publication. Plaintiff has made the requisite showing, however, as to Defendant Zimmerman.

### 1. Defendant Leavitt

Regarding the first requirement, Plaintiff has established that the service methods in NRCP 4.2, 4.3, 4.4(a) are impracticable as to Defendant Leavitt. Beginning with NRCP 4.2 and 4.3, it is evident that service upon Leavitt is impracticable because Plaintiff diligently attempted to locate and serve her. The process server only attempted service at the residential address that Plaintiff had located once but was unable to access the property because it is located inside a gated community. ECF No. 32 at 19. The process server spoke to the property manager/landlord, they told the process server that they were unfamiliar with Leavitt's name. *Id.* Plaintiff also hired a private investigator who did not appear to find any additional addresses. *Id.* at 24. Based on Plaintiff's diligent attempts to serve Leavitt and locate additional information by which to serve her, this Court finds that service under NRCP 4.2 and 4.3 is impracticable. This Court also finds

---

prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

that service under NRCP 4.4(a) is also impracticable because there is no statute that controls service in this case.

This Court has previously determined that NRCP 4.4(b) allows for service by email. *See Huang v. Carney*, No. 2:19-cv-00845-GMN-BNW, 2020 WL 1044009, at *2 (Mar. 3, 2020). Plaintiff has located a potential email address for Leavitt through his private investigator. ECF No. 32 at 24. Indeed, he asks this Court to direct alternative service of Leavitt by email in addition to publication. *Id.* at 7. Because Plaintiff does not establish service by email under NRCP 4.4(b) is impracticable, he fails to meet the requirements to serve Leavitt by publication. Although Plaintiff does not meet the requirements to serve Leavitt by publication, he does meet the requirements to attempt alternative service on her under NRCP 4.4(b). Thus, this Court grants Plaintiff's request to allow him to serve Leavitt by email and declines to further assess Plaintiff's motion for service by publication as to Leavitt until he attempts service accordingly.

### 2. Defendant Zimmerman

Conversely, this Court finds that Plaintiff has met the requirements to effect service by publication as to Defendant Zimmerman. Beginning with the first requirement, it is evident that service upon Zimmerman is impracticable under NRCP 4.2 and 4.3 because Plaintiff diligently attempted to locate and serve her. Plaintiff unsuccessfully attempted to serve Zimmerman at both her official judicial address and her last known residential address. ECF No. 32 at 3, 16. A process server unsuccessfully attempted service at the judicial address four times and at the residential address three times. *Id.* After the third attempt to serve Zimmerman at her last-known residential address, the process server spoke with a neighbor that did not recognize Zimmerman's name. *Id.* at 3, 16–17. Further, Plaintiff's private investigator did not find any additional addresses linked to Zimmerman based on his internet and database research. *See id,* at 24. Based on these attempts, this Court finds that service under NRCP 4.2 and 4.3 is impracticable.

This Court also finds that service under NRCP 4.4 is impracticable. Service under NRCP 4.4(a) is impracticable because there is no statute that controls service in this case. And unlike Leavitt, Plaintiff does not indicate that Zimmerman's email address is accessible to him, so service under NRCP 4.4(b) is impracticable.

The facts that Plaintiff sets forth to establish that service is impracticable under the first requirement are also sufficient to meet the fifth and eighth requirements. Plaintiff further supports the eighth requirement in his declaration, providing Zimmerman's last known address and confirmation that Plaintiff is unaware of any other residential address at which service could reasonably be attempted. ECF No. 32 at 12. Accordingly, this Court finds that the fifth and eighth requirements are met.

As to the second requirement, there is "no objective, formulaic standard for determining what is, or is not, due diligence." *Abreu v. Gilmer*, 985 P.2d 746, 749 (Nev. 1999).  Due diligence "is not quantifiable by reference to the number of service attempts or inquiries into public records." *Id.*  Instead, "due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Id.* Here, Plaintiff has demonstrated that he has attempted service on Zimmerman multiple times and that he, his process server, and his private investigator have attempted to discover additional information to assist in serving Zimmerman. Plaintiff has met the second requirement.

Turning to the third requirement, a cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, Black's Law Dictionary (12th ed. 2024).  Plaintiff's theory, set forth in its pleadings, meets the third requirement. Similarly, Plaintiff meets the fourth requirement because, based on Plaintiff's complaint, Zimmerman is a necessary and proper party to this matter because she supposedly played a role in the alleged conduct.

Regarding the sixth requirement, NRCP 4.4 provides that a litigant who desires to serve her adversary by publication must "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought[.]" Nev. R. Civ. P. 4.4(c)(2)(C). Thus, NRCP 4.4 speaks to the content of the summons. However, the required content of summonses issued by the federal court is governed by Federal Rule of Civil Procedure 4.  *See* Fed. R. Civ. P. 4(a). Rule 4 is consonant with the Rules Enabling Act and the U.S. Constitution because it does not "abridge, enlarge, or modify any substantive right." *See* 28 U.S.C. § 2072; *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).

Therefore, Rule 4 "applies regardless of contrary state law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 n.7 (1996). Accordingly, Rule 4 will govern the content of the summonses issued in this case and the Court will not ask Plaintiff to modify the summons already issued for Zimmerman at ECF No. 2.

Finally, Plaintiff meets the seventh requirement because he has suggested the Las Vegas Review Journal as a newspaper in which the summons should be published. ECF No. 32 at 7. He argues that the Las Vegas Review Journal is reasonably calculated to give Zimmerman actual notice of the lawsuit because it is a newspaper of general circulation in Clark County where Zimmerman was a former judge. *Id.* He also argues that it is likely this newspaper will reach Zimmerman's professional community and legal networks. *Id.*

**B. Plaintiff's request to extend time for service**

Under Federal Rule of Civil Procedure 4(m), if the defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss an action without prejudice against a defendant or order that service be made within a specified time. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In the absence of good cause, the court has discretion to dismiss the case without prejudice or to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Here, Plaintiff moves to extend the time of service by 60 days from the date of this Order. ECF No. 32 at 8. Given Plaintiff's diligence in attempting to locate and serve Defendants, this Court finds good cause to grant the request.

**III.    CONCLUSION**

**It is ORDERED** that Plaintiffs' motion (ECF No. 32) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that Plaintiff must attempt to serve the summons and operative complaint on Defendant Leavitt by email at the email address located by his private investigator.

**IT IS FURTHER ORDERED** that Plaintiff must publish the summons as to Defendant Zimmerman and operative complaint in the Las Vegas Review Journal at least once a week for a

period of four consecutive weeks. Service will be deemed complete four weeks from the date of the first publication.

**IT IS FURTHER ORDERED** that Plaintiff must send a copy of the summons and operative complaint by certified mail to the last-known addresses of both Defendant Zimmerman and Leavitt.

**IT IS FURTHER ORDERED** that Plaintiff will have until August 7, 2026, to effect service of the summonses and operative complaint on Defendants Zimmerman and Leavitt.


DATED: June 8, 2026


_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE