**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Jose DeCastro,

Plaintiff,

v.

Clark County, Nevada, et al.,

Defendants.

Case No. 2:25-cv-00899-APG-BNW

**REPORT AND RECOMMENDATION**

This Court previously entered a report and recommendation that Defendants Zimmerman and Leavitt be dismissed for failure to serve under Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 22. Plaintiff objected. ECF No. 23. In response, this Court withdrew its report and recommendation and allowed Plaintiff one last chance to serve Zimmerman and Leavitt. ECF No. 25.

On April 24, 2026, Plaintiff moved to serve Zimmerman and Leavitt by publication, and this Court granted in part and denied in part Plaintiff's motion on June 8, 2026. ECF Nos. 32 and 34. This Court granted Plaintiff's motion to serve Zimmerman by publication in the Las Vegas Review Journal at least once a week for a period of four consecutive weeks and directed Plaintiff to serve Leavitt via email. ECF No. 34 at 6–7. Plaintiff was given until August 7, 2026, to effect service of the summonses and operative complaint on Zimmerman and Leavitt. *Id.* Plaintiff failed to provide proof of service by the deadline. As of the date of this order, the docket does not reflect that service has been effectuated as to these two Defendants. Because Plaintiff failed to timely serve Zimmerman and Leavitt under Rule 4(m) and failed to comply with a court order, this Court recommends that this action be dismissed without prejudice as to Defendants Zimmerman and Leavitt.

Under Federal Rule of Civil Procedure 4(m), if the defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss an action without prejudice against a defendant or order that service be made within a

specified time. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In the absence of good cause, the court has discretion to dismiss the case without prejudice or to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)

Here, this Court has extended the deadline for Plaintiff to serve Zimmerman and Leavitt multiple times. ECF Nos. 12, 14, 18, 25, and 34. Plaintiff has failed to serve Zimmerman and Leavitt by the most recent deadline of August 7, 2026, despite being given leave to serve Zimmerman by publication and Leavitt by alternative means through email. Additionally, this Court gave Plaintiff notice that it may dismiss his claims against Zimmerman and Leavitt if he did not serve them. ECF No. 25. Because Plaintiff has neither served Zimmerman or Leavitt nor has shown good cause for his failure to do so by the deadline, this Court recommends that the action be dismissed without prejudice against Defendants Zimmerman and Leavitt under Rule 4(m).

Additionally, in determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig*., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv*., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must

explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed against an unserved defendant, the only alternative is to enter a sixth order directing Plaintiff to serve Zimmerman and Leavitt. The circumstances here do not indicate that Plaintiff needs additional time nor is there evidence that he did not receive this Court's order at ECF No. 34. Entering another order and expending more judicial resources is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal. On balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

**IT IS THEREFORE RECOMMENDED that THIS ACTION BE DISMISSED** as to Defendants Zimmerman and Leavitt for failure to serve them under Rule 4(m) and for failure to comply with a court order.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 20th day of August, 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE