✓ FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 11 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

Jose M. DeCastro
5350 Wilshire Blvd
PO Box 36143
Los Angeles, CA 90036
(310) 963-2445
Email: chille@situationcreator.com
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOSE M. DECASTRO,
Plaintiff,
vs.
CLARK COUNTY, NEVADA, et al.,
Defendants.

Case No. 2:25-cv-00899-APG-BNW

**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION (ECF NO. 35)**

Plaintiff Jose M. DeCastro, appearing pro se, objects under 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2(a) to the Report and Recommendation entered August 21, 2026 (ECF No. 35), which recommends dismissal without prejudice of Defendants Zimmerman and Leavitt under Federal Rule of Civil Procedure 4(m).

The Report rests on the premise that no meaningful alternative to dismissal remains. That premise is no longer accurate. Service by publication upon Defendant Zimmerman has been purchased and scheduled with the Las Vegas Review-Journal. Publication begins September 11, 2026 and runs September 18, September 25, and October 2, 2026. Under the terms of this Court's June 8, 2026 Order (ECF No. 34), service will be deemed complete four weeks from the first publication, or October 9, 2026. The relief Plaintiff seeks is a short extension to that date, not an open-ended one.

## I. THIS OBJECTION IS SUBMITTED TWO DAYS AFTER THE CALCULATED DEADLINE AND PLAINTIFF REQUESTS THAT IT BE CONSIDERED

The Report was entered August 21, 2026. Fourteen days under Local Rule IB 3-2(a), plus three days under Rule 6(d) for service by mail, produced a deadline of September 8, 2026. This Objection is submitted September 10, 2026.

Plaintiff requests that the Court permit the filing under Rule 6(b)(1)(B). The delay is two days, no party has acted in reliance on it, and no defendant is prejudiced by it. Excusable neglect is an equitable inquiry that accounts for the length of the delay, its effect on the proceedings, the reason for it, and the movant's good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Plaintiff files by mail and has no CM/ECF access. He received notice of the Report on or about August 24, 2026, and spent the objection period attempting to have the publication completed by the attorney whom Plaintiff reasonably believed had undertaken representation and responsibility for the matter, which would have resolved the issue the Report identifies. When that effort failed, Plaintiff paid for the publication himself on September 9, 2026, served Defendant Leavitt by electronic mail the same afternoon, and prepared this Objection immediately thereafter. The reason for the delay was the pursuit of the remedy, not inattention to it. Each factor favors consideration.

## II. STANDARD OF REVIEW

A district judge reviews de novo those portions of a report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1). The judge may accept, reject, or modify the recommendation in whole or in part, and may receive further evidence. Id.

## III. ARGUMENT

### A. Plaintiff has consistently and diligently attempted to accomplish service.

This record does not reflect a plaintiff who abandoned service or ignored his obligation to prosecute this action. Plaintiff has repeatedly attempted to accomplish service through professional process servers, a licensed private investigator, judicial addresses, residential addresses, and ultimately the alternative methods this Court authorized.

This Court has already considered these efforts and found them diligent. In its Order of June 8, 2026, this Court found that Plaintiff diligently attempted to locate and serve both

Zimmerman and Leavitt, and found good cause to extend the service deadline on that basis. ECF No. 34 at 3-6. Nothing in the Report revisits that finding or explains what about it has changed.

As to Defendant Zimmerman, ABC Legal made seven documented attempts at two separate addresses between November 21, 2025 and April 18, 2026, varying the day of the week and the time of day. Four attempts were made at her official judicial address at 200 Lewis Avenue, where a signed Proof of Non-Service was executed on December 1, 2025. Three further attempts were made at her last known residential address, and on the final attempt the process server spoke with a neighbor who did not recognize the name.

As to Defendant Leavitt, a summons issued April 3, 2026 and ABC Legal attempted personal service at her last known residential address on April 11, 2026. The process server could not reach the residence because it sits inside a gated community controlled by a property manager, and the property manager did not recognize the name Leavitt. A signed Proof of Non-Service was executed that day.

Plaintiff also retained PL&E Investigations, LLC on April 1, 2026. Licensed investigator Andrew L. Solow reported that Defendant Zimmerman currently uses the name Ann Z. Langford and has been associated with the name Anna E. Vannoy, and that Defendant Leavitt uses the names Michelle T. Leavitt and Michelle L. Fitzpatrick, with a related identity, Machelle Mecham Leavitt, sharing at least two addresses and a likely sibling with her. That report explains why a neighbor and a property manager at the correct addresses did not recognize the names appearing on the summonses.

