STEVEN B. WOLFSON
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
By: **OLIVIA C. DENUE**
Deputy District Attorney
State Bar No. 16842
By: **NICOLE R. MALICH**
Deputy District Attorney
State Bar No. 13180
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
(702) 455-4761
E-Mail: Olivia.Denue@ClarkCountyDANV.gov
E-Mail: Nicole.Malich@ClarkCountyDANV.gov
*Attorneys for Defendant*
*Ann E. Zimmerman*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA; JUDGE ANN E. ZIMMERMAN in her individual capacity; JUDGE MICHELLE LEAVITT in her individual capacity; AGNES BOTELHO, in her individual capacity; BRANDEN BOURQUE, in his individual capacity,<br><br>Defendants. | Case No: 2:25-cv-00899-APG-BNW<br><br>**DEFENDANT ANN E. ZIMMERMAN'S MOTION TO DISMISS** |

Defendant Ann E. Zimmerman, through counsel of record, pursuant to Fed. R. Civ. Pro. 12(b)(6) and the attached memorandum of points and authorities, hereby moves this Court to dismiss the operative First Amended Complaint (ECF No. 7) filed against her in this matter.

**POINTS AND AUTHORITIES**

## I. INTRODUCTION

Judicial immunity bars each of Plaintiff's claims against Judge Zimmerman here. There are only two core allegations made against Judge Zimmerman: Judge Zimmerman ordered Plaintiff to be searched to prevent him from recording court proceedings while appearing before her during judicial proceedings and Judge Zimmerman imposed a harsh

sentence. Each of these acts is unquestionably a core judicial act that entitles Judge Zimmerman to absolute judicial immunity, and the same is true of the remaining allegations concerning her scheduling rulings and an alleged failure to disclose a past marriage.

This court must therefore dismiss Plaintiff's complaint against Zimmerman entirely.

## II. SUMMARY OF ALLEGATIONS ALLEGED AGAINST ZIMMERMAN IN THE COMPLAINT

The operative complaint alleges that Plaintiff was arrested by Las Vegas Metropolitan Police Department officer and Defendant Branden Bourque for interfering with a traffic stop. ECF No. 7, P. 5, ¶ 25. The resulting criminal case was heard in state court before Judge Ann Zimmerman. ECF No. 7, P. 6, ¶ 35. Plaintiff was convicted pursuant to NRS 197.190 and sentenced to six months incarceration. ECF No. 7, P. 6, ¶ 35.

Plaintiff alleges that Zimmerman demonstrated bias by denying Plaintiff's scheduling requests, failing to disclose a prior marriage to a police officer, ordering bailiffs to search Plaintiff to prevent Plaintiff from recording court proceedings, and imposing a jail sentence. ECF No. 7, P. 6-7, ¶¶ 29-36. Defendant Zimmerman was named only in her individual capacity. ECF No. 7, P. 3, ¶ 11.

Plaintiff brings eight causes of action, with four brought against Zimmerman: Count I, First Amendment Retaliation under 42 U.S.C. § 1983; Count III, Fourth Amendment Violations under 42 U.S.C. § 1983; Count IV, Substantive Due Process Violations under 42 U.S.C. § 1983; and Count VI, Equal Protection Violations under 42 U.S.C. § 1983. ECF No. 7, P. 10-14.

As to the First Amendment retaliation claim, the only allegations that appear to be made against Zimmerman are that she imposed an "unprecedented judicial sentence" ECF No. 7, P. 10 ¶ 54, and that the search was ordered to prevent Plaintiff from recording the proceedings. ECF No. 7, P. 6 ¶ 32; P. 11 ¶ 61. As to the Fourth Amendment claim, Plaintiff states in conclusory fashion that Zimmerman ordered the bailiff to conduct an unlawful search. ECF No. 7, P. 11, ¶¶ 60-63. As to the substantive due process claim, Plaintiff alleges only that "Judge Zimmerman's bias and retaliatory conduct denied Plaintiff a neutral tribunal." ECF

No. 7, P. 11, ¶ 64. As to the equal protection claim, Plaintiff alleges that Zimmerman imposed a “uniquely harsh punishment”. ECF No. 7, P. 12, ¶¶ 69-70.

Plaintiff seeks compensatory damages, punitive damages, declaratory judgment, attorney’s fees, and injunctive relief.[1] ECF No. 7, P. 15.

