Jose M. DeCastro
5350 Wilshire Blvd
PO Box 36143
Los Angeles, CA 90036
(310) 963-2445
Email: chille@situationcreator.com
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOSE M. DECASTRO,
Plaintiff,
vs.
CLARK COUNTY, NEVADA, et al.,
Defendants.

Case No. 2:25-cv-00899-APG-BNW

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Jose M. DeCastro, appearing pro se, moves under Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15-1 for leave to file the proposed Second Amended Complaint ("SAC") attached as Exhibit 1. The motion is based on this memorandum, the Declaration of Jose M. DeCastro attached as Exhibit 2, Plaintiff's concurrently filed Motion to Extend Time, and the papers on file.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The proposed SAC replaces general allegations with the certified state-court record: the reporter's transcripts of the March 19, 2024 trial and the April 1, 2024 bail hearing, the April 9, 2024 minute order vacating Plaintiff's district-court bail hearing, and the July 19, 2024 Order Granting Appeal that reversed his convictions as First Amendment protected conduct. It re-pleads the Monell claim against Clark County with the facts the Court found missing, beginning with the statute that governs the marshals. It drops Deputy District Attorney Botelho. And it shows, transcript in hand, that Plaintiff alone was ordered by name to empty his pockets after he had already passed the courthouse screening, and that the only

reason the judge gave in that exchange was that she did not "want to be part of [his] You Tube channel."

No defendant has answered and no scheduling order has issued. Leave should be granted.

**II. BACKGROUND**

Plaintiff filed this action on May 21, 2025 (ECF No. 1) and the First Amended Complaint ("FAC") on June 27, 2025 (ECF No. 7). On September 28, 2026, the Court dismissed the claims against Botelho with prejudice; dismissed with prejudice the Monell claims against Clark County based on the conduct of LVMPD, Officer Bourque, and Judges Zimmerman and Leavitt; dismissed without prejudice the Monell claims based on the conduct of Botelho and the bailiffs; and permitted a second amended complaint asserting Monell claims by October 21, 2026. (ECF No. 38 at 11-12.) Plaintiff's concurrently filed Motion to Extend Time explains why he did not file by that date and asks the Court to extend it. Plaintiff served Judge Leavitt by email on September 9, 2026, as ECF No. 34 authorized, completed service on Judge Zimmerman by publication on October 9, 2026, and filed proof of service on October 15, 2026 (ECF No. 41). Judge Zimmerman moved to dismiss the FAC on October 29, 2026 (ECF No. 44).

**III. LEGAL STANDARD**

Leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). It is denied only for undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1118 (9th Cir. 2013). Prejudice "carries the greatest weight," and absent prejudice or a strong showing on another factor there is a presumption in favor of leave. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). An amendment is futile if the proposed pleading would not survive a Rule 12(b)(6) motion, that is, if its factual allegations, taken as true, do not plausibly state a claim. Miller v. Rykoff-

Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). His filings are liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## IV. ARGUMENT

### A. Rule 15(a)(2) governs, and the Foman factors favor leave.

ECF No. 38 set a deadline only for the Monell amendment, and the concurrently filed Motion to Extend Time addresses it. Every other claim in the SAC is governed by Rule 15(a)(2), and because no scheduling order has issued, there is no Rule 16(b) deadline to meet.

No Foman factor weighs against amendment. There is no bad faith or dilatory motive. This is Plaintiff's first request for leave after any ruling on the merits. The SAC supplies the facts the Court found missing and drops the party the Court dismissed with prejudice. As for prejudice, the case remains at the pleading stage, no trial date or discovery or dispositive-motion deadline would be disturbed, and responding to a more specific pleading is not, by itself, undue prejudice.

The SAC carries forward the FAC's claims as follows. FAC Count I (First Amendment retaliation) becomes SAC Count II and, as to the sentence, SAC Count V. FAC Count II (against Botelho) is dropped. FAC Count III (Fourth Amendment) becomes SAC Count I. FAC Count IV (due process, against Judges Zimmerman and Leavitt) becomes SAC Count IV, now limited to the vacating of Plaintiff's district-court bail hearing, and SAC Count V. FAC Count V (Sixth Amendment) becomes SAC Count III. FAC Count VI (equal protection) becomes SAC Count V. FAC Count VII (against Bourque) becomes SAC Count VII. FAC Count VIII (Monell) becomes SAC Count VI. Plaintiff's opposition to ECF No. 44 uses the FAC's count numbers.

