Jose M. DeCastro
5350 Wilshire Blvd
PO Box 36143
Los Angeles, CA 90036
(310) 963-2445
Email: chille@situationcreator.com
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOSE M. DECASTRO,
Plaintiff,
vs.
CLARK COUNTY, NEVADA, et al.,
Defendants.

Case No. 2:25-cv-00899-APG-BNW

**PLAINTIFF'S MOTION TO EXTEND TIME UNDER FED. R. CIV. P. 6(b)(1)(B) AND LR IA 6-1 TO FILE AMENDED MONELL CLAIMS**

**(First Request)**

Plaintiff Jose M. DeCastro, appearing pro se, moves under Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule IA 6-1 for an order extending, on a finding of excusable neglect, the October 21, 2026 deadline to file a second amended complaint asserting Monell claims set by the Court's Order of September 28, 2026 (ECF No. 38 at 12:3-5), to November 16, 2026, the date Plaintiff files his concurrently submitted Motion for Leave to File Second Amended Complaint. This is Plaintiff's first request to extend this deadline. The motion is based on this memorandum, the Declaration of Jose M. DeCastro attached as Exhibit 1, and the papers on file.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. BACKGROUND**

On September 28, 2026, the Court granted the motion to dismiss filed by Clark County and Agnes Botelho and permitted Plaintiff to file a second amended complaint asserting Monell claims, consistent with its order, by October 21, 2026. (ECF No. 38 at 11-12.) Plaintiff did not file by that date.

Plaintiff understood correctly that ECF No. 38 granted leave only as to the Monell claims. His mistake was a different one. He believed he should file one complete amended pleading, and that he could not file it until the judicial defendants, Judges Zimmerman and Leavitt, had been served and had responded. (Ex. 1, DeCastro Decl. ¶¶ 4-6.)

Service on the judicial defendants took longer than the Court's deadlines allowed. The magistrate judge twice recommended dismissing them under Rule 4(m) (ECF Nos. 22, 35). The Court then extended the service deadline (ECF Nos. 37, 40), and Plaintiff completed service, including by publication in the Las Vegas Review-Journal, and filed proof of service in October 2026 (ECF No. 41). Locating the judges for service required retaining a licensed private investigator. (Ex. 1 ¶ 5.) Judge Zimmerman moved to dismiss on October 29, 2026 (ECF No. 44).

In the same weeks, Plaintiff was working with his counsel on the opening brief in DeCastro v. Las Vegas Metropolitan Police Department, No. 26-1594 (9th Cir.), the appeal from No. 2:23-cv-00580-APG-EJY in this Court, due November 27, 2026, which has required a substantial amount of his own time. (Ex. 1 ¶ 7.) Once Judge Zimmerman's motion made clear that the pleadings would be tested now, Plaintiff prepared a complete proposed second amended complaint and files it today with his motion for leave, on the same day he files his opposition to ECF No. 44. (Id. ¶ 8.)

## II. LEGAL STANDARD

When a deadline has passed, the court may extend it "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); see LR IA 6-1(a). The inquiry is equitable and considers all relevant circumstances, including the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-25 (9th Cir. 2000). Mistakes in construing the rules "do not usually constitute" excusable neglect, Pioneer, 507 U.S. at 392, but there is no per se rule;

the question turns on all of the factors. Pincay v. Andrews, 389 F.3d 853, 855, 859-60 (9th Cir. 2004) (en banc); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381-82 (9th Cir. 1997) (pro se litigant). Rule 6(b) is "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258-59 (9th Cir. 2010) (quotation omitted).

**III. ARGUMENT**

Prejudice. The extension presents no substantial prejudice to any defendant. The case remains at the pleading stage, no scheduling order has issued, and no trial date or discovery or dispositive-motion deadline would be disturbed. Clark County has not answered, and the Monell claims it would face were dismissed without prejudice. Responding to an amended pleading is not, by itself, undue prejudice.

Length of delay and impact. The delay is about four weeks. Extending the deadline will let the Court decide the sufficiency of all claims once, on a complete pleading.

Reason for delay. The reason is a good-faith procedural mistake by a litigant without legal training: Plaintiff believed the amended pleading had to wait until the judicial defendants, whose service the Court was supervising, had been served and had responded. Plaintiff does not ask the Court to treat that mistake as automatically excusable. He asks the Court to weigh it with the other factors, including that the deadline fell while he was completing service under deadlines the Court had extended (ECF Nos. 37, 40) and working on a Ninth Circuit brief.

Good faith. Plaintiff did not delay to gain any advantage. (Ex. 1 ¶ 6.) He pursued service until it was complete, and he files a complete proposed pleading, with a motion for leave and his opposition to ECF No. 44, on the same day. Had he understood that he could amend before the judicial defendants responded, he would have filed on time. (Id. ¶ 9.)

Prior extensions. As LR IA 6-1(a) requires, Plaintiff states that the Court has not previously extended the October 21, 2026 deadline. The Court has extended other deadlines in this case, including the service deadline (ECF Nos. 37, 40).

**IV. CONCLUSION**

Plaintiff respectfully requests that the Court find excusable neglect and extend the October 21, 2026 deadline in ECF No. 38 to November 16, 2026, so that his concurrently filed Motion for Leave to File Second Amended Complaint is considered timely as to the Monell claims, or to such other date as the Court sets.

DATED: November 16, 2026

Respectfully submitted,

Jose M. DeCastro
5350 Wilshire Blvd, PO Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on November 16, 2026, I served a true and correct copy of the foregoing Plaintiff's Motion to Extend Time Under Fed. R. Civ. P. 6(b)(1)(B) and LR IA 6-1 (First Request), with Exhibit 1, by depositing it in the United States mail at Los Angeles, California, first-class postage prepaid, addressed as follows, and I sent a courtesy copy by email to the addresses shown:

Nicole R. Malich (Nicole.Malich@ClarkCountyDANV.gov)
Attorney for Defendant Ann E. Zimmerman

Olivia C. Denue (Olivia.Denue@ClarkCountyDANV.gov)
Scott Davis (Scott.Davis@ClarkCountyDANV.gov)
Attorneys for Defendants Clark County and Agnes Botelho

Clark County District Attorney, Civil Division
500 South Grand Central Pkwy.
Las Vegas, NV 89155-2215

Michelle Leavitt, Defendant (has not appeared)
11280 Granite Ridge Drive, Unit 1042
Las Vegas, NV 89135
mlfjudge@apl.com (ECF Nos. 34, 41)



Jose M. DeCastro
Plaintiff, Pro Se