# EXHIBIT 2

Certified Reporter's Transcript of Proceedings, April 1, 2024
State v. DeCastro, Las Vegas Justice Court Case No. 23CR013015

**EXHIBIT 2: Certified Reporter's Transcript, Hearing, April 1, 2024**

DeCastro v. Clark County, No. 2:25-cv-00899-APG-BNW Page 2 of 4



CASE NO. **C-24-381730-A**

IN THE JUSTICE COURT OF LAS VEGAS TOWNSHIP
COUNTY OF CLARK, STATE OF NEVADA

THE STATE OF NEVADA, )
Plaintiff, )
vs. ) CASE NO. **23CR013015**
JOSE DECASTRO, )
Defendant. )
______________________________)

REPORTER'S TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE ANN E. ZIMMERMAN
JUSTICE OF THE PEACE
MONDAY, APRIL 1, 2024

8:00 A.M.

APPEARANCES:

For the State: A. BOTELHO, ESQ.
DEPUTY DISTRICT ATTORNEY

For the Defendant: C. ORAM, ESQ.
ATTORNEY AT LAW

Reported by: CHRISTA BROKA, CCR. No. 574



LAS VEGAS, CLARK COUNTY, NEVADA,
APRIL 1, 2024 AT 8:00 A.M.
P R O C E E D I N G S

THE COURT: Jose Decastro, 23CR013015. Good morning.

MR. ORAM: Good morning, Your Honor. Christopher Oram on behalf of Mr. DeCastro. He is present in custody.

THE COURT: Nice to see you, Chris.

MS. BOTELHO: Agnes Botelho for the State bar number 11064.

THE COURT: This is your motion.

MR. ORAM: Yes, Your Honor. First of all, I've had a chance to watch the video of the trial. I watched Mr. Decastro come into your courtroom in an extraordinarily disrespectful fashion and refer to the marshall in an inappropriate way. I then saw some other things that I would consider very poor courtroom antics. Mr. Decastro was convicted. He was given six months in jail. One thing I know that he wanted to do today is for no other purpose no matter what your ruling he wants to say sorry. I've asked him if he'd say sorry to the Court. I understand that you may see it as that he should apologize to the marshall. I don't see the



Electronically Filed
4/22/2024 3:01 PM
Steven D. Grierson
CLERK OF THE COURT

marshall he did this to here. The issues that I saw seem to be significant Constitutional issues. The Court addressed it but what I did notice is this should have really been briefed beforehand on First Amendment issues so the Court could have had that, that's no fault, but I think it should have been done beforehand. I also noticed at the time of sentencing the State asked for a suspended sentence but Mr. Decastro just pushed it, pushed it, pushed it, and I see that reasonably agitated and irritated the Court causing a sentence that is now six months. This man from what I can tell, Your Honor, has no prior felony convictions whatsoever. I'm doing that upon information and belief. I haven't run his scope. I know the State can do that but I don't see that he has any felony convictions. He's made his appearances. I think the time in jail has been shocking to him. I know it has because I can tell the reaction of the calls everyday and how difficult it is for him. I think he pushed this and has -- is learning a very very difficult lesson in life. I would ask the Court to consider based on his ties to the community with a sister here, nephew, he has a whole bunch of people that wanted to come to court which I suggested if they come here be respectful and mindful of what's already occurred in this court. But what I'd ask the Court to



do given his lack of any serious criminal history, his remorse for his behavior in this courtroom during the trial, and the fact that the State at the time did not want jail time, I'd ask for an appeal bond, Your Honor. So the issue can be -- these issues can be properly raised. And so with that, Your Honor, I'd ask for an O.R. I would just say a reasonable bail. I would suggest that since he came to the trial and he has since gotten a taste of what inappropriate behavior in a courtroom looks like and feels like, I would ask for a bail in the amount of 10 or $20,000 -- an appeal bond in the amount 10 or $20,000. With that, Your Honor, I would submit.

THE COURT: State?

MS. BOTELHO: Your Honor, may I respond orally? Typically pursuant to the Nevada Rules of Criminal Practice the State has ten days to file an opposition but this was placed on calendar very quickly. So I would ask for leave of the the Court to answer orally.

THE COURT: Okay.

MS. BOTELHO: Your Honor, I am in receipt of Mr. Oram's motion for bail or in the alternative for his own recognizance release. I would note that NRS 178.488 does make it discretionary upon this Court whether you

would allow bail pending appeal. Mr. Decastro there has been a briefing schedule set before Judge Leavitt in District Court on the appeal but it's not set to be heard until July. It's discretionary, Your Honor. The State would oppose this Court setting a bail at this point. There seems to be this assumption that this Court sentenced Mr. Decastro to six months in the Clark County Detention Center just because of his conduct or his inappropriate conduct in court. I would venture to say that Your Honor presided over the trial to where you found guilt beyond a reasonable doubt for both the obstructing a police officer and resisting a police officer. You saw his conduct in the body worn camera by the officer and I would venture to say and I would submit to the Court that the six-month sentence that you imposed isn't simply for his behavior in court or his behavior to your marshall but that is an appropriate sentence placed on upon the Defendant by the Court due to the charges and the evidence that you saw during trial. There's also been this claim that Mr. Decastro has stayed trouble free for most of his life. I would venture to say, yes, he does not have felony convictions. He does not have gross misdemeanor convictions. But he does have pretty consistent contact with law enforcement. He does have a warrant out of



