# EXHIBIT 3

Order Granting Appeal (July 19, 2024)
DeCastro v. State, Eighth Judicial District Court Case No. C-24-381730-A

Electronically Filed
07/19/2024 3:23 PM
CLERK OF THE COURT

**ORDG**

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

JOSE DECASTRO,
Appellant,
vs.
STATE OF NEVADA,
Respondent.

CASE NO.: C-24-381730-A
23-CR-013015

Dept: XII

**ORDER GRANTING APPEAL**

## DECISION

This is an appeal from a judgment of conviction, pursuant to a bench trial of two misdemeanor violations, one (1) count of Obstructing a Public Officer NRS 197.190 and one (1) count of Resisting a Public Officer NRS 199.280.3. (Las Vegas Township Justice Court, Clark County; Ann E. Zimmerman, Judge).

Appellant Jose DeCastro was charged with two (2) misdemeanor violation counts relating to obstructing and resisting a public officer regarding the filming of a traffic stop that occurred in a commercial parking lot. Mr. DeCastro was sentenced to one hundred and eighty (180) days in the Clark County Detention Center. Mr. DeCastro asserts four (4) claims on appeal. The Court having heard the matter on July 10th, 2024, rules as follows.

### I. Relevant Facts and Procedural History

On March 15, 2023, Ofc. Branden Bourque conducted a vehicle stop on a Hyundai in a parking lot at 4155 S, Grand Canyon Drive, Las Vegas, Nevada. During the vehicle stop, Mr. DeCastro began filming the police encounter. Ofc. Bourque testified that he instructed Mr. DeCastro to back up. Mr. DeCastro testified that he did back up. At trial, Ofc. Bourque referenced a “twenty-one foot” rule. The Court found that Ofc. Bourque did not vocalize that



Statistically closed: D. _USJR - CR - Transferred (before/during trial) (USCT)

Mr. DeCastro should back up to twenty-one feet away from the Officer. Ofc. Bourque detained Mr. DeCastro and cited him for Obstructing a Public Officer and Resisting Arrest.

## II. Applicable Law

The First Amendment provides: "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peacefully to assemble, and to petition the Government for a redress of grievances".

The constitutional right to film public officials has been firmly established by the federal courts. In Glik v. Cunniffe, the court summarized the issue as, "although not unqualified, a citizen's right to film government officials, including law enforcement officers, in the discharge of their duties in a public space is a basic, vital, and well-established liberty safeguarded by the First Amendment. Glik v. Cunniffe, 655 F.3d 78, 79 (1st Cir. 2011). "In line with these principles, we have previously recognized that the videotaping of public officials is an exercise of First Amendment liberties." Id at 83.

On February 22, 2024, the Nevada Court of Appeals carefully examined NRS 197.190. Wilson v. First Judicial Dist. Court, 140 Nev. Adv. Op.7 (Nev. App. 2024).

In Wilson, the Court of Appeals reasoned:

> As construed by this court, NRS 197.190 prohibits only physical conduct and fighting words that hinder, delay, or obstruct a public officer in the discharge of official duties or powers. As such, law enforcement has no discretion to arrest persons for protected speech or for physical conduct that is merely annoying or offensive.

Id at 23.

The Court of Appeals determined that specific intent to hinder, delay or obstruct is a requirement of the statute. Id. The Court of Appeals further held "therefore, we interpret NRS 197.190 as applying only to physical conduct and fighting words". Id at 18. The Court of

Appeals further explained that "blocking the path of an officer" may amount to obstruction. Id. The court also cited Washington v. Hudson, 784 P.2d533, 537 (Wash. Ct. App. 1990) where non-aggressive behavior may cause obstruction.

In Wilson, the court determined that the real issue was whether there was sufficient evidence to convict Wilson of the obstruction charge and whether the district court had properly considered the issue on appeal. Wilson v. First Judicial Dist. Court, 140 Nev. Adv. Op.7 (Nev. App. 2024). The Court explained:

> The district court did not have the benefit of our interpretation of NRS 197.190 as being limited to physical conduct and fighting words, and it therefore did not consider whether there was sufficient evidence that Wilson engaged in physical conduct, or uttered fighting words so as to support her conviction of violating NRS 197.190.

Id at 25.

## III. Analysis

This Court is tasked with deciding whether the District Court erred when it convicted Mr. DeCastro of obstructing and resisting a public officer when he was recording a police interaction during a traffic stop.

