STEVEN B. WOLFSON
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
By: **NICOLE R. MALICH**
Deputy District Attorney
State Bar No. 13180
By: **OLIVIA C. DENUE**
Deputy District Attorney
State Bar No. 16842
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
(702) 455-4761
E-Mail: Olivia.Denue@ClarkCountyDANV.gov
E-Mail: Nicole.Malich@ClarkCountyDANV.gov
*Attorneys for Defendant*
*Ann E. Zimmerman*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA; JUDGE ANN E. ZIMMERMAN in her individual capacity; JUDGE MICHELLE LEAVITT in her individual capacity; AGNES BOTELHO, in her individual capacity; BRANDEN BOURQUE, in his individual capacity,<br><br>Defendants. | Case No: 2:25-cv-00899-APG-BNW<br><br>**REPLY IN SUPPORT OF DEFENDANT ANN E. ZIMMERMAN'S MOTION TO DISMISS** |

Defendant Ann E. Zimmerman, through counsel of record, pursuant to Fed. R. Civ. Pro. 12(b)(6) and the attached memorandum of points and authorities, hereby submits this reply in support of her Motion to Dismiss the operative First Amended Complaint [ECF No. 7] filed against her in this matter.

**POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff's opposition confirms that the challenged conduct arose from Judge Zimmerman's management of the courtroom and adjudication of the criminal case before her. Plaintiff attempts to isolate the direction that he empty his pockets from the courtroom-

recording restriction it enforced. [ECF No. 49 at 6-9]. But judicial immunity turns on the general nature and function of the act, not Plaintiff's characterization of its particular implementation.

The alleged search occurred during Plaintiff's trial, in Judge Zimmerman's courtroom, and was intended to prevent unauthorized recording of those proceedings. [ECF No. 49 at 4]. Directing courtroom personnel to enforce a recording restriction against a party appearing before the court is a judicial act. The order did not lose its judicial character because it was directed to a bailiff, applied specifically to Plaintiff, or allegedly exceeded what was necessary to enforce the restriction.

Further, Plaintiff effectively concedes that sentencing was a judicial act and raises his contrary position only to preserve it for appellate review. [ECF No. 49 at 13-14]. His allegations concerning scheduling, bias, disclosure, retaliation, and coordination likewise cannot overcome absolute immunity. The complaint against Judge Zimmerman should therefore be dismissed in its entirety.

## II. LEGAL ARGUMENT

### A. The opposition confirms that the challenged act was a judicial act.

Plaintiff acknowledges that Judge Zimmerman announced a courtroom rule requiring persons who wished to remain to surrender their phones because only two requests to record the proceedings had been approved. [ECF No. 49 at 4]. He also acknowledges that the direction to empty his pockets was issued during his own trial and arose from his exchange with Judge Zimmerman in open court. *Id.* Those concessions resolve the functional inquiry.

In determining whether conduct is judicial, courts consider whether the act is a normal judicial function, whether it occurred in a judicial setting, whether it concerned a pending case, and whether it arose directly from an encounter with the judge in her official capacity. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999)). Those considerations are construed generously in the judge's favor. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc).

Each consideration supports immunity here. Enforcing restrictions on recording is part of maintaining control over judicial proceedings. The order occurred in court, concerned the trial then pending before Judge Zimmerman, and arose directly from Plaintiff's appearance before her. [ECF No. 49 at 4].

Plaintiff's proposed distinction between a general phone rule and an individualized enforcement order rests on his contention that the former governed everyone in the courtroom while the latter required only him to empty his pockets. [ECF No. 49 at 6-9]. That distinction is artificial. A generally applicable courtroom restriction necessarily requires enforcement against particular persons. The judicial nature of that enforcement does not depend on whether the judge directs a person to surrender a phone, turn it off, leave the courtroom, or establish that the person possesses no unauthorized recording device.

Judicial immunity is determined by the nature and function of the challenged conduct, rather than by examining the particular act in isolation. *Mireles v. Waco*, 502 U.S. 9, 13 (1991) (per curiam). A judge's direction to officers remains judicial when it implements authority over a pending matter, even if the direction is alleged to have been improper or excessive. Plaintiff's allegation that the direction amounted to an unlawful search therefore does not change its function: enforcing courtroom order and the restriction on unauthorized recording during his trial. [ECF No. 49 at 4].

