STEVEN B. WOLFSON
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
By: **SCOTT DAVIS**
Deputy District Attorney
State Bar No. 10019
By: **OLIVIA C. DENUE**
Deputy District Attorney
State Bar No. 16842
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
(702) 455-4761
E-Mail: Scott.Davis@ClarkCountyDANV.gov
E-Mail: Olivia.Denue@ClarkCountyDANV.gov
*Attorneys for Defendant*
*Clark County*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA; JUDGE ANN E. ZIMMERMAN in her individual capacity; JUDGE MICHELLE LEAVITT in her individual capacity; AGNES BOTELHO, in her individual capacity; BRANDEN BORQUE, in his individual capacity,<br><br>Defendants. | Case No: 2:25-cv-00899-APG-BNW<br><br>**DEFENDANT CLARK COUNTY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF NO. 47) AND MOTION TO EXTEND TIME (ECF NO. 48)** |

Defendant Clark County (the "County"), by and through undersigned counsel, opposes Plaintiff Jose DeCastro's Motion for Leave to File Second Amended Complaint as to Clark County (ECF No. 47) and Motion to Extend Time (ECF No. 48).

## POINTS AND AUTHORITIES

### I. INTRODUCTION

The Court's September 28, 2026 Order established both the permissible scope and the deadline for amendment. Plaintiff complied with neither limitation.

Plaintiff disregarded a clear amendment deadline and now seeks to recast that deliberate

choice as excusable neglect. The Court's September 28, 2026 order authorized Plaintiff to file a second amended complaint asserting *Monell* claims consistent with the order by October 21, 2026. Plaintiff admits that he understood the Court had granted leave only as to the *Monell* claims and that he did not file an amended complaint by the deadline.

Plaintiff's explanation confirms that the failure was intentional rather than inadvertent. Plaintiff admits that he chose to wait until Judges Zimmerman and Leavitt had been served and had responded because he wanted to file one complete amended pleading. Plaintiff knowingly declined to comply with the Court's deadline and waited to see another defendant's dismissal arguments before revising his pleading. That is procedural gamesmanship, not excusable neglect.

The proposed amendment also exceeds the limited leave granted. The proposed complaint seeks to add and reconfigure numerous claims against multiple defendants while again attempting to impose *Monell* liability on Clark County through bailiff theories that do not cure the deficiencies identified by the Court.

Because the *Pioneer* factors weigh against relief, and the proposed *Monell* amendment is futile, any proposed amendment as to Clark County (ECF No. 47) and the motion to extend time (ECF No. 48) should be denied.

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action on May 21, 2025 and filed the First Amended Complaint on June 27, 2025. ECF Nos. 1, 7. Clark County and Botelho moved to dismiss the claims against them, and the Court granted that motion on September 28, 2026. ECF Nos. 16, 38.

The Court dismissed with prejudice Plaintiff's claims against Botelho in her individual capacity and his *Monell* claims against Clark County based on the conduct of LVMPD, Bourque, Zimmerman, and Leavitt. ECF No. 38 at 11-12. Specifically, the Court held that Clark County could not be liable for the conduct of LVMPD or its officers because LVMPD is a separate legal entity. ECF No. 38 at 7. The Court also held that Nevada state courts are arms of the State and that Clark County cannot be held liable for the judges' official actions because the County lacks authority to control those actions. *Id.* at 7-8.

The Court dismissed without prejudice the *Monell* claims based on Botelho's and the bailiff's conduct and authorized a second amended complaint asserting *Monell* claims consistent with the order by October 21, 2026. *Id.* at 12. The Court specifically identified the deficiencies in Plaintiff's bailiff-based theory. *Id.* at n.7.

Plaintiff did not meet the October 21 deadline. ECF No. 48. He concedes he correctly understood the scope of the leave granted but decided he should wait to amend until the judicial defendants had been served and responded. *Id.* at 2. Judge Zimmerman moved to dismiss on October 29, 2026. ECF No. 44. Plaintiff states that he prepared and proposed the second amended complaint after that motion made clear that the pleadings would be tested. ECF No. 48 at 2.

Plaintiff additionally attributes the delay to personal demands. He states that he was working with counsel on an appellate brief due November 27, 2026. *Id.* Those circumstances do not explain why he neither complied with the Court's deadline nor timely sought an extension before it expired.

## III. LEGAL STANDARD

An extension of a deadline sought after its expiration requires a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The inquiry considers the danger of prejudice, the length and effect of the delay, the reason for the delay and whether it was within the movant's reasonable control, and good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Plaintiff's own motion acknowledges that ignorance of procedural requirements or mistakes in construing procedural requirements do not ordinarily constitute excusable neglect. *Id.* at 392; *see also Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884 (9th Cir. 2001).