These were not nominal efforts. Plaintiff has retained professional process servers on multiple occasions, retained a licensed private investigator, pursued both professional and residential locations, sought alternative service from this Court, arranged publication through the newspaper this Court specifically authorized, and sought the assistance of an attorney to ensure service was completed correctly. He has borne every one of those costs personally.

Plaintiff does not ask this Court to find that these Defendants are deliberately evading service, and he does not need that finding. His objective throughout has been straightforward. He

seeks to accomplish lawful service so that this litigation may proceed and these claims may be resolved on their merits.

**B. Plaintiff's reasonable belief that counsel had assumed responsibility explains the subsequent failure to complete service.**

Plaintiff did not abandon this action or knowingly disregard this Court's deadlines. During the relevant period, attorney Michael Mee, a member of the State Bar of Nevada, Bar No. 13726, told Plaintiff in person at his Las Vegas office that he intended to enter an appearance in this action and assume responsibility for handling it. Based on subsequent communications with Mr. Mee, Plaintiff understood that he had done so.

That understanding was reinforced by Mr. Mee's direct involvement in the publication process. On July 7, 2026, Mr. Mee communicated directly with the Las Vegas Review-Journal concerning this case. He identified Plaintiff as his client, transmitted the summons, the operative complaint, this Court's Order at ECF No. 34, and proposed notice language, and corresponded with the newspaper about completing publication. That correspondence is attached as Exhibit A. From Plaintiff's perspective, these actions were consistent with and reinforced Mr. Mee's prior representation that he was entering the case and assuming responsibility for handling it. The newspaper quoted a publication cost of one hundred dollars, payable by July 8, 2026. That payment was not made by the July 8 deadline, and the scheduled July publication therefore did not run.

Plaintiff is a pro se litigant and is not trained in federal civil procedure. Once he understood that Mr. Mee had undertaken representation in this action, Plaintiff believed and understood that Mr. Mee had become counsel of record and that filings concerning service were to be handled through counsel rather than by Plaintiff personally. Plaintiff did not understand that Mr. Mee had apparently never entered an appearance on the federal docket.

After Plaintiff received notice concerning potential dismissal of Defendant Zimmerman, he did not ignore it. He acted the same day. On August 24, 2026, Plaintiff wrote to Mr. Mee, told

him specifically that Zimmerman was facing dismissal, told him that he understood that what remained was to file proof that the notice had been placed in the newspaper, and asked what additional money Mr. Mee needed in order to handle it. Plaintiff wrote again on August 25 asking why his calls were not being returned, and again on August 26. He wrote again on September 7 and September 8. Contemporaneous text messages are attached as Exhibit B and telephone records as Exhibit C. Plaintiff received no substantive response on this matter at any point.

Plaintiff does not offer this to shift responsibility. He remained the party of record and the obligation to complete service was his. He offers it because Rule 4(m) and Rule 6(b) both call for an assessment of the reason for a delay. The reason here was not abandonment, intentional delay, or disregard of this Court's orders. It was a good faith understanding that counsel had undertaken the matter, coupled with a mistaken belief that a represented party could not file on his own. The Ninth Circuit has held that a failure attributable to counsel may constitute excusable neglect supporting an extension of the service deadline, and that the equities must be weighed rather than assumed. Lemoge v. United States, 587 F.3d 1188, 1195-96 (9th Cir. 2009).

**C. Service by publication is now scheduled, paid, and will be complete on October 9, 2026.**

The Report states that Plaintiff failed to provide proof of service by the August 7, 2026 deadline and that the docket does not reflect service. That was accurate as of the date of the Report. What the Report could not account for is that the publication this Court authorized is now purchased and calendared.

On September 9, 2026, Plaintiff paid the publication cost personally and the Las Vegas Review-Journal confirmed that the notice is set to run on September 11, September 18, September 25, and October 2, 2026. Under the terms of this Court's Order at ECF No. 34, service is deemed complete four weeks from the first publication, which is October 9, 2026. The confirmation and payment receipt are attached as Exhibit A.

The relief at issue is therefore no longer speculative. This is not a request for more time to keep trying. It is a request that the Court allow a process already running to finish.