The Court granted Clark County and Botelho’s motion to dismiss, dismissing the claims against Botelho with prejudice based on absolute prosecutorial immunity and dismissing with prejudice the *Monell* claim against Clark County based on the judges’ conduct. ECF No. 38. The Court permitted Plaintiff to amend his remaining *Monell* claims by October 21, 2026, but he did not do so, and the First Amended Complaint remains the operative complaint. *Id.* at 12. After the Court authorized service by publication, Plaintiff filed a notice asserting that service on Judge Zimmerman was complete on October 9, 2026, which would make her response due October 30, 2026. ECF Nos. 34, 41. Judge Zimmerman’s motion to extend that deadline (ECF No. 42) remains pending, so she files this motion within the current deadline, and the extension motion may be denied as moot.

## III. LEGAL STANDARD

On a motion under Federal Rule of Civil Procedure 12(b)(6), the Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff, but it does not assume the truth of legal conclusions cast as factual allegations. *Kwan v. SanMedica Int’l*, 854 F.3d 1088, 1096 (9th Cir. 2017); *Navajo Nation v. Dep’t of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). The complaint must plead facts establishing a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se pleadings are construed liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). But a “liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.” *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[1] In a § 1983 action against a judicial officer for an act or omission taken in such officer’s judicial capacity, “injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.” 42 U.S.C. § 1983. *See* Section IV(B), *infra*.

An affirmative defense apparent on the face of the complaint may be raised in a Rule 12(b)(6) motion. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). That procedure is particularly suited to absolute judicial immunity, which is "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). The Court has already resolved absolute immunity on the pleadings in this case. ECF No. 38 at 4-6. Leave to amend may be denied where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

**IV.ARGUMENT**

Plaintiff's claims against Judge Zimmerman must be dismissed because Judge Zimmerman is entitled to absolute judicial immunity. There are two principal acts that Plaintiff alleges Judge Zimmerman committed: ordering him searched in the courthouse during the proceeding before her and imposing a sentence during his case. Both of these acts, as well as the remaining allegations of bias, are unquestionably entitled to absolute judicial immunity.

**A. Judge Zimmerman is entitled to absolute judicial immunity.**

When "state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities." *Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994). This is because any other construction "would be illogical . . . since a claim for damages against state officials in their official capacities is plainly barred." *Id.* When a government official is sued in their individual capacity under § 1983, they may raise the affirmative defense of absolute immunity. *See Butler v. Elle*, 281 F.3d 1014, 1021 (9th Cir. 2002). A motion to dismiss on judicial immunity grounds is brought under Fed. R. Civ. P. 12(b)(6). *Cf. Chrzanowski v. Assad*, 275 Fed. Appx. 661 (9th Cir. 2008) (unpublished) (upholding a 12(b)(6) motion to dismiss against a judge on absolute immunity grounds).

Judicial acts are entitled to immunity. *See Forrester v. White*, 484 U.S. 219, 227 (1988); *see also Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) (noting that such

immunity is "absolute"). To determine whether an act is judicial in nature, and thus entitled to immunity, this court considers whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) (quoting *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999)). These factors are "construed generously in favor of the judge[.]" *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc).

"[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Because the grant of judicial immunity is so broad, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal citations and quotations omitted). Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly[.]" *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

1. <u>Plaintiff's allegation that Judge Zimmerman ordered him searched is an act entitled to absolute judicial immunity.</u>

"A judge acts in his judicial capacity when he exercises control over his courtroom". *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994). "[A]s part of the exercise of control over his courtroom, a judge may control the conduct of those who appear in the courtroom." *Id*. Indeed, "Judges have an obligation to maintain control over the courthouse and over the conduct of persons in the courthouse[.]" *Stevens v. Osuna*, 877 F.3d 1293, 1305 (11th Cir. 2017). When evaluating the exercise of control that a judge asserts over the judge's courtroom,

the court should look to the "general function and not the particular act" of the exercise. *Cameron*, 38 F.3d at 271.