### B. The amendment is not futile.

1. Monell. ECF No. 38 found that the FAC did "not allege facts to show a plausible custom or practice related to these defendants, that they are final policymakers for Clark

County, that Clark County has control over state court bailiffs' conduct, or that it has any role in training them." (ECF No. 38 at 11 n.7.) The SAC begins with NRS 4.353, under which the justices of the peace appoint and direct the deputy marshals and the board of county commissioners fixes their salaries, which the County pays. Plaintiff acknowledges that County liability cannot rest on a judge's act. (ECF No. 38 at 7-8.) The SAC therefore rests it on conduct no judge directed: the bailiffs' report about Plaintiff before court on March 19, and the false statements that turned his supporters away on April 1. It answers each point in note 7: custom (SAC ¶¶ 56-58, 85(a)); policymaker and ratification (¶¶ 59, 85(c)); control, through County recruiting for "law enforcement duties in the Clark County Regional Justice Center," pay, and supervision (¶¶ 53-55); and training, including the obvious need for it (¶¶ 55, 57-58). It states expressly that the County is not sued for any judge's order. (Id. ¶¶ 54, 85.)

2. The bailiffs and the Doe defendants. The SAC alleges that the bailiffs confronted Plaintiff before court was in session, spoke with the judge about him outside the presence of the parties, and carried out a search of Plaintiff alone, and that a bailiff turned away his supporters from a public hearing by falsely telling them it was over or not open to the public, with no closure order. (SAC ¶¶ 18-22, 23-34, 46-52.) Plaintiff acknowledges that officers who execute a judge's facially valid order may share the judge's immunity. Engebretson v. Mahoney, 724 F.3d 1034, 1039 (9th Cir. 2013). But the bailiffs' report and their part in deciding on the search before the judge took the bench were their own acts, and the April 1 exclusion was carried out under no judicial order at all. (SAC ¶¶ 22, 33, 52, 64.)

3. Judge Zimmerman. Immunity turns on "the nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 229 (1988); see Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36 (1993). The SAC alleges that ordering a second, targeted search of one member of the public who had already passed the building's screening, on the bailiffs' report about him, is a security function, not the adjudication of any issue in the case. (SAC ¶¶ 32-33, 65.) That question is fully briefed in Plaintiff's opposition to ECF No. 44. The sentencing claim (SAC Count V) is pleaded for

damages only, with the immunity authority acknowledged to preserve it, and the sentence remains evidence of motive for Counts I and II.

4. Judge Leavitt. Plaintiff's counsel requested a hearing on his motion for release pending appeal, and the clerk set one. The day before, Judge Leavitt reviewed the written motion, denied it in chambers, and vacated the hearing, so no hearing on Plaintiff's liberty was held in that court. (SAC ¶¶ 43-45, 78-80.) The SAC acknowledges Stump v. Sparkman, 435 U.S. 349 (1978), Mireles v. Waco, 502 U.S. 9 (1991), Green v. Mansour, 474 U.S. 64, 73 (1985), and Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005), so that the issues are preserved.

5. Count III. The SAC invokes the public-trial right recognized in Waller v. Georgia, 467 U.S. 39 (1984), and Presley v. Georgia, 558 U.S. 209 (2010), to the extent it reaches a bail-pending-appeal hearing held in the trial court, relying on United States v. Rivera, 682 F.3d 1223 (9th Cir. 2012) (sentencing), and it discloses that Martinez v. Court of Appeal, 528 U.S. 152, 160 (2000), describes Sixth Amendment rights as limited to preparation for trial and the trial itself. The certified transcript reflects no closure order or findings. (SAC ¶¶ 46, 74.)