Ohio a trespass and I understand that's a piddley misdemeanor, however, it is in warrant status. He has a pending case in Las Vegas Justice Court for the very same offenses that this Court heard during the trial here. As to the claim that, you know, hey, there were issues before trial and there were First Amendment issues raised and briefed prior to, Your Honor Defense Counsel was able to argue the First Amendment defense. Your Honor, heard these arguments both during the trial and during closing arguments. Mr. Decastro when he took the stand raised them as a defense. But Your Honor held after listening to all of the evidence and applying the law, Your Honor held -- found him guilty regardless. This was not a First Amendment issue. The State stands by that. This was simply the Defendant breaking the law and he was sentenced accordingly for his behavior. It was conduct -- it was a consequence an appropriate sentence imposed by the Court to the Defendant. We would oppose any kind of change or bail setting or O.R. at this point. This is not a pretrial detention. This is not pretrial -- Valdez-Jiminez was cited also in the Defense Counsel's motion. Valdez-Jiminez is about pretrial detention. Mr. Decastro is no longer cloaked with the presumption of innocence. He has been found guilty beyond a reasonable doubt by Your Honor. At this



point I would ask that the six-month sentence that you imposed stand and he remain in custody.

MR. ORAM: May I reply?

THE COURT: I'm going to ask the interpreter to quit reading. Thank you.

MR. ORAM: Your Honor, the statute we cited is in fact just discretionary to you to determine pending appeal whether an appeal bond can be issued. I hear the State. I recognize you found him guilty. I am not trying to in anyway argue that. On appeal there are legitimate issues. The Court can see there are some First Amendment issues just from watching the video things that a Court can consider on appeal so that's the only basis I'm bringing that up on. But given the fact that I think he really is contrite for what he's done --

THE COURT: I disagree. Have you watched the videos that have been posted since he has been incarcerated?

MR. ORAM: I am in a murder trial, Your Honor.

THE COURT: I guess he can apologize to me in a minute but that's not what he's saying on -- what he's publishing online and in his phone calls from the jail. That's not what he's saying at all. Are you aware that he has a trial pending in Las Vegas Municipal



Court, he has a case pending in Good Springs Justice Court where he continues to manufacture situations where he will get arrested?

MR. ORAM: Your Honor, I represent that's what he was sort of doing for a living. He's now been incarcerated --

THE COURT: What he is saying in the couple of weeks since he's been incarcerated when he calls from the jail and publishes them on his website is not what he's about to say to me. Okay? So he's going to apologize to me now but that's not what he's doing publicly. Okay?

MR. ORAM: Okay. I won't have him speak at this time. But I would still ask you to consider that there may be legitimate issues, I think there are, for Judge Leavitt to consider. I think these are sort of issues of first impression that was the other thing I saw is in the State of Nevada I can't find any case law that specifically talks about this filming of police officers. What I would say to the Court is I recognize it's obnoxious behavior is what it appears to be. Whether it's protected is another thing that I think higher courts need to look at. I can see if the Court has already made up its mind --

THE COURT: I want to be clear that I did

9

not have a problem with him filming and I said that when I sentenced him. That was not the issue. It was the safety issues that he created with his behavior. I also did not sentence him because of his ridiculous behavior in court. That wasn't why I sentenced him to jail. I sentenced him because I found him guilty beyond a reasonable doubt and I thought that was the appropriate sentence. I could have given him 180 days on each count and ran it consecutive for a year in jail but I didn't. His behavior was unacceptable in court but that's not what I sentenced him for. I did not sentence him for his behavior in court. I sentenced him for his behavior for the two charges that he faced.

MR. ORAM: Yes, Your Honor.

THE COURT: All right. So your motion is denied. Thank you.

* * * * *

ATTEST: FULL, TRUE AND ACCURATE TRANSCRIPT OF PROCEEDINGS.

\s\Christa Broka
CHRISTA D. BROKA, CCR 574

10

IN THE JUSTICE COURT OF LAS VEGAS TOWNSHIP
COUNTY OF CLARK, STATE OF NEVADA
-o0o-

STATE OF NEVADA, )
Plaintiff, )
vs. ) Case No. 23CR013015
JOSE DECASTRO, ) ATTEST RE: NRS 239B.030
Defendant, )
________________)

STATE OF NEVADA)
) ss
COUNTY OF CLARK)

I, Christa D. Broka, a Certified Shorthand Reporter within and for the county of Clark and the State of Nevada, do hereby certify:

That REPORTER'S TRANSCRIPT OF PROCEEDINGS was reported in open court pursuant to NRS 3.360 regarding the above proceedings in Las Vegas Justice Court 8, 2024, Lewis Avenue, Las Vegas, Nevada.

That said TRANSCRIPT:

_X_ Does not contain the Social Security number of any person.

__ Contains the Social Security number of a person.

11

ATTEST: I further certify that I am not interested in the events of this action.

\s\Christa Broka
CHRISTA D. BROKA, CCR 574