This Court recognizes that State and Federal law permits the filming of police activities. NRS 171.1233(2)(a) specifically allows for filming of police activities, stating a "peace officer shall not act to interfere with a person's recording of a law enforcement activity, including, without limitation, by: (a) Intentionally preventing or attempting to prevent the person from recording a law enforcement activity."

The right to film police activities is further supported by the precedent set in Glik, which establishes that individuals are permitted to film police activities. Glik v. Cunniffe, 655 F. 3rd 78 (2011). This precedent was relied upon by both the prosecution and defense on appeal.

Additionally, Houchins v. KQED, Inc. establishes that there is a right to gather news from any source by means within the law. Houchins v. KQED, Inc., 438 U.S. 1, 11, 98 S. Ct.

2588, 57L. Ed. 2d 553 (1978) (quoting Branzburg v. Hayes, 408 U.S. 665, 681-82, 92 S. Ct. 2646 (1972)). Mills v. Alabama established that there is a right to film government officials engaged in their duties in a public place, including police officers performing their responsibilities and serves as a cardinal First Amendment interest in protecting and promoting "the free discussion of governmental affairs." Mills v. Alabama, 384 U.S. 214, 218, 86 S. Ct.1434, 16 L. Ed. 2d 484 (1966). The First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest. Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000). *See also* Fordyce v. City of Seattle, 55 F.3d 436, 439 (9th Cir. 1995) (recognizing a "First Amendment right to film matters of public interest").

This Court carefully considered the decision in Wilson. The Trial Court did not consider the Wilson decision[1]. The Wilson decision establishes fighting words, physical conduct, obstructing the pathway, or fleeing an officer as standards that apply to obstruction. Wilson v. First Judicial Dist. Court, 140 Nev. Adv. Op. 7 (Nev. App. 2024). This Court found that none of the criteria for obstruction, as defined in Wilson, were met in the present case.

Furthermore, this Court reviews the Wilson Court decision that determined specific intent to hinder, delay or obstruct is a requirement of NRS. 171.1233(2)(a). Id. The Nevada Court of Appeals held, “therefore, we interpret NRS 197.190 as applying only to physical conduct and fighting words” Id at 18.

This Court found that after being ordered to cease speaking to the driver by Ofc. Bourque Mr. DeCastro complied, and on direct appeal the State agreed with that assessment.

---

[1] This Court acknowledges that the Wilson decision was rendered less than a month before Mr. DeCastro’s trial. Additionally, the Defense failed to file a pre-trial motion litigating this issue and citing the Wilson decision.

This Court takes notice that, at trial, Officer Bourque claimed Mr. DeCastro did not back up. However, this Court concluded that Mr. DeCastro did in fact back up when ordered to do so. This Court recognized that there is no "twenty-one foot" rule regarding the distance officers can be filmed while performing police activities.

This Court found that Mr. DeCastro utilized provocative and challenging language that could be described as offensive and annoying but, ultimately, the behavior was protected by the First Amendment to the U.S. Constitution. City of Houston v. Hill, 482 U.S. 451,461, 107 S. Ct. 2502, 96 L. Ed. 2d 398 (1987). Glik v. Cunniffe, 655 F. 3rd 78 (2011). Wilson v. First Judicial Dist. Court, 140 Nev. Adv. Op. 7 (Nev. App. 2024).

The State attempted to argue time, place, and manner restrictions on First Amendment activities supported Mr. DeCastro's convictions. This Court observed that the interaction between Mr. DeCastro and Ofc. Bourque transpired in a sizable parking lot, in the course of a traffic stop, during daylight hours. This Court recognized that the driver of the vehicle had no right to privacy in that setting. Furthermore, this Court found that Ofc. Bourque was not hindered in his ability to issue the driver a citation. Ofc. Bourque chose to let the driver go in order to concentrate his attention on Mr. DeCastro while Mr. DeCastro was practicing his constitutionally protected right to film.

This Court finds that Mr. DeCastro did not Obstruct Ofc. Bourque nor did Mr. DeCastro resist arrest. This Court grants the appeal and reverses the convictions based upon First Amendment Protected Conduct.

///

///

///

///

## IV. Conclusion

Having reviewed the record and considered the issues raised on appeal, this Court concludes that reversal is warranted. The Court therefore grants Mr. DeCastro his appeal and reverses the convictions of Count One (1) and Count Two (2).

Dated this ___ day of _________, 20___.

**Dated this 19th day of July, 2024**

MICHELLE LEAVITT
DISTRICT COURT JUDGE

**41E B85 6F03 2C41**
**Michelle Leavitt**
**District Court Judge**