**B. *Mireles* forecloses Plaintiff's attempt to recast courtroom enforcement as law enforcement.**

Plaintiff argues that *Mireles* is distinguishable because the order there secured counsel's attendance, while the order here required Plaintiff to empty his pockets. [ECF No. 49 at 8-9]. That distinction focuses on the precise method rather than the judicial function.

*Mireles* held that a judge retained immunity where officers allegedly used excessive force pursuant to the judge's direction because the direction aided the judge's authority over a pending proceeding and was not taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 12-13. The same principle applies here. Plaintiff's Complaint alleges that Judge Zimmerman directed a bailiff to enforce a restriction on unauthorized recording by a

defendant appearing before her during his trial. [ECF No. 7 ¶¶ 60-61]. Even if the direction was erroneous, unnecessarily intrusive, retaliatory, or beyond Judge Zimmerman's authority, it remained an act taken in aid of her authority over the proceeding.

Plaintiff's reliance on *Gregory v. Tompson* does not alter that conclusion. 500 F.2d 59 (9th Cir. 1974). As Plaintiff describes *Gregory*, the judge personally used physical force to remove an individual from the courtroom. [ECF No. 49 at 6]; *Gregory*, 500 F.2d at 61. However, here Plaintiff does not allege that Judge Zimmerman personally searched Plaintiff or performed a physical law-enforcement act. [ECF No. 7 ¶¶ 60-61]. She issued an order from the bench to courtroom personnel concerning the conduct of a party during a pending trial. That is the judicial function Plaintiff's characterization cannot avoid**.** *Gregory* itself recognized that the judge would have retained immunity had he summoned a sheriff to remove the plaintiff. *Gregory*, 500 F.2d at 64-65.

**C. Alleged constitutional error and improper motive do not defeat immunity.**

Much of the opposition argues that Judge Zimmerman's order violated the First and Fourth Amendments because Plaintiff was singled out based on his YouTube activity. [ECF No. 49 at 6; 8-13]. Those contentions address the alleged legality and motivation of the order, not whether it was judicial.

A judge does not lose judicial immunity because "the action she took was in error, was done maliciously, or was in excess of her authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Immunity is lost only when the judge acts in the clear absence of all jurisdiction. *Id.* at 356-57. Plaintiff expressly acknowledges that improper motive does not, by itself, defeat judicial immunity. [ECF No. 49 at 8-10].

Accordingly, Plaintiff's allegations that Judge Zimmerman referred to his YouTube channel, treated him differently from others, lacked probable cause, or sought to suppress his reporting cannot transform courtroom enforcement into a nonjudicial act. [ECF No. 49 at 6-13]. Those allegations concern the asserted motive, constitutionality, and manner of enforcement. None establishes that Judge Zimmerman acted outside her judicial role or in the clear absence of jurisdiction.

The Court therefore need not reach Plaintiff's extensive merits arguments concerning recording rights, viewpoint discrimination, newsgathering, or the Fourth Amendment. Plaintiff himself recognizes that immunity turns on the nature of the act and argues that the Court need not decide his constitutional merits arguments to resolve the motion. [ECF No. 49 at 10]. Even accepting Plaintiff's allegations as true, absolute judicial immunity bars the claims against Judge Zimmerman.

**D. Plaintiff concedes that sentencing is ordinarily protected by judicial immunity.**

Plaintiff acknowledges that binding authority ordinarily treats the imposition of a sentence as a judicial act and that allegations of malice or coordination with the prosecution do not, by themselves, defeat immunity. [ECF No. 49 at 13-14]. His request to preserve a contrary position for appellate review supplies no basis to deny dismissal.