The court may deny a motion for leave to amend if the amendment appears futile or legally insufficient. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). A complaint must contain sufficient factual allegations to establish a plausible entitlement to relief; labels, conclusions, and formulaic recitations are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## IV. ARGUMENT

### A. Plaintiff has not Established Excusable Neglect.

The Court did not issue an indefinite invitation to amend. It imposed a specific deadline of October 21, 2026. ECF No. 38 at 12:3-5. Plaintiff admits that he missed it. ECF No. 48 at 1.

Because Plaintiff missed the October 21, 2026 deadline, he must satisfy Rule 6(b)(1)(B). That rule permits a post-deadline extension only where the failure to act resulted from excusable neglect. The equitable inquiry considers prejudice, the length and effect of the delay, the reason for the delay, and whether it was within the movant's reasonable control, and good faith. *Pioneer Inv. Servs.*, 507 U.S. at 395. Mistakes in construing procedural requirements do not usually constitute excusable neglect. *Id.* at 392. Each factor weighs against a finding of excusable neglect here.

1. Danger of Prejudice to Clark County

This factor weighs against Plaintiff. This case has already required Clark County to obtain dismissal of inadequately pleaded *Monell* claims. Plaintiff now seeks to revive materially similar theories after disregarding the Court's deadline, while substantially expanding and restructuring the case. Allowing this pleading would force Clark County to respond to an amendment that exceeds the Court's limited authorization and resurrects theories already found to be insufficient.

Plaintiff argues there is no prejudice because no scheduling order has issued. His motion states that the case remains at the pleading stage and that no trial, discovery, or dispositive-motion deadline would be disturbed. ECF No. 48 at 3. But the absence of a scheduling order does not erase the prejudice caused by requiring Clark County to relitigate dismissed theories or reward Plaintiff's decision to wait for another defendant's motion before amending. Allowing that pleading after the deadline would prejudice Clark County by requiring it to respond to a substantially enlarged complaint and to relitigate matters the Court already resolved, including theories tied to actors whose conduct cannot support municipal liability against Clark County. The prejudice is not merely the ordinary burden of answering

an amended pleading; it arises from Plaintiff's effort to use an untimely amendment to exceed the Court's express limitation and reopen the scope of the case.

2. Length of Delay and Impact on Proceedings

The second factor also weighs against Plaintiff. Although Plaintiff characterizes the delay as approximately four weeks, its significance cannot be measured by elapsed time alone. The material point is not merely the number of days. Plaintiff waited until after the deadline, and after Judge Zimmerman filed a motion to dismiss on October 29, 2026, before preparing and submitting the proposed pleading. Plaintiff allowed the deadline to expire without requesting relief and waited until after Zimmerman's motion to dismiss before preparing a new pleading.

Granting an after-the-fact extension under these circumstances would impair the orderly profession of the case and undermine enforcement of a clear, court-ordered deadline. It would compound the delay by requiring review of a sprawling proposed complaint that goes far beyond the amendment permitted by the Court. It would also disrupt the orderly resolution of pending dismissal issues by allowing Plaintiff to revise his allegations in response to arguments presented after the amendment deadline. The resulting impact is neither minimal nor justified.

3. Reason for the Delay and Whether Within Plaintiff's Reasonable Control

In determining whether neglect is excusable, the fault in the delay is "perhaps the most important single factor[.]" *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041 (10th Cir. 1994). Indeed, even where the other three *Pioneer* factors may weigh in favor of a finding of excusable neglect, when the fault in the delay remains with the party seeking an extension and was entirely within that party's control, courts have declined to find excusable neglect. *See United States v. Torres*, 372 F.3d 1159 (10th Cir. 2004).

The reason for the delay is the most significant factor here and weighs strongly against relief. Plaintiff does not claim that he was unaware of the deadline or misunderstood the scope of the Court's authorization. To the contrary, Plaintiff expressly admits that he understood the order granted leave only as to the *Monell* claims. ECF No. 48 at 2.

Instead, Plaintiff chose not to comply because he believed he should wait until the judicial defendants had been served and responded. According to Plaintiff, he believed he should file one complete amended pleading and could not do so until the judicial defendants had responded. ECF No. 48 at 2. Nothing in the Court's order conditioned the October 21 deadline on service or responses by other defendants. The order unambiguously stated that Plaintiff could file a second amended complaint asserting *Monell* claims consistent with the order by October 21, 2025. ECF No. 38 at 12:3-5. When a deadline is clear and unambiguous, a mistake in interpreting that deadline does not constitute excusable neglect. *See Speiser, Krause & Madole P.C*, 271 F.3d at 886-87.