**D. Plaintiff has now completed the remaining requirements of the June 8, 2026 Order.**

This Court's Order at ECF No. 34 directed three things. It directed publication as to Defendant Zimmerman. It directed Plaintiff to attempt service on Defendant Leavitt by email at the address located by his private investigator. And it directed Plaintiff to send a copy of the summons and operative complaint by certified mail to the last known addresses of both Defendants.

On September 9, 2026 at 4:12 p.m., Plaintiff transmitted the summons, the First Amended Complaint, and this Court's Order at ECF No. 34 to Defendant Leavitt by electronic mail at mlfjudge@apl.com, the address identified by the licensed investigator and reflected on the Clark County Courts website. Proof of that transmission is attached as Exhibit D.

On September 10, 2026, Plaintiff sent the summons and operative complaint by certified mail to the last known address of Defendant Zimmerman at 11865 Albissola Avenue, Las Vegas, Nevada 89138, and to the last known address of Defendant Leavitt at 11280 Granite Ridge Drive, Unit 1042, Las Vegas, Nevada 89135. Certified mail receipts are attached as Exhibit E.

Every component of the June 8 Order that can presently be performed by Plaintiff has therefore been completed. The only remaining component is completion of the four week publication period already purchased and scheduled with the Las Vegas Review-Journal.

**E. The Report does not consider whether dismissal without prejudice would operate as a dismissal with prejudice.**

Before dismissing under Rule 4(m), a district court must consider the consequences of that dismissal, including whether the applicable statute of limitations would bar refiling. Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007). Where the limitations period has run, a dismissal styled as without prejudice is in substance a dismissal with prejudice, and that weighs heavily against dismissal. Lemoge v. United States, 587 F.3d 1188, 1195-96 (9th Cir. 2009). The Court

retains discretion to extend the time for service even absent good cause. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).

The Report does not address this factor. It recites the five factors drawn from In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006), and weighs them, but it nowhere asks whether Plaintiff could refile against Zimmerman and Leavitt if this action is dismissed as to them. He could not. The conduct at issue arose from Plaintiff's 2023 arrest and the state court proceedings that followed, during which Plaintiff remained in custody until July 11, 2024, when his conviction was overturned on appeal and he was released. The latest date on which any of these claims could have accrued is therefore July 11, 2024. Claims under 42 U.S.C. § 1983 arising in Nevada borrow the state's two-year personal injury limitations period. NRS 11.190(4)(e); Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989). That period expired on July 11, 2026. Plaintiff filed this action in May 2025, well within it. A Rule 4(m) dismissal does not toll the limitations period, so a dismissal entered now would leave Plaintiff unable to refile against these Defendants at all. It would operate as a dismissal with prejudice.

That omission is not harmless. The third factor, prejudice to defendants, and the fourth factor, the policy favoring resolution on the merits, are both altered when the alternative to a brief extension is permanent extinguishment of the claims. Neither Defendant has appeared, neither has asserted prejudice, and neither has identified any injury from a delay measured in weeks.

**F. A less drastic alternative now exists and is concrete.**

The Report concludes that the only alternative to dismissal is a sixth order directing service, and that entering another order would expend judicial resources without meaningful benefit. That reasoning followed from the record as it then stood, in which no completion date was identifiable.

The record is now different. The less drastic alternative is a single extension to a date certain that has already been purchased from a third party. The Court need not supervise it, direct it, or revisit it. Publication completes October 2, 2026, and service is deemed complete October 9, 2026 under the terms this Court already set.

Plaintiff is not asking for another opportunity to search for these Defendants or to devise another method of service. This Court has already authorized the method, Plaintiff has paid for it, the publication dates are fixed, and the process is now outside Plaintiff's control. Dismissal at this stage would terminate the claims while the Court authorized service process is actually underway.

**IV. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1. Permit the filing of this Objection notwithstanding the two day delay, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B);

2. Decline to adopt the Report and Recommendation at ECF No. 35;

3. Extend the deadline to effect service upon Defendants Zimmerman and Leavitt to October 16, 2026, to permit the publication period to conclude, allow the Las Vegas Review-Journal to issue its affidavit of publication, and give Plaintiff sufficient time to file that proof with the Court; and

4. Grant such other relief as the Court deems just and proper.

Dated: September 10, 2026

Respectfully submitted,

/s/ Jose M. DeCastro
Jose M. DeCastro
Plaintiff, Pro Se

**DECLARATION OF JOSE M. DECASTRO**

I, Jose M. DeCastro, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action and appear pro se. I have personal knowledge of the facts stated here and could testify competently to them.