In *Mireles v. Waco*, the United States Supreme Court considered the application of judicial immunity concerning allegations of seizure and excessive force. 502 U.S. 9 (1991). There, it was alleged that the judge, "angered by the absence of attorneys from his courtroom," ordered law enforcement "to forcibly and with excessive force seize and bring the Plaintiff into his courtroom." *Id.* at 10 (internal citations omitted). In return, law enforcement allegedly seized the plaintiff, "cursed him, and called him vulgar and offensive names", and then "without necessity slammed him through the doors and swinging gates into [the judge's] courtroom." *Id.* (internal citations omitted). It was alleged that judge "knowingly and deliberately approved and ratified each of the aforedescribed acts." *Id.* The United States Supreme Court acknowledged that "[o]f course, a judge's direction to police officers to carry out a judicial order with excessive force is not a 'function normally performed by a judge.'" *Id.* at 12 (citing *Stump*, 435 U.S. at 362). However, the Court explained that "[i]f judicial immunity means anything, it means that a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'" *Id.* at 12-13 (quoting *Stump*, 435 U.S. at 356).

Thus, the Court reasoned that the relevant inquiry is the nature and function of the act, and not the act itself. *Id.* at 13. The relevant inquiry was whether the particular act related to the general function normally performed by a judge, "in this case, the function of directing police officers to bring counsel in a pending case before the court." *Id.* The fact that the order was directed to a third party, law enforcement, did not alter its judicial character. *Id.* The Court concluded that it had "little trouble" in concluding that the judge's actions were not "taken in the complete absence of all jurisdiction": "If [the judge] authorized and ratified the police officers' use of excessive force, he acted in excess of his authority. But such an action—taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction." *Id.* Because the Court held that the act was judicial and that the judge did not act in the absence of all jurisdiction, the Court held that the

Judge was entitled to absolute judicial immunity. *Id.* *Mireles* thus upheld judicial immunity on allegations further removed from ordinary courtroom control than those pleaded here, where Plaintiff was already in Judge Zimmerman's courtroom as the defendant in the case before her and the order concerned his recording of those very proceedings.

Moreover, in *Stevens v. Osuna*, the Eleventh Circuit held that a judge ordering a Plaintiff to be removed from the courtroom was a judicial function entitling the judge to immunity. 877 F.3d at 1305. The Court held that where "a person might not be complying with a court order or might be impeding the judicial proceeding", maintaining the conduct of persons in the courthouse is an ordinary function performed by judges. *Id.*

Here, Plaintiff alleges that Judge Zimmerman ordered the bailiff to search him "to prevent Plaintiff from recording court proceedings." ECF No. 7, P. 6 ¶¶ 31-32. Judge Zimmerman was acting in her judicial capacity by "exercising control over [her] courtroom", and, as part of that exercise, "control[ing] the conduct of those who appear in the courtroom." *Cameron*, 38 F.3d at 271. Plaintiff's own allegations establish that the search was ordered to keep him from recording the proceedings, ECF No. 7, P. 6 ¶ 32, which Nevada law prohibits without the judge's express permission. SCR 229(2)(b); *see also* NRS 1.210(1), (4) (every court has power to preserve and enforce order in its immediate presence and to control the conduct of its ministerial officers). Enforcing that restriction against a party appearing before the court is an ordinary judicial function. *Stevens*, 877 F.3d at 1305; *see also Duvall*, 260 F.3d at 1133 (finding that "exercising control over the courtroom while court is in session" is a normal judicial function). These are unquestionably judicial acts that are entitled to immunity.

Moreover, Plaintiff's conclusory claim that Judge Zimmerman ordered the bailiff to "conduct an unlawful search", ECF No. 7, P. 11, ¶¶ 60-63, does not change the nature of the analysis here. Just as in *Mireles*, where the plaintiff alleged that the judge had authorized law enforcement to carry out their acts with "excessive force", Plaintiff alleges that Judge Zimmerman authorized the bailiff to carry out their acts "unlawful[ly]". But as the Supreme Court explained in *Mireles*, the relevant inquiry is not the specific act itself, but the nature and function of the act, and the function here, controlling the conduct of a party appearing in the

courtroom during the proceedings, is judicial in nature. And, just as was the case in *Mireles*, the fact that the order was directed to a third party bailiff does not alter the judicial character of the act. The action taken here—authorizing a search—in the aid of Judge Zimmerman's jurisdiction in the proceeding before her "cannot be said to have been taken in the absence of jurisdiction" and therefore entitles Judge Zimmerman to immunity.