6. Officer Bourque. Plaintiff acknowledges that a jury in No. 2:23-cv-00580 returned a verdict for Bourque in February 2026, and that judgment is on appeal (No. 26-1594). Plaintiff does not seek to relitigate the claims decided there. Count VII rests on Bourque's out-of-court reports and statements, not his trial testimony, cf. Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983); Paine v. City of Lompoc, 265 F.3d 975, 981-83 (9th Cir. 2001); see Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc), and on the 2024 incarceration that followed. A fabricated-evidence claim does not accrue until the prosecution ends in the plaintiff's favor, here on July 19, 2024. McDonough v. Smith, 588 U.S. 109 (2019). Claim preclusion does not reach claims that accrued after the operative complaint in the earlier action was filed. Howard v. City of Coos Bay, 871 F.3d 1032, 1040 (9th Cir. 2017). The district court on appeal found that Plaintiff "did in fact back up when ordered to do so," contrary to Bourque's account. (SAC Ex. D at 5:1-2; SAC ¶ 89.) Bourque

has not yet been served. Once the SAC is filed, Plaintiff will promptly move under Rule 4(m) for time to serve him and the Doe defendants.

7. Relief, Heck, and timeliness. The SAC seeks no injunction against any judicial officer. Because the conviction was reversed on July 19, 2024, Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), bars no claim. This action was filed on May 21, 2025, within Nevada's two-year period, NRS 11.190(4)(e); Wallace v. Kato, 549 U.S. 384, 387 (2007), and the SAC's claims arise from the conduct pleaded in the original complaint and the FAC and relate back. Fed. R. Civ. P. 15(c)(1)(B); Mayle v. Felix, 545 U.S. 644, 664 (2005). Substitution of the Doe defendants will rely on Rule 15(c)(1)(A) and Nevada's fictitious-defendant practice, NRCP 10(d); Nurenberger Hercules-Werke GmbH v. Virostek, 107 Nev. 873, 881, 822 P.2d 1100, 1106 (1991), and Plaintiff has sought their identities diligently (ECF Nos. 13, 14). (SAC ¶¶ 5, 13.)

**C. If any count is futile, leave should be granted as to the rest.**

If the Court concludes that any proposed count or theory is futile, Plaintiff asks that leave be granted as to the remaining counts, and in particular the claims against the bailiffs and marshals and the Monell claim based on their conduct, and that the SAC be filed without the count or theory found futile, or that Plaintiff be permitted to file a conforming pleading. Because an amended complaint supersedes the prior one, Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015), Plaintiff asks the Court to decide this motion before ECF No. 44.

**D. The motion complies with Local Rule 15-1.**

As LR 15-1(a) requires, the proposed SAC is attached as Exhibit 1. It is complete in itself without reference to any prior pleading, and the exhibits it references, SAC Exhibits A through E, are attached to it, with SAC Exhibit E consisting of the pages of the state-court filings the SAC cites. If leave is granted, Plaintiff will file and serve the SAC as LR 15-1(b) requires.

**V. CONCLUSION**

Plaintiff respectfully requests that the Court:

1. Grant leave under Rule 15(a)(2) to file the Second Amended Complaint attached as Exhibit 1;
2. In the alternative, grant leave as to every count and theory not found futile, and direct that the Second Amended Complaint be filed without any count or theory found futile, or permit Plaintiff to file a conforming pleading; and
3. Direct the Clerk to file the Second Amended Complaint, or set a date by which Plaintiff must file it under LR 15-1(b).

DATED: November 16, 2026

Respectfully submitted,

Jose M. DeCastro
5350 Wilshire Blvd, PO Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on November 16, 2026, I served a true and correct copy of the foregoing Plaintiff's Motion for Leave to File Second Amended Complaint, with Exhibits 1 and 2, by depositing it in the United States mail at Los Angeles, California, first-class postage prepaid, addressed as follows, and I sent a courtesy copy by email to the addresses shown:

Nicole R. Malich (Nicole.Malich@ClarkCountyDANV.gov)
Attorney for Defendant Ann E. Zimmerman

Olivia C. Denue (Olivia.Denue@ClarkCountyDANV.gov)
Scott Davis (Scott.Davis@ClarkCountyDANV.gov)
Attorneys for Defendants Clark County and Agnes Botelho

Clark County District Attorney, Civil Division
500 South Grand Central Pkwy.
Las Vegas, NV 89155-2215

Michelle Leavitt, Defendant (has not appeared)
11280 Granite Ridge Drive, Unit 1042
Las Vegas, NV 89135
mlfjudge@apl.com (ECF Nos. 34, 41)

______________________________
Jose M. DeCastro
Plaintiff, Pro Se