The allegations concerning the sentence challenge Judge Zimmerman's decision to impose 180 days in custody following Plaintiff's conviction. [ECF No. 49 at 13-14]. Sentencing is a quintessential judicial function. *Davis v. City of Marietta*, 2008 WL 111225 at *2 (S.D. Ohio Jan. 8, 2008). Judicial immunity applies to sentencing decisions even when a sentence is alleged to be improper or is followed by reversal. *Id.*

The prosecutor's recommendation, Judge Zimmerman's alleged comments, the disposition of other cases, and the subsequent reversal of Plaintiff's conviction do not alter the nature of sentencing as a judicial act. At most, those matters concern motive, error, or an asserted excess of authority, none of which defeats immunity.

**E. The remaining allegations are also barred.**

The First Amended Complaint also relies on Judge Zimmerman's scheduling decisions, alleged failure to disclose a prior marriage to a police officer, and alleged coordination with the prosecutor and Officer Bourque. Scheduling and recusal-related decisions are functions performed in adjudicating a pending case. Allegations of bias or conspiracy do not remove those decisions from the protection of judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Mireles*, 502 U.S. at 11.

Allegations that a conspiracy produced a judicial decision do not pierce immunity any more than allegations of bad faith, personal interest, or malevolence. *Ashelman*, 793 F.2d at 1078. Plaintiff's remaining claims against Judge Zimmerman therefore fail for the same reason as his claims arising from the courtroom order and sentence.

**F. Plaintiff's requests concerning relief and amendment do not save his claims.**

Plaintiff states that he no longer pursues injunctive relief against Judge Zimmerman. [ECF No. 7 at 15] [ECF No. 49 at 15]. His requested declaration concerns completed conduct rather than an ongoing violation. Declaratory relief that merely adjudicates alleged past violations without affecting future conduct is not an appropriate exercise of federal jurisdiction. *Bayer v. Neiman Marcus Grp., Inc.,* 861 F.3d 853, 868 (9th Cir. 2017).

Plaintiff's request that dismissal of declaratory relief be without prejudice does not affect the disposition of his damages claims. [ECF No. 49 at 14]. Those claims fail on absolute-immunity grounds and should be dismissed with prejudice because additional factual detail cannot change the judicial nature of the challenged conduct.

Plaintiff proposes to add allegations separating the general phone rule from the individualized order and supplying additional statements from the trial transcripts. [ECF No. 49 at 15-16]. His proposed second amended complaint does so. [ECF No. 47-2]. Those facts, accepted as true, show that Judge Zimmerman issued the challenged order from the bench, to a party, during a trial pending before her, and overruled his objection to it. [ECF No. 49-2 (Ex. 1) at 3:14-22, 5:17-25]. That is a judicial act, so the proposed allegations would not cure the immunity defect, and amendment would be futile as to the claims against Judge Zimmerman. *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013). The reversal of Plaintiff's conviction [ECF No. 49-4] has no bearing on immunity. *Stump*, 435 U.S. at 356-57.

## III. CONCLUSION

Judge Zimmerman is entitled to absolute judicial immunity for each of the alleged acts made in the operative complaint. For this reason, this Court should grant Judge Zimmerman's motion and dismiss all claims against her in the First Amended Complaint. [ECF No. 7]. The

damages claims should be dismissed with prejudice and without leave to amend, and the remaining requests for relief should be dismissed.

DATED this 19th day of November 2026.

STEVEN B. WOLFSON
DISTRICT ATTORNEY

By: */s/ Nicole R. Malich*
**NICOLE R. MALICH**
Deputy District Attorney
State Bar No. 13180
**OLIVIA C. DENUE**
Deputy District Attorney
State Bar No. 16842
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
*Attorney for Ann E. Zimmerman*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that I am an employee of the Office of the Clark County District Attorney and that on this 19th day of November, 2026, I served a true and correct copy of the foregoing (United States District Court Pacer System or the Eighth Judicial District Wiznet), by e-mailing the same to the following recipients. Service of the foregoing document by e-mail is in place of service via the United States Postal Service.

Jose DeCastro
1258 Franklin Ave.,
Santa Monica, CA 90404
*deletelawz@gmail.com*
Plaintiff, Pro Se

*/s/ Afeni Banks*
An Employee of the Clark County District Attorney's Office – Civil Division