Plaintiff's own account also shows that the delay was strategic. He states that he prepared the complete proposed pleading once Zimmerman's motion made clear that the pleadings would be tested. ECF No. 48 at 2. Plaintiff therefore waited to obtain the benefit of another defendant's dismissal arguments before revising his claims. Rule 6(b)(1)(B) does not permit a litigant to disregard a court-ordered deadline, await an adversary's motion, and then characterize the resulting amendment as excusable neglect.

Plaintiff's personal workload does not alter the analysis. Plaintiff cites the time required for his work with counsel on an appellate brief in another case. *Id.* That commitment was within his control and did not prevent him from requesting an extension before the deadline. Personal scheduling choices do not excuse intentional noncompliance with a known court order.

4. <u>Whether Plaintiff Acted in Good Faith</u>

The fourth factor weighs against Plaintiff because the chronology supports an inference of procedural gamesmanship. Plaintiff did not amend by October 21, Zimmerman moved to dismiss on October 29, and Plaintiff then prepared a new complaint after concluding that his pleadings would be tested. This was not a missed date caused by accident, calendaring error, or an unforeseen circumstance. It was a conscious decision to defer amendment and then revise the pleading after receiving an opponent's arguments.

Plaintiff asserts that he did not delay to obtain an advantage. His motion represents that

he would have filed on time had he understood he could amend before the judicial defendants responded. ECF No. 48 at 3. But his subjective characterization does not overcome the objective record: he understood the Court's limited leave, imposed an unsupported condition of his own, ignored the deadline, and amended only after Zimmerman moved to dismiss. This sequence is incompatible with a finding of excusable neglect.

**B. The Proposed Amendment Exceeds the Court's Limited Leave.**

The motion for leave should independently be denied because the proposed pleading exceeds the scope of the Court's order. The Court authorized only a second amended complaint asserting *Monell* claims consistent with ECF No. 38. ECF No. 38 at 12:3-5. Plaintiff nevertheless proposes a comprehensive new pleading containing seven counts and multiple theories against defendants other than Clark County. ECF No. 47-2 at 13-19.

As to Clark County, the proposed amended exceeds the order by relying on theories already rejected. The Court held that Clark County could not be liable for the judges' actions because Nevada state courts are arms of the State and Clark County lacks power control over the judges' actions. ECF No. 38 at 7, 8. The Court dismissed with prejudice the *Monell* claims based on Zimmerman's and Leavitt's conduct. ECF No. 38 at 8, 11-12.

Although Plaintiff inserts language stating that Clark County is not sued for judicial orders, his proposed municipal claim remains dependent on the same events. The proposed *Monell* count theory still depends on the alleged March 19 search ordered from the bench and on unsupported assertions that unidentified County personnel participated in, approved, or ratified that event. The Court dismissed with prejudice municipal-liability theories based on

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

the judges' conduct. ECF No. 38 at 11-12. Repackaging the challenged judicial conduct as bailiff custom does not bring the proposed amendment within the limited leave granted to cure the deficiencies the Court identified.

## V. CONCLUSION

For the reasons stated herein, Clark County respectfully requests that the Court deny Plaintiff's motion to extend time (ECF No. 48) and deny Plaintiff's motion for leave to file second amended complaint as to Clark County (ECF No. 47).

DATED this day 24th day of November, 2026.

STEVEN B. WOLFSON
DISTRICT ATTORNEY

By: *<u>/s/ Olivia C. Denue</u>*
OLIVIA C. DENUE
Deputy District Attorney
State Bar No. 16842
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
Attorney for Agnes Botelho and Clark County

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that I am an employee of the Office of the Clark County District Attorney and that on this 24th day of November, 2026, I served a true and correct copy of the foregoing DEFENDANT CLARK COUNTY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF NO. 47) AND MOTION TO EXTEND TIME (ECF NO. 48) (United States District Court Pacer System or the Eighth Judicial District Wiznet), by e-mailing the same to the following recipients. Service of the foregoing document by e-mail is in place of service via the United States Postal Service.

Jose DeCastro
1258 Franklin Ave.,
Santa Monica, CA 90404
*deletelawz@gmail.com*
Plaintiff, Pro Se

*/s/ Matilda Sanchez*
An Employee of the Clark County District
Attorney's Office – Civil Division