2. I do not have CM/ECF filing access and I file by mail.

3. During the relevant period, Michael Mee, a Nevada attorney, Bar No. 13726, told me in person at his office in Las Vegas that he was going to enter this federal action as my attorney and handle the case. Based on my subsequent communications with him, I understood that he had done so and was handling the matter for me.

4. My understanding was reinforced because Mr. Mee communicated directly with the Las Vegas Review-Journal concerning service by publication in this case. On July 7, 2026 he transmitted the summons issued as to Defendant Zimmerman, the operative complaint, this Court's Order at ECF No. 34, and proposed notice language to the newspaper, and in those communications he referred to me as his client. A true and correct copy of that correspondence is attached as Exhibit A. The newspaper returned a proof the same day and quoted a publication cost of $100.00, payable by July 8, 2026. That payment was not made by the July 8, 2026 deadline, and the scheduled July publication therefore did not run.

5. I am a pro se litigant and I am not trained in federal civil procedure. I believed Mr. Mee was my attorney of record in this action and that I was no longer supposed to personally file documents while represented by counsel. I did not understand that Mr. Mee had not actually entered an appearance on the federal docket.

6. On or about August 24, 2026, I received notice concerning potential dismissal of Defendant Zimmerman. I contacted Mr. Mee that day. I told him that Zimmerman was facing dismissal and that the proof concerning the newspaper publication needed to be filed. I also asked him what additional money he needed from me in order to handle the matter.

7. I thereafter attempted to contact Mr. Mee repeatedly by telephone and by text message concerning this matter, including on August 25, August 26, September 7, September 8, and September 9, 2026. I received no substantive response from him on this matter. I have retained the text messages and telephone records documenting those attempts. True and correct copies are attached as Exhibit B and Exhibit C.

8. I did not intentionally disregard this Court's orders or abandon this action. I believed my attorney was handling the matter and did not understand that I remained responsible for filing because he had not entered an appearance.

9. After I determined that Mr. Mee had not entered an appearance and that the publication requirement remained unresolved, I acted personally. On September 9, 2026, I paid the Las Vegas Review-Journal $100.00 and obtained confirmed publication dates of September 11, September 18, September 25, and October 2, 2026. Confirmation of those dates and the payment receipt are included in Exhibit A.

10. Since November 2025 I have engaged ABC Legal on two separate occasions to serve these Defendants, and I retained PL&E Investigations, LLC on April 1, 2026 to locate them. ABC Legal made seven documented attempts on Defendant Zimmerman at two addresses between November 21, 2025 and April 18, 2026, and attempted service on Defendant Leavitt at her residential address on April 11, 2026. Signed Proofs of Non-Service were executed on December 1, 2025 and April 11, 2026.

11. I have paid these costs personally, including fees paid to ABC Legal on multiple occasions, $320.00 to PL&E Investigations, and $100.00 to the Las Vegas Review-Journal. I also sought out a licensed Nevada attorney and told him I would pay whatever amount he required to complete the publication.

12. Under this Court's Order at ECF No. 34, service by publication will be deemed complete four weeks from the first publication date, which is October 9, 2026.

13. On September 9, 2026 at 4:12 p.m., I sent the summons, the First Amended Complaint, and this Court's Order at ECF No. 34 to Defendant Leavitt by electronic mail at mlfjudge@apl.com. Proof of that transmission is attached as Exhibit D.

14. On September 10, 2026, I sent the summons and operative complaint by certified mail to Defendant Zimmerman at 11865 Albissola Avenue, Las Vegas, Nevada 89138 and to Defendant Leavitt at 11280 Granite Ridge Drive, Unit 1042, Las Vegas, Nevada 89135. The certified mail receipts are attached as Exhibit E.

15. The claims in this action arise from my 2023 arrest and the state court proceedings that followed. I remained in custody until July 11, 2024, when my conviction was overturned on appeal and I was released.

16. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 10, 2026, at Los Angeles, California.

/s/ Jose M. DeCastro
Jose M. DeCastro

## CERTIFICATE OF SERVICE

I certify that on September 10, 2026, I caused a true and correct copy of the foregoing Plaintiff's Objection to Report and Recommendation (ECF No. 35), together with the Declaration of Jose M. DeCastro and Exhibits A through E, to be served upon counsel of record by first-class United States mail, postage prepaid, addressed as follows:

Olivia C. Denue
Scott Davis
Clark County District Attorney, Civil Division
500 South Grand Central Pkwy.
Las Vegas, NV 89155-2215
Attorneys for Defendants Clark County and Agnes Botelho

Defendants Zimmerman and Leavitt have not been served and no counsel has appeared on their behalf.