Nor does Plaintiff's reliance on *Forrester*, ECF No. 7, P. 11 ¶ 62, change the analysis. *Forrester* denied immunity for a judge's decision to demote and fire a probation officer because that decision was administrative, the kind of personnel decision any employer makes. *Forrester v. White*, 484 U.S. 219, 229-30. An order from the bench to courtroom bailiffs concerning a defendant appearing in a pending case is part of conducting the proceeding, not an administrative act. And Plaintiff's remaining allegations, that he had already cleared courthouse security, that there was no probable cause or warrant, and that the search was meant to suppress his First Amendment activity, ECF No. 7, P. 6 ¶¶ 31-33; P. 11 ¶¶ 60-61, go only to whether the order was correct or properly motivated, which does not affect immunity. *Stump*, 435 U.S. at 356 ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"); *Mireles*, 502 U.S. at 11.

Because the act alleged to have been committed by Zimmerman here (1) was a normal judicial function, (2) occurring in Judge Zimmerman's courtroom, (3) centered around a case pending before Judge Zimmerman, and (4) arose directly and immediately out of a confrontation with Judge Zimmerman in her official capacity, Judge Zimmerman is entitled to immunity. *Duvall*, 260 F.3d at 1133.

2. <u>Plaintiff's allegation that Judge Zimmerman sentenced him harshly is an act entitled to absolute judicial immunity.</u>

"The imposition of a sentence is unquestionably a judicial function for which a state court judge is entitled to absolute immunity from monetary liability, even if the sentence is later determined to be improper." *Davis v. City of Marietta*, 2008 WL 111225 at *2 (S.D. Ohio Jan. 8, 2008). "[S]entencing a defendant . . . is a judicial act." *McCullough v. Finley*,

907 F.3d 1324, 1331 (11th Cir. 2018); *see also Cornell v. Missoula County*, 2012 WL 252152 at *3 n.1 (D. Mont. Jan 26, 2012), *report and recommendation adopted*, 2012 WL 830311 (D. Mont. Mar. 9, 2012) ("Because the Justice of the Peace was performing a judicial act in sentencing [the defendant], the Justice would be entitled to absolute immunity"); *Elliott v. Dep't of Corr.*, 2006 WL 2841681 at *3 n.3 (W.D. Wash Oct. 2, 2006) ("Judge Arend is provided judicial immunity for her sentencing decisions.").

Here, Plaintiff claims that Judge Zimmerman imposed an "unprecedented judicial sentence", ECF No. 7, P. 10, ¶ 54, imposed a harsh sentence in retaliation, ECF No. 7, P. 11, ¶ 64, and imposed a "uniquely harsh punishment". ECF No. 7, P. 12, ¶¶ 69-70. Each of these allegations targets the sentence that Judge Zimmerman imposed. Because the "imposition of a sentence is unquestionably a judicial function" entitling the judge to immunity, Judge Zimmerman is absolutely immune. *Davis*, 2008 WL 111225 at *2. This would be the case even despite Plaintiff's contention that his conviction was reversed on appeal, ECF No. 7, P. 9, ¶ 49, because immunity is not lost simply because the "sentence is later determined to be improper." *Davis*, 2008 WL 111225 at *2.

Plaintiff's "statistical" comparison does not change the analysis. By his own account, every one of the fourteen comparators had the charges dismissed, so none was convicted and sentenced. ECF No. 7, P. 7, ¶ 36. Cases that never reached sentencing say nothing about the sentence imposed on a defendant convicted after trial, and operative complaint does not allege that Judge Zimmerman, rather than the prosecution, was responsible for any of those dismissals. In any event, the comparison goes only to motive, and judicial immunity "is not overcome by allegations of bad faith or malice[.]" *Mireles*, 502 U.S. at 11. Nor did Judge Zimmerman act in the clear absence of all jurisdiction, because Nevada justice courts have jurisdiction over misdemeanors, including obstruction under NRS 197.190, and a six-month sentence is within the range authorized for a misdemeanor. NRS 4.370(3); NRS 193.150(1). At most, Plaintiff alleges acts in excess of authority, but "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

Because (1) sentencing is a normal judicial function, (2) the events occurred in Judge Zimmerman's courtroom, (3) the sentencing was centered around a case pending before Judge Zimmerman, and (4) the sentencing arose directly and immediately out of a confrontation with Judge Zimmerman in her official capacity, Judge Zimmerman is entitled to immunity. *Duvall*, 260 F.3d at 1133.