/s/ Jose M. DeCastro
Jose M. DeCastro
Plaintiff, Pro Se

# EXHIBIT A

Las Vegas Review-Journal correspondence dated July 7, 2026 and
September 9, 2026, and receipt of payment for publication

**Direct:** 702-383-0320
**email:** legals@reviewjournal.com

---

**From:** Michael Mee <attorneymichaelmee@gmail.com>
**Sent:** Tuesday, July 7, 2026 11:23 AM
**To:** LVRJ Legals <legals@reviewjournal.com>; Chille DeCastro <chille@situationcreator.com>
**Subject:** Re: Legal Service by Publication

Good morning:

Myself and my client Jose Decastro called earlier and spoke with your office over the phone. We are attempting to submit the following matter for service by publication. Per our discussion, the Summons, Complaint, and Order Granting Service by Publication are attached. Additionally, we have attached language for the Notice. However, if this is incorrect and your office either only prints the summon itself without our language, or if anything else is needed, please let me know.

Finally please let us know the cost and the manner of payment. I have cc'd Mr. DeCastro on this email, please include him on any response.

Thank you for your help,

- Michael Mee
#13726

On Tue, Jul 7, 2026 at 9:41 AM Michael Mee <attorneymichaelmee@gmail.com> wrote:

> Good morning:
>
> I have a client that will need to make service by publication. Is there information you can provide as to how to submit that for publication, and when that would have to be submitted to ensure publication by no later than this Friday 7/10?
>
> Thank you very much for your assistance,
>
> - Michael Mee

---

**Order_Confirmation_357466.pdf**
201K

Gmail

**Chille DeCastro <chille@situationcreator.com>**

## Re: Legal Service by Publication

1 message

**LVRJ Legals** <legals@reviewjournal.com> Tue, Jul 7, 2026 at 2:40 PM
To: Chille DeCastro <chille@situationcreator.com>
Cc: Michael Mee <attorneymichaelmee@gmail.com>

Hello,

Please find the attached proof for the summons set to run July 9, 16, 23, 30, 2026. Please reply with approval and payment of $100 prior to July 8th at 1:30pm. In order to pay please call us at 702-383-0320 referencing order #357466.

Thank you,

Tyra Abrams
**Legal Advertising Sales**
**Las Vegas Review-Journal & more**
1111 W. Bonanza Rd., Las Vegas, NV 89106
**Direct:** 702-383-0320
**email:** legals@reviewjournal.com

---

**From:** Chille DeCastro <chille@situationcreator.com>
**Sent:** Tuesday, July 7, 2026 1:59 PM
**To:** LVRJ Legals <legals@reviewjournal.com>
**Cc:** Michael Mee <attorneymichaelmee@gmail.com>
**Subject:** Re: Legal Service by Publication

310.963.2445 -- and --- 702.308.6363
Liberator Office
c/o Michael Mee
400 S 4th
St Ste 314,
Las Vegas, NV 89101

On Tue, Jul 7, 2026 at 12:17 PM LVRJ Legals <legals@reviewjournal.com> wrote:

> Hello,
>
> In order to continue, we will need a valid phone number and address to build your summons under.
>
> Thank you,
>
> Tyra Abrams
> **Legal Advertising Sales**
> **Las Vegas Review-Journal & more**
> 1111 W. Bonanza Rd., Las Vegas, NV 89106

Gmail **Chille DeCastro <chille@situationcreator.com>**

---

## Re: Legal Service by Publication

1 message

---

**LVRJ Legals** <legals@reviewjournal.com> Wed, Sep 9, 2026 at 2:11 PM
To: Chille DeCastro <chille@situationcreator.com>
Cc: Michael Mee <attorneymichaelmee@gmail.com>

PG ①

Card payment - 31986

Detail

| | |
|---|---|
| Transaction ID | 128039565 |
| Authorization code | 190472 |
| Receipt | 47725 |
| Office | Las Vegas Review-Journal, Inc. |
| Collector | Tyra Abrams |
| Customer | CHILLIE DECASTRO |
| Date created | 9/9/2026 2:07 PM |
| Payment date | 9/9/2026 2:07 PM |
| Amount | 100.00 $ |
| Amount confirmed | 100.00 $ |
| Pay. provider | Edgil PayWay |
| Card ending | 7496 |
| Card type | Visa |
| Expiration date | January 2030 |
| Type | Direct payment |
| Status | Completed |
| Contact info | CHILLIE DECASTRO<br>**Phone:** 702-308-6363<br><br>**Address:**<br>STE 314<br>400 S 4TH ST<br>LAS VEGAS 89101<br>USA NV |

Hello,

This ad is all set for September 11, 18, 25, and October 2nd . Please see the attached receipt.