3. <u>Plaintiff's remaining allegations of bias, retaliation, and coordination do not defeat absolute judicial immunity.</u>

The remaining allegations against Judge Zimmerman, that she denied Plaintiff's scheduling requests while granting Officer Bourque's and failed to disclose a prior marriage to a police officer, ECF No. 7, P. 6 ¶¶ 29-30, fare no better. Ruling on scheduling requests and deciding what to disclose about a possible ground for recusal are part of adjudicating the case before the judge, and Plaintiff offers these allegations only to show bias, which goes to motive and does not defeat immunity. *Pierson*, 386 U.S. at 554; *Mireles*, 502 U.S. at 11. The same is true of Plaintiff's conclusory allegations that Judge Zimmerman's sentence was coordinated with the prosecutor and Officer Bourque. ECF No. 7, P. 7, ¶ 39; P. 8 ¶ 44(b); P. 9 ¶ 46; P. 10 ¶ 54. Allegations that a conspiracy produced a judicial decision should "no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence." *Ashelman*, 793 F.2d at 1078.

**B. Plaintiff's requests for injunctive relief, declaratory relief, fees, and costs fail for additional reasons.**

Plaintiff's request for an injunction against further retaliation is barred by § 1983, which provides that in an action against a judicial officer for an act or omission taken in her judicial capacity, "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." ECF No. 7, P. 15; 42 U.S.C. § 1983. Plaintiff alleges neither exception. He also lacks standing to seek prospective relief because he alleges no facts showing a real and immediate threat of future injury from Judge Zimmerman. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 105-06 (1983).

His request for a declaration that the defendants violated his rights concerns completed

conduct and identifies no ongoing or future violation that a declaration would abate. ECF No. 7, P. 15. A declaration merely adjudicating past violations, without affecting the defendant's conduct toward the plaintiff, is not an appropriate exercise of federal jurisdiction. *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017). As for fees and costs, § 1988 bars an award against a judicial officer for acts in her judicial capacity unless the challenged judicial action was clearly in excess of her jurisdiction. 42 U.S.C. § 1988(b). In any event, a non-attorney pro se litigant cannot recover § 1988 fees. *Gonzalez v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987).

**C. The damages claims should be dismissed with prejudice.**

All allegations supporting Plaintiff's damages claims concern judicial acts taken within Judge Zimmerman's jurisdiction and are therefore barred by absolute judicial immunity. Because amendment could not cure that defect, those claims should be dismissed with prejudice and without leave to amend. *Sonoma Cnty. Ass'n*, 708 F.3d at 1118. The Court dismissed the claims against Botelho with prejudice on analogous immunity grounds. ECF No. 38 at 6. Plaintiff's remaining requests for relief fail for the independent reasons explained in Section IV(B).

## V. CONCLUSION

Judge Zimmerman is entitled to absolute judicial immunity for each of the alleged acts made in the operative complaint. For this reason, this Court should grant Judge Zimmerman's motion and dismiss all claims against her in the First Amended Complaint (ECF No. 7). The damages claims should be dismissed with prejudice and without leave to amend, and the remaining requests for relief should be dismissed.

DATED this 29th day of October, 2026.

STEVEN B. WOLFSON
DISTRICT ATTORNEY

By: */s/ Nicole R. Malich*
Deputy District Attorney
State Bar No. 13180
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
*Attorneys for Defendant*
*Ann E. Zimmerman*

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that I am an employee of the Office of the Clark County District Attorney and that on this 29th day of October, 2026, I served a true and correct copy of the foregoing DEFENDANT ANN E. ZIMMERMAN'S MOTION TO DISMISS (United States District Court Pacer System or the Eighth Judicial District Wiznet), by e-mailing the same to the following recipients. Service of the foregoing document by e-mail is in place of service via the United States Postal Service.

Jose DeCastro
5350 Wilshire Blvd. P.O. Box 36143
Los Angeles, CA 90036
*chille@situationcreator.com*
Plaintiff, Pro Se

*/s/ Christine Wirt*
An Employee of the Clark County District Attorney's Office – Civil Division