Thank you,

**Tyra Abrams**
**Legal Advertising Sales**
**Las Vegas Review-Journal & more**
1111 W. Bonanza Rd., Las Vegas, NV 89106
**Direct:** 702-383-0320
**email:** legals@reviewjournal.com

LAS VEGAS REVIEW-JOURNAL

---

**From:** LVRJ Legals <legals@reviewjournal.com>
**Sent:** Tuesday, July 7, 2026 2:40 PM
**To:** Chille DeCastro <chille@situationcreator.com>
**Cc:** Michael Mee <attorneymichaelmee@gmail.com>
**Subject:** Re: Legal Service by Publication

Hello,

Please find the attached proof for the summons set to run July 9, 16, 23, 30, 2026. Please reply with approval and payment of $100 prior to July 8th at 1:30pm. In order to pay please call us at 702-383-0320 referencing order #357466.

Pg 2

Thank you,

**Tyra Abrams**
**Legal Advertising Sales**
**Las Vegas Review-Journal & more**
1111 W. Bonanza Rd., Las Vegas, NV 89106
**Direct:** 702-383-0320
**email:** legals@reviewjournal.com

---

**From:** Chille DeCastro <chille@situationcreator.com>
**Sent:** Tuesday, July 7, 2026 1:59 PM
**To:** LVRJ Legals <legals@reviewjournal.com>
**Cc:** Michael Mee <attorneymichaelmee@gmail.com>
**Subject:** Re: Legal Service by Publication

310.963.2445 -- and --- 702.308.6363
Liberator Office
c/o Michael Mee
400 S 4th
St Ste 314,
Las Vegas, NV 89101

On Tue, Jul 7, 2026 at 12:17 PM LVRJ Legals <legals@reviewjournal.com> wrote:

> Hello,
>
> In order to continue, we will need a valid phone number and address to build your summons under.
>
> Thank you,
>
> Tyra Abrams
> **Legal Advertising Sales**
> **Las Vegas Review-Journal & more**
> 1111 W. Bonanza Rd., Las Vegas, NV 89106
> **Direct:** 702-383-0320
> **email:** legals@reviewjournal.com
>
> ---
>
> **From:** Michael Mee <attorneymichaelmee@gmail.com>
> **Sent:** Tuesday, July 7, 2026 11:23 AM
> **To:** LVRJ Legals <legals@reviewjournal.com>; Chille DeCastro <chille@situationcreator.com>
> **Subject:** Re: Legal Service by Publication
>
> Good morning:

Myself and my client Jose Decastro called earlier and spoke with your office over the phone. We are attempting to submit the following matter for service by publication. Per our discussion, the Summons, Complaint, and Order Granting Service by Publication are attached. Additionally, we have attached language for the Notice. However, if this is incorrect and your office either only prints the summon itself without our language, or if anything else is needed, please let me know.

Finally please let us know the cost and the manner of payment. I have cc'd Mr. DeCastro on this email, please include him on any response.

Pg 3

Thank you for your help,

- Michael Mee
#13726

On Tue, Jul 7, 2026 at 9:41 AM Michael Mee <attorneymichaelmee@gmail.com> wrote:

> Good morning:
>
> I have a client that will need to make service by publication. Is there information you can provide as to how to submit that for publication, and when that would have to be submitted to ensure publication by no later than this Friday 7/10?
>
> Thank you very much for your assistance,
>
> - Michael Mee

---

**Order_Confirmation_360958.pdf**
201K

# EXHIBIT B

Text message communications between Plaintiff and Michael Mee,
August 24, 2026 through September 9, 2026


2:39
05/29/2026 02:51 PM]
City of Las Vegas v.
DeCastro
MM
Michael Me ›
Mon, Aug 24 at 3:19 PM
Michael, I just got a notice that they're gonna just dismiss the case again Zimmerman
All we have to do is turn in the proof of service that we put an ad in the paper
How much money do you need Michael to do your job?... How much money do I need to send you?
Tue, Aug 25 at 2:50 PM
Why won't you return my phone call?
Wed, Aug 26 at 1:48 PM
Insane man. Ok dude.
Mon, Aug 31 at 4:58 PM
Text Message • RCS


2:39
Tue, Aug 25 at 2:50 PM
MM
Michael Me ›
Wed, Aug 26 at 1:48 PM
Insane man. Ok dude.
Mon, Aug 31 at 4:58 PM
Court in Am. Hope you're alive
5:00
Google
"michael mee dies in Las
AI Mode All News Images Videos
No results found for "michael mee dies in Las vegas".
Results for michael mee dies in Las vegas (without quotes):
Legacy | Obituary
https://www.legacy.com
Michael Mee Obituary (2009) - Las Vegas, NV
Dec 20, 2009 — MICHAEL MEE Michael Joseph Mee, 52, of Las Vegas, passed away Dec. 16, 2009. He was an appliance repairman. Servic...
Missing: dies | Show results with: dies
Ancestry.com
https://www.ancestry.com
Michael Mee Family History Records
Michael Joseph Mee. Birth: 06 APR 1951
"michael mee
You're still alive according to google. Sorry about your Dad.
Text Message • RCS


2:40
1
MM
Michael Me
You're still alive according to google. Sorry about your Dad.
Tue, Sep 1 at 9:40 AM
You're not here for Court. You're the atty on record
The court is calling u. Haaaa. What a thing
What court? Municipal?
4
Civic Center & Plaza
Faded Social Club
S FIRST ST
My Location
Text Message • RCS
Las Vegas NV 89101


2:40
1
MM
Michael Me
My Location
My Location
108 E Clark Ave
Las Vegas NV 89101
United States
Maps
3rd floor
Courtroom 4
The court is 📞 u. They wouldnt let me just take it. Press is here.
Thank you.
U never wanna miss court.
R u coming?
Read 9/1/26
Text Message • RCS


2:40
Hundreds of people are watching. U never wanna miss Its how u market yourself
MM
Michael Me
R u coming?
Read 9/1/26
Do you want to se it for trial
Yes
I have a ton of research to go over with you... What time are you available today?
Monday 7:01 AM
Michael, are you gonna call me back at all? If you're not gonna call me back, then I'm gonna walk...
Yesterday 1:54 PM
Ok bro.
[redacted]
Text Message • RCS


time are you available today?
2:40
MM
Michael Me
Mon 1 AM
M gonna call me back at all? If you're not gonna call me back, then I'm gonna walk...
Yesterday 1:54 PM
Ok bro.
A [redacted] ... Is looking at the appeal case for the night circuit
Today 1:55 PM
I just need the publications.
From LV Review
Michael. They are gonna dismiss the case w/o thet LV review info. Its in your emai
Delivered
Text Message • RCS

# EXHIBIT C

Telephone records of Plaintiff's calls to Michael Mee


3:41
Michael Me Me
Call History
Outgoing Call Today · 3:37 PM
Canceled
Outgoing Call 8/25/26 · 2:50 PM
4 seconds
Outgoing Call 8/24/26 · 5:53 PM
21 seconds
Outgoing Call 8/24/26 · 3:19 PM
10 seconds
Outgoing Call 8/17/26 · 6:07 PM
33 seconds
Outgoing Call 8/4/26 · 12:26 PM
5 seconds
Outgoing Call 8/3/26 · 4:11 PM
37 seconds
Outgoing Call 8/3/26 · 4:11 PM
8 seconds
Outgoing Call 8/3/26 · 3:17 PM
45 seconds
Outgoing Call 7/30/26 · 2:23 PM
3:40
Michael Me Me
Call History
Outgoing Call 7/30/26 · 2:23 PM
9 seconds
Outgoing Call 7/30/26 · 2:06 PM
4 seconds
Outgoing Call 7/28/26 · 5:50 PM
3 seconds
Outgoing Call 7/28/26 · 2:06 PM
3 seconds
Outgoing Call 7/17/26 · 11:51 AM
3 seconds
Outgoing Call 7/15/26 · 5:33 PM
1 minute
Outgoing Call 7/11/26 · 7:04 PM
3 seconds
Outgoing Call 7/10/26 · 11:36 AM
1 minute
Incoming Call 7/7/26 · 9:19 AM
Missed
Incoming Call 7/7/26 · 9:18 AM
Missed

# EXHIBIT D

Electronic mail transmitting the Summons and First Amended Complaint
to Defendant Michelle Leavitt at mlfjudge@apl.com

Gmail

Chille DeCastro <chille@situationcreator.com>

---

## re: Notice of Service: DeCastro v. Clark County, Case No. 2:25-cv-00899-APG-BNW

1 message

---

**Chille DeCastro** <chille@situationcreator.com> Wed, Sep 9, 2026 at 4:12 PM
To: mlfjudge@apl.com

Subject: Service of Summons and First Amended Complaint — DeCastro v. Clark County, Case No. 2:25-cv-00899-APG-BNW

Judge Michelle Leavitt,

You are being served with process in the matter of Jose M. DeCastro v. Clark County, Nevada, et al., Case No. 2:25-cv-00899-APG-BNW, pending in the United States District Court for the District of Nevada.

On June 8, 2026, the Court entered an Order (ECF No. 34) directing that service upon you be attempted by electronic mail at this address, pursuant to Federal Rule of Civil Procedure 4(e)(1) and Nevada Rule of Civil Procedure 4.4(b).

Attached to this message are:

1. Summons issued as to Michelle Leavitt
2. First Amended Complaint (ECF No. 7)
3. Order Granting in Part Plaintiff's Motion for Service by Publication and Alternative Service (ECF No. 34)

A copy of the Summons and First Amended Complaint is also being sent to you by certified mail as directed by the same Order.

Jose M. DeCastro
Plaintiff, Pro Se
5350 Wilshire Blvd., P.O. Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com

---

**3 attachments**

**DeCastro v Clark County-007-Amended Complaint.pdf**
445K

**DeCastro v Clark County-034-Order On [32] Plaintiffs Motion For Service By Publication.pdf**
224K

**Summons_Leavitt.pdf**
63K

9589 0710 5270 4632 0119 67

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Las Vegas, NV 89135

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $5.55 |
| $ | $0.00 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $2.85 |
| Total Postage and Fees | $8.40 |

Postmark Here

USPS MIRACLE MILE
0036
22
SEP - 9 2026
LOS ANGELES CA 90036
09/09/2026

Sent To
Street and Apt. No.
City, State

Michelle Leavitt
11280 Granite Ridge Dr,
Unit 1042
Las Vegas, NV 89135

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

## Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

### Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt;* attach PS Form 3811 to your mailpiece; for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.
  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).
- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800,** January 2023 *(Reverse)* PSN 7530-02-000-9047

# EXHIBI

Certified mail receipts for the Summons and
sent to Defendants Ann Zimmerman and Michelle Leavit


U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®
Las Vegas, NV 89138
OFFICIAL USE
Certified Mail Fee $5.55
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $2.85
Total Postage and Fees $8.40
Sent To
Ann Zimmerman
11865 Albissola Ave
Las Vegas, NV 89138
Street
City, State
Postmark Here
USPS MIRACLE MILE FINANCE
SEP - 9 2026
LOS ANGELES CA 90036
9589 0710 5270 4632 0119 74
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

benefits:

Certi
- A rece
- A unic
- Electr deliv
- A re sign for

Imp
- Yo Fi o
- (

Jose M. DeCastro
5350 Wilshire Blvd
PO Box 36143
Los Angeles, CA 90036
(310) 963-2445
Email: chille@situationcreator.com
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOSE M. DECASTRO,
Plaintiff,
vs.
CLARK COUNTY, NEVADA, et al.,
Defendants.

Case No. 2:25-cv-00899-APG-BNW

**INDEX OF EXHIBITS IN SUPPORT OF PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION (ECF NO. 35)**

| Exhibit | Description |
|---|---|
| A | Las Vegas Review-Journal correspondence dated July 7, 2026 and September 9, 2026, and receipt of payment for publication |
| B | Text message communications between Plaintiff and Michael Mee, August 24, 2026 through September 9, 2026 |
| C | Telephone records of Plaintiff's calls to Michael Mee |
| D | Electronic mail transmitting the Summons and First Amended Complaint to Defendant Michelle Leavitt at mlfjudge@apl.com |
| E | Certified mail receipts for the Summons and First Amended Complaint sent to Defendants Ann Zimmerman and Michelle